**EDELSTEIN & GROSSMAN**
Attorneys at Law
501 Fifth Avenue, Suite 514
New York, NY 10007
Tel: (212) 871-0571
Fax: (212) 922-2906
jonathan.edelstein.2@gmail.com
———

November 18, 2015

**VIA ELECTRONIC CASE FILING**
Hon. Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Hamilton v. City of New York et. al.
             Docket No. 15-CV-04574 (CBA) (VMS)

Your Honor:

      I respectfully write on behalf of plaintiff Derrick Hamilton in response to the City Defendants' letter of yesterday, which requests a pre-motion conference. The City Defendants wish to make a Rule 12(b)(6) motion to dismiss plaintiff's negligence claim and his Monell claim.

      In light of Boose v. City of Rochester, 71 A.D.2d 59, 62 (4th Dept. 1979), plaintiff agrees to withdraw his negligence claim as against the City Defendants, thus rendering a motion unnecessary.

      As to the Monell claim, plaintiff cannot stop the City Defendants from moving to dismiss if they so desire. However, as shown below, such a motion at the pleading stage would be destined to fail. Accordingly, plaintiff respectfully requests that this Court (a) not postpone the Rule 26 conference scheduled for December 16, and (b) direct that discovery continue while any motion to dismiss is pending.

      Plaintiff Derrick Hamilton was convicted of the January 1991 murder of Nathaniel Cash in Brooklyn on the sole basis of Jewel Smith's purported eyewitness testimony. There was no other evidence against Mr. Hamilton: no other eyewitnesses; no confessions or incriminating statements; no video footage; no ballistics, fingerprints or other forensic evidence. In fact, Ms. Smith's testimony was perjured and – as she has attested under oath several times – coerced by former NYPD Detective

Louis Scarcella and former KCDA Investigator Joseph Ponzi.

After Mr. Hamilton was convicted, a steady stream of evidence appeared to prove his innocence, including eyewitnesses who identified the actual shooter and several witnesses (including a decorated former New Haven police officer who now runs a cancer charity) who attested that Mr. Hamilton was in New Haven at the time of the shooting. Moreover, beginning in 2013, credible allegations came to light that former Detective Scarcella had engaged in a pattern of corrupt and unconstitutional conduct, including falsification of evidence and coaching and/or coercion of witnesses, in numerous homicide cases. See Complaint, ¶¶ 70-79, 101-09.

In light of the above, the District Attorney's office commenced a reinvestigation which concluded, *inter alia*, that Ms. Smith's trial testimony was contrary to the forensic evidence and therefore untruthful. See id., ¶ 81. The District Attorney's office therefore agreed to exonerate Mr. Hamilton, and on January 9, 2015, the Kings County Supreme Court vacated his conviction and dismissed the indictment. See id., ¶¶ 82-84.

Following his exoneration, plaintiff commenced the instant lawsuit, which includes the Monell claim that the City intends to move to dismiss.

The City appears to be under the misimpression that plaintiff is required to prove or establish the existence of a municipal custom, policy and/or practice at the pleading stage. However, this is not what Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) require. Instead, all plaintiff must do is allege facts rendering it plausible that a municipal custom, policy and/or practice *might* exist, or in other words, to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 570. A Rule 12(b)(6) motion court must proceed "on the assumption that all the factual allegations in the complaint are true, even if their truth seems doubtful." Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), quoting Twombly, 550 U.S. at 555. "Given that the plausibility requirement does not impose a probability requirement at the pleading stage… a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of facts alleged is improbable." Anderson News, 680 F.3d at 185.

The Twombly Court was also at pains to note that it "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The standard of Twombly and Iqbal "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. Id.

Where a Monell claim is at issue, this Court must also be cognizant that neither Twombly nor Iqbal purported to overrule Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), which held that civil rights actions alleging municipal liability are not subject to a heightened pleading standard. The courts recognize that a Monell claim must be pled

without the benefit of discovery. See Amnesty America v. Town of West Hartford, 361 F.3d 113, 130 n. 10 (2d Cir. 2004). Thus, even in the wake of Twombly and Iqbal, numerous courts have continued to hold that civil rights plaintiffs need not plead more than one incident in order to render it plausible that a municipal custom, practice and/or policy might exist. See, e.g., Michael v. County of Nassau, 2010 WL 3237143, *4 n.2 (E.D.N.Y. 2010); Ferrari v. County of Suffolk, 790 F. Supp. 2d 34, 45-46 (E.D.N.Y. 2011); Reyes v. County of Suffolk, 995 F. Supp. 2d 215, 231 (E.D.N.Y. 2014). This alone should compel denial of the City's proposed motion.

But even if this Court were to adopt a stricter approach to post-Iqbal pleading, the plaintiff's allegations amply clear the plausibility threshold. The City argues, for instance, that Scarcella's status as a high-profile homicide detective does not mean that "he reached such status through rampant violations of constitutional rights." See City Ltr. at 2. But this misses the point. First, plaintiff specifically alleged that Scarcella's supervisors knew and approved or acquiesced in his misconduct, which is an allegation of fact that must be taken as true for Rule 12(b)(6) purposes. See Complaint, ¶¶ 103, 107. Second, the fact that Scarcella is credibly alleged to have committed misconduct in *up to 70* cases certainly renders it "plausible" that his supervisors knew and approved, because such widespread misconduct, in homicide cases where more than one detective is typically assigned, is unlikely to remain unknown. Third, the complaint alleges that other homicide detectives at the time committed similar misconduct, again showing that such misconduct was not limited to Scarcella but was widespread throughout the department. See Complaint, ¶ 110. Finally, even prior to Mr. Hamilton's arrest, Judge Francis X. Egitto noted Scarcella's misconduct on the record. Id., ¶ 102. Although the City claims that Judge Egitto did not voice his concerns *to the jury* (as no judge would), the fact remains that the City was put on notice of Scarcella's rampant unconstitutional conduct, and if it chose thereafter to acquiesce in that conduct because of the "context" in which Judge Egitto called it out, that is the City's problem.

Moreover, contrary to the City's contention, plaintiff's allegations concerning failure to train include more than "18 cases where constitutional violations are alleged to have occurred." See City Ltr. at 2. The complaint also cites (a) the misconduct of other officers in non-Scarcella cases, see Complaint, ¶ 110, and the Mollen Commission report, which included *inter alia* a finding that perjury and falsification of evidence was widespread within the NYPD during this period, id., ¶ 112. Even without regard to the 18 cases, this is more than enough to render plaintiff's claims plausible. And even as to the 18 cases, it may of course be inferred that the reported cases are the tip of the iceberg, leading to a reasonable expectation that discovery will reveal more. Hence, any Rule 12(b)(6) motion brought by the City will fail.

Therefore, while plaintiff cannot stop the City from making a motion, the fact that (a) such motion would be weak, and (b) it would relate to only one defendant, militates against delaying the progress of discovery while the motion remains pending. Accordingly, this Court should decline to postpone the preliminary conference scheduled for December 16 and should direct that all parties proceed with discovery notwithstanding the motion.

The Court's consideration in this matter is appreciated.

Sincerely,

/s/

Jonathan I. Edelstein

cc: All Counsel (Via ECF)