UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
DERRICK HAMILTON, : 15 CV 4574 (CBA) (VMS)
:
                Plaintiff, :
:
                                               **DEFENDANT LOUIS**
       -against- : **SCARCELLA'S ANSWER**
: **TO COMPLAINT AND**
THE CITY OF NEW YORK, et al., : **CROSS-CLAIMS**
:
                Defendants. :
-------------------------------------------------------------------------x

        Defendant Police Detective Louis Scarcella (Ret.) ("Det. Scarcella"), by his attorneys, as and for his answer to the complaint and his cross-claims, respectfully alleges as follows, by like-numbered paragraph:

### As to "Parties, Jurisdiction And Venue"

        1. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

        2. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the City of New York ("City") is a municipal entity.

        3. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the City maintains a police department, the New York City Police Department ("NYPD").

        5. Deny each and every allegation, except admit that Det. Scarcella was employed as a police detective with the NYPD.[1]

---

[1] There is no paragraph "4" in the complaint. The complaint skips from paragraph "3" to paragraph "5".

6. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that defendant Frank DeLouisa was employed as a police detective with the NYPD.

7. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that defendant Joseph Ponzi was employed as an investigator with the Kings County District Attorney's Office ("KCDA").

8. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that the City of New Haven ("New Haven") is a municipal entity.

9. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that defendant Billy White was employed as a police officer with the New Haven Police Department.

10. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

11. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

12. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that at all times Det. Scarcella acted within the scope of his employment with the NYPD.

13. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

14. Deny each and every allegation.

15. Deny each and every allegation, except admit that plaintiff purports to make allegations and bring claims as stated therein.

16. Deny each and every allegation, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

17. Deny each and every allegation, except admit that plaintiff purports to base venue as stated therein.

### As to "Notice Of Claim"

18. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that the City has not made any payment to plaintiff.

19. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff has been examined under oath pursuant to Section 50-h of the New York General Municipal Law.

### As to "Jury Demand"

20. Admit that plaintiff purports to demand trial by jury as stated therein.

### As to "Overview"

21. Deny each and every allegation.

22. Deny each and every allegation.

23. Deny each and every allegation.

24. Deny each and every allegation.

25. Deny each and every allegation.

26. Deny each and every allegation.

27. Deny each and every allegation, except admit on information and belief that Jewel Smith ("Smith") purported to recant her testimony.

28. Deny each and every allegation.

29. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that plaintiff was released on parole on or about December 7, 2011.

30. Deny each and every allegation.

31. Respectfully refer the Court to the decision of the Appellate Division, Second Department, at <u>People v. Hamilton</u>, 115 A.D.3d 12, (2nd Dep't 2014), for its full content and meaning.

32. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that the KCDA made a determination that Smith's trial testimony was not credible and agreed to the vacatur of plaintiff's judgment of conviction and the dismissal of the indictment against him.

33. Respectfully refer the Court to Justice Raymond Guzman's ruling on January 9, 2015, for its full content and meaning.

34. Deny each and every allegation.

### As to "Factual Background"

35. Deny each and every allegation, except admit that Nathaniel Cash was shot to death in Brooklyn on January 4, 1991, at approximately 11:00 A.M.

36. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

37. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

38. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

39. Deny each and every allegation.

40. Deny each and every allegation.

41. Deny each and every allegation.

42. Deny each and every allegation.

43. Deny each and every allegation.

44. Deny each and every allegation.

45. Deny each and every allegation.

46. Deny each and every allegation.

47. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Smith's communications with George Sheinberg, Esq., and admit on information and belief that a material witness order was issued for Smith.

48. Deny each and every allegation.

49. Deny each and every allegation.

50. Deny each and every allegation.

51. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that Smith purported to recant her testimony, and respectfully refer the Court to Smith's testimony at the hearing in

question for its full content and meaning.

52. Deny each and every allegation, except admit that Felicia Shuler testified at the hearing in question, and respectfully refer the Court to her testimony at the hearing for its full content and meaning.

53. Deny each and every allegation.

54. Deny each and every allegation, except admit that plaintiff filed a motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10 on or about January 5, 1994, and that the motion was subsequently denied.

55. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to Taseem Douglas' ("Douglas") testimony at the hearing in question for its full content and meaning.

56. Deny each and every allegation.

57. Deny each and every allegation.

58. Deny each and every allegation, except admit that plaintiff presented affidavits from Kelly Turner and Davette Mahan, and respectfully refer the Court to those affidavits and the hearing court's ruling with respect to those affidavits for their full contents and meanings.

59. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff filed a second motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10 on or about September 3, 1998, and a third such motion on or about June 2, 2000, and that both motions were denied.

60. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, except admit that plaintiff's judgment of conviction was affirmed by a decision issued on May 22, 2000, and that his application for leave to appeal was denied on or about November 20, 2000.

61. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 that was denied by a decision issued on January 16, 2004.

62. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff filed another motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10 in or about April 2005, and that the motion was subsequently denied.

63. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

64. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

65. Deny each and every allegation, except admit on information and belief that plaintiff purported to present evidence that he himself claims shows his "actual innocence" and that some of his post-conviction motions were denied after a hearing and some were denied without a hearing.

66. Deny each and every allegation, except admit that Douglas testified at the hearing in question, and respectfully refer the Court to his testimony for its full content and meaning.

67. Deny each and every allegation, and respectfully refer the Court to Douglas'

testimony and the testimony and/or statements of Smith and Detective Frank DeLouisa for their full contents and meanings.

68. Deny each and every allegation, except admit that, in connection with his post-conviction motions, plaintiff presented affidavits from alibi witnesses, and respectfully refer the Court to those affidavits for their full contents and meanings.

69. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny the allegations that "[t]he combination of the credible alibi witnesses and the corroborating documentary proof further establishes that [plaintiff] is innocent of the murder of Nathaniel Cash."

70. Deny each and every allegation.

71. Deny each and every allegation, except admit that David Ranta's judgment of conviction for the 1990 shooting death of Rabbi Chaskel Werzberger was vacated.

72. Deny each and every allegation, and respectfully refer the Court to the statement made by Menachem Lieberman for its full content and meaning.

73. Deny each and every allegation, except admit that Det. Scarcella was one of the detectives assigned to investigate the 1990 shooting death of Rabbi Chaskel Werzberger, and respectfully refer the Court to the episode of "Brooklyn DA" in question for its full content and meaning.

74. Deny each and every allegation, except admit on information and belief that the KCDA has reviewed and may be continuing to review some of the homicide cases that Det. Scarcella had worked on.

75. Deny each and every allegation, and respectfully refer the Court to the article

in question for its full content and meaning.

76. Deny each and every allegation, and respectfully refer the Court to the article and the "internet post" referenced therein for their full contents and meanings.

77. Deny each and every allegation, and respectfully refer the Court to the article in question for its full content and meaning.

78. Deny each and every allegation, and respectfully refer the Court to the article in question for its full content and meaning.

79. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that Sundhe Moses was released on parole.

80. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff filed another motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10 on or about July 7, 2009.

81. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit on information and belief that the KCDA made a determination that Smith's trial testimony was not credible and agreed to the vacatur of plaintiff's judgment of conviction and the dismissal of the indictment against him, and respectfully refer the Court to the decision of the Appellate Division, Second Department, at People v. Hamilton, 115 A.D.3d 12, (2nd Dep't 2014), for its full content and meaning.

82. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully the Court to the statement in question for its full content and meaning.

83. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

84. Respectfully refer the Court to Justice Raymond Guzman's ruling on January 9, 2015, for its full content and meaning.

### As to "First Cause Of Action"

85. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

86. Deny each and every allegation in this paragraph and each and every subpart thereof.

87. Deny each and every allegation.

88. Deny each and every allegation.

89. Deny each and every allegation.

90. Deny each and every allegation.

91. Deny each and every allegation.

92. Deny each and every allegation.

93. Deny each and every allegation.

94. Deny each and every allegation.

### As to "Second Cause Of Action"

95. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

96. Deny each and every allegation.

97. Deny each and every allegation.

98. Deny each and every allegation.

99. Deny each and every allegation.

100. Deny each and every allegation.

101. Deny each and every allegation.

102. Deny each and every allegation, and respectfully refer the Court to Justice Francis X. Egitto's statements for their full content and meaning.

103. Deny each and every allegation.

104. Deny each and every allegation, and respectfully refer the Court to the testimony in question for its full content and meaning.

105. Deny each and every allegation, and respectfully refer the Court to the interview in question for its full content and meaning.

106. Deny each and every allegation.

107. Deny each and every allegation.

108. Deny each and every allegation, and respectfully refer the Court to Justice ShawnDya L. Simpson's statement for its full content and meaning.

109. Deny each and every allegation, and respectfully refer the Court to the findings made by Justice Desmond Greene for their full content and meaning.

110. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning the cases not involving Det. Scarcella cited in this paragraph and the subparts thereof.

111. Deny each and every allegation, and respectfully refer the Court to Investigator Joseph Ponzi's testimony for its full content and meaning.

112. Deny each and every allegation, and respectfully refer the Court to the report referenced therein for its full content and meaning.

113. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation concerning the cases cited in this paragraph and the subparts thereof.

114. Deny each and every allegation.

115. Deny each and every allegation.

116. Deny each and every allegation.

### As to "Third Cause Of Action"

117. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

118. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation regarding the "policies, practices and/or customs of" New Haven.

119. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

120. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

121. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

122. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

123. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny each and every allegation insofar as such allegations are directed or pertain to or could be construed as being directed or pertaining to Det. Scarcella or to any matter relating to the instant case.

124. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

125. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

126. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

127. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

128. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

### As to "Fourth Cause Of Action"

129. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

130. Deny each and every allegation.

131. Deny each and every allegation.

132. Deny each and every allegation. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

133. Deny each and every allegation.

### As to "Fifth Cause Of Action"

134. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

135. Deny each and every allegation.

### As to "Sixth Cause Of Action"

136. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

137. Deny each and every allegation.

### As to "Seventh Cause Of Action"

138 - 141. No response is required as to these paragraph as the Seventh Cause of Action is expected to be dismissed with prejudice pursuant to the so ordering of a stipulation executed by counsel for the plaintiff and Det. Scarcella.

### As to "Eighth Cause Of Action"

142. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

143. Deny each and every allegation

144. Deny each and every allegation.

145. Deny each and every allegation.

146. Deny each and every allegation.

147. Deny each and every allegation.

### As to "Attorneys' Fees"

148.  Deny each and every allegation.

149.  Insofar as any of the allegations in any paragraph of the complaint purports to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### AFFIRMATIVE DEFENSES

A.  The complaint fails to state a cause of action against Det. Scarcella upon which relief may be granted.

B.  Det. Scarcella has not violated any of plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

C.  There was probable cause for plaintiff's arrest.

D.  There was probable cause for plaintiff's prosecution and conviction.

E.  At all relevant times, Det. Scarcella acted reasonably, properly, lawfully, and in good faith.  Det. Scarcella did not at any time act with actual malice.

F.  At all relevant times, Det. Scarcella acted within the scope of his employment.

G.  Det. Scarcella's actions were objectively reasonable under the circumstances of which he was aware.  He is, therefore, entitled to qualified immunity from all liability therefor.

H.  Det. Scarcella's actions did not violate any clearly established constitutional or statutory right of which he was aware or should have been aware.  He is, therefore, entitled to qualified immunity from all liability therefor.

I. All or part of the allegations asserted against Det. Scarcella concern discretionary governmental decisions or functions for which he is immune from liability.

J. Det. Scarcella is entitled to immunity for any error in judgment in the exercise of governmental functions.

K. Plaintiff is not entitled to any punitive damages.

L. Any injury alleged to have been sustained by plaintiff was caused, in whole or in part, by the culpable, intentional, or negligent conduct of plaintiff and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Det. Scarcella.

M. Plaintiff failed to mitigate his damages.

N. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations.

O. To the extent any of the claims against Det. Scarcella is based on his testifying as a witness in any capacity, he is entitled to absolute immunity.

P. To the extent plaintiff asserts claims against Det. Scarcella in his official capacity, such claims are duplicative of the claims against the City.

## CROSS-CLAIMS

## FIRST CROSS-CLAIM

1. If plaintiff was caused to sustain damages as alleged in the complaint due to any carelessness, recklessness, negligence, and/or acts of omission or commission other than plaintiff's own carelessness, recklessness, negligence, and/or acts of omission or commission, said damages were sustained by reason of the carelessness, recklessness, negligence, and/or acts

of omission or commission by each and every one of the other named defendants in this case and their respective agents, servants, and/or employees (collectively referred to herein as "Co-defendants"); and if any judgment is recovered herein by the plaintiff against Det. Scarcella, he will be damaged thereby and the Co-defendants will be responsible therefor in whole or in part.

2. By reason of the foregoing, the Co-defendants will be liable to Det. Scarcella and in the full amount of any recovery had herein by plaintiff or for that proportion thereof caused by the relative responsibility of each of the Co-defendants herein, and the said Co-defendants will be bound to pay any and all fees and disbursements.

## SECOND CROSS-CLAIM

3. Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, the City shall indemnify and save harmless Det. Scarcella in the amount of any judgment or settlement amount obtained against him by the plaintiff because any alleged act or omission from which such judgment or settlement arose would have occurred while he was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained, and any such alleged damages were not caused by Det. Scarcella's intentional wrongdoing or recklessness.

## DEMAND FOR JUDGMENT

WHEREFORE, as to the complaint and cross-claims, defendant Police Detective Louis Scarcella (Ret.) respectfully demands judgment against plaintiff and, if necessary and applicable, the Co-Defendants, as follows:

I. Dismissal of the complaint and denial of all relief requested therein with costs and

       disbursements in favor of Det. Scarcella.

II.     Judgment in favor of Det. Scarcella on his cross-claims against Co-Defendants, only if necessary and applicable.

III.    Such other, further, and different relief as this Court may deem just and proper.

Dated: New York, New York
December 9, 2015

                              Respectfully submitted,

                              LAW OFFICE OF
                              RICHARD E. SIGNORELLI

By:   /s/ Richard E. Signorelli
                              _____
                              Richard E. Signorelli
                              Bryan Ha
                              799 Broadway, Suite 539
                              New York, NY 10003
                              Telephone:   212 254 4218
                              Facsimile:    212 254 1396
                              rsignorelli@nycLITIGATOR.com℠
                              www.nycLITIGATOR.com℠
                              Attorneys for Defendant
                              Police Detective Louis Scarcella (Ret.)


FILING AND SERVICE VIA ELECTRONIC FILING