DERRICK HAMILTON,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DET. LOUIS SCARCELLA, individually and in his capacity as a New York City police officer; DET. FRANK DeLOUISA, individually and in his capacity as a New York City police officer, INV. JOSEPH PONZI, individually and in his capacity as an Investigator for the Kings County District Attorney's Office, JOHN/JANE DOE NOS. 1 through 10, being unknown employees of the City of New York, THE CITY OF NEW HAVEN, POLICE OFFICER BILLY WHITE, individually and in his capacity as a New Haven police officer, and JOHN/JANE DOE NOS. 11 through 20, being unknown employees of the City of New Haven,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

15-cv-4574 (CBA) (VMS)

JURY TRIAL DEMANDED

        Defendants Frank DeLouisa, Joseph Ponzi, and the City of New York, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except state that the City is a municipal corporation organized and existing under the laws of the State of New York.

        3.    Deny the allegations set forth in paragraph "3" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a

complete and accurate description of the relationship between defendant City and the New York City Police Department.

4. There is no paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint except admit that Detective Louis Scarcella was employed by the City of New York as a member of the New York City Police Department.

6. Deny the allegations set forth in paragraph "6" of the complaint except admit that Detective Frank DeLouisa was employed by the City of New York as a member of the New York City Police Department.

7. Deny the allegations set forth in paragraph "7" of the complaint except admit that Investigator Joseph Ponzi was employed by the City of New York as a member of the Kings County District Attorney's Office.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. State that the allegations set forth in paragraph "12" of the complaint, are legal conclusions to which no response is required, to the extent that such a response is required, deny.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff Hamilton purports to bring this action as stated therein.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff Hamilton purports to invoke the jurisdiction of the Court as stated therein.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff Hamilton purports to base venue as stated therein.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 20, 2015, and further admit that, to date, this matter has not been settled or otherwise resolved.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that a hearing pursuant to General Municipal Law § 50-h was held on or about April 23, 2015.

20. State that the allegations set forth in paragraph "20" of the complaint are not averments of fact that require a response.

21. Deny the allegations set forth in paragraph "21" of the complaint, except state that Nathaniel Cash was shot on or about Jan. 4, 1991.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, and respectfully refer the Court to the records of the police investigation, the criminal trial transcripts, and the transcripts of related pre- and post-conviction evidentiary hearings (the "Criminal Proceedings") for a complete statement of the facts reported to the police and the testimony given by the witnesses.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

27. Deny the allegations set forth in paragraph "27" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that Derrick Hamilton was released on parole on December 7, 2011, and respectfully refer the Court to the transcript of the Parole Board hearing for a complete and accurate record of what the Parole Board considered.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that defendant Scarcella participated in the investigation of the shooting of Nathaniel Cash.

31. Deny the allegations set forth in paragraph "31" of the complaint and respectfully refer the Court to *People v. Hamilton*, 115 A.D.3d 12 (2d Dep't 2014) for a full statement of its contents.

32. Deny the allegations set forth in paragraph "32" of the complaint and respectfully refer the Court to the transcript of the January 9, 2015 hearing before the Honorable Raymond Guzman for the complete statement made on behalf of the King County District Attorney's Office regarding its investigation into the conviction of Derrick Hamilton.

33. Admit the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that Nathaniel Cash was shot to death in Brooklyn on or about Jan. 4, 1991.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that defendant DeLouisa participated in the investigation of the shooting of Nathaniel Cash, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

37. Deny the allegations set forth in paragraph "37" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit that Jewel Smith was present at an NYPD precinct.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that Jewel Smith was present at an NYPD precinct.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that Jewel Smith testified at the criminal trial of plaintiff Hamilton, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

49. Deny the allegations set forth in paragraph "49" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that a hearing was held after trial but before sentencing wherein Jewel Smith testified, and

respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that a 330.30 hearing was held wherein Felicia Shuler testified, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

53. Deny the allegations set forth in paragraph "53" of the complaint, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that on or about January 5, 1994, plaintiff Hamilton filed a C.P.L. § 440.10 motion, which was denied after a hearing on April 2, 1996, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that a 440.10 hearing was held wherein Taseem Douglas testified, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

56. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint, except admit that a 440.10 hearing was held wherein defendants Scarcella and White testified, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

59. Admit the allegations set forth in paragraph "59" of the complaint.

60. Admit the allegations set forth in paragraph "60" of the complaint.

61. Admit the allegations set forth in paragraph "61" of the complaint.

62. Admit the allegations set forth in paragraph "62" of the complaint.

63. Admit the allegations set forth in paragraph "63" of the complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

66. Deny the allegations set forth in paragraph "66" of the complaint, except admit that a 440.10 hearing was held wherein Taseem Douglas testified, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

67. Deny the allegations set forth in paragraph "67" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

68. Deny the allegations set forth in paragraph "68" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint, except state that the Kings County District Attorney's Office maintains a unit to investigate convictions, known as the Conviction Integrity Unit.

71. Deny the allegations set forth in paragraph "71" of the complaint and respectfully refer the Court to the record of the *Ranta* proceedings.

72. Deny the allegations set forth in paragraph "72" of the complaint and respectfully refer the Court to the record of the *Ranta* proceedings.

73. Deny the allegations set forth in paragraph "73" of the complaint, except admit that defendant Scarcella participated in the investigation of the Ranta case, and respectfully refer the Court to the television footage cited therein for a full statement of its contents.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint and respectfully refer the Court to the newspaper article referenced therein for a full statement of its contents.

76. Deny the allegations set forth in paragraph "76" of the complaint and respectfully refer the Court to the newspaper article referenced therein for a full statement of its contents.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint and respectfully refer the Court to the newspaper article referenced therein for a full statement of its contents.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint, except admit that on or about July 7, 2009 plaintiff Hamilton filed a C.P.L. § 440.10 motion and respectfully refer the Court to the post-conviction briefing referenced therein.

81. Deny the allegations set forth in paragraph "81" of the complaint and respectfully refer the Court to the opinion of the Appellate Division, Second Department referenced therein, available at *People v. Hamilton*, 115 A.D.3d 12 (2d Dep't 2014), for a full statement of its contents, and the transcript of the January 9, 2015 hearing before the Honorable Raymond Guzman for the complete statement made on behalf of the King County District Attorney's Office regarding its investigation into the conviction of Derrick Hamilton.

82. Deny the allegations set forth in paragraph "82" of the complaint and respectfully refer the Court to the transcript of the January 9, 2015 hearing before the Honorable Raymond Guzman for the complete statement made on behalf of the King County District Attorney's Office regarding its investigation into the conviction of Derrick Hamilton.

83. Admit the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint and respectfully refer the Court to the transcript of the January 9, 2015 hearing before the Honorable Raymond Guzman for a full statement of its contents.

85. In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. State that the allegations set forth in paragraph "87" of the complaint are legal conclusions to which no response is required; to the extent that a response is required, deny.

88. State that the allegations set forth in paragraph "88" of the complaint are legal conclusions to which no response is required; to the extent that a response is required, deny.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and reallege the responses sent forth in the preceding paragraphs of this answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint and respectfully refer the Court to the testimony cited therein for a full statement of its contents.

102. Deny the allegations set forth in paragraph "102" of the complaint and respectfully refer the Court to the proceedings cited therein for a full statement of its contents.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint and respectfully refer the Court to the testimony cited therein for a full statement of its contents..

105. Deny the allegations set forth in paragraph "105" of the complaint and respectfully refer the Court to the television footage cited therein for a full statement of its contents.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint and respectfully refer the Court to the decision quoted therein.

109. Deny the allegations set forth in paragraph "109" of the complaint and respectfully refer the Court to the decision referenced therein.

110. Deny the allegations set forth in paragraph "110" of the complaint, including all subparts, and respectfully refer the Court to the records of the cases cited therein.

111. Deny the allegations set forth in paragraph "111" of the complaint and respectfully refer the Court to the testimony cited therein for a full statement of its contents..

112. Deny the allegations set forth in paragraph "112" of the complaint and respectfully refer the Court to the Mollen Commission Report for a full statement of its contents..

113. Deny the allegations set forth in paragraph "113" of the complaint, including all subparts, and respectfully refer the Court to the decisions cited therein for a full statement of their contents.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. In response to the allegations set forth in paragraph "117" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. Deny the allegations set forth in paragraph "121" of the complaint.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. Deny the allegations set forth in paragraph "123" of the complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. Deny the allegations set forth in paragraph "128" of the complaint.

129. In response to the allegations set forth in paragraph "129" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

130. Deny the allegations set forth in paragraph "130" of the complaint.

131. Deny the allegations set forth in paragraph "131" of the complaint.

132. Deny the allegations set forth in paragraph "132" of the complaint.

133. Deny the allegations set forth in paragraph "133" of the complaint.

134. In response to the allegations set forth in paragraph "134" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

135. Deny the allegations set forth in paragraph "135" of the complaint.

136. In response to the allegations set forth in paragraph "136" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

137. Deny the allegations set forth in paragraph "137" of the complaint.

138. In response to the allegations set forth in paragraph "138" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139. Deny the allegations set forth in paragraph "139" of the complaint.

140. Deny the allegations set forth in paragraph "140" of the complaint.

141. Deny the allegations set forth in paragraph "141" of the complaint.

142. In response to the allegations set forth in paragraph "142" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

143. Deny the allegations set forth in paragraph "143" of the complaint.

144. Deny the allegations set forth in paragraph "144" of the complaint.

145. Deny the allegations set forth in paragraph "145" of the complaint.

146. Deny the allegations set forth in paragraph "146" of the complaint.

147. Deny the allegations set forth in paragraph "147" of the complaint.

148. State that the allegations set forth in paragraph "148" of the complaint are not averments of fact that require a response.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

149. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

150. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New York, Joseph Ponzi, or Frank DeLouisa was not responsible, and was not the proximate result of any act of defendant City of New York, Joseph Ponzi, or Frank DeLouisa.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

151. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

152. Defendants City of New York, Joseph Ponzi, and Frank DeLouisa have not violated any rights, privileges, or immunities under the Constitution or laws of the United

States or the State of New York or any political subdivision thereof, nor has defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

153. Defendants Joseph Ponzi and Frank DeLouisa have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

154. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), et seq.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

155. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

156. At all times relevant to the acts alleged in the complaint, defendants Joseph Ponzi and Frank DeLouisa acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

157. Punitive damages cannot be assessed against defendant City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

158. Plaintiff has failed to mitigate his alleged damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

159. The New York Police Department is not a suable entity.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

160. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

161. This action may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

162. To the extent defendant Joseph Ponzi or Frank DeLouisa is alleged to have acted as a testifying witness in any capacity, he is entitled to absolute immunity.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

163. Defendant Joseph Ponzi is entitled to absolute prosecutorial immunity.

**WHEREFORE,** defendants City of New York, Ponzi, and DeLouisa request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	December 9, 2015

			ZACHARY W. CARTER
			Corporation Counsel of the
			  City of New York
			 *Attorney for Defendants City of New York, Ponzi, and DeLouisa*
			100 Church Street, Room 3-160
			New York, New York 10007
			(212) 356-2572


	By:	          /S/          
			Jeffrey Loperfido
			Angharad K. Wilson
			Assistant Corporation Counsel


cc:	All counsel of record via ECF

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| DERRICK HAMILTON,<br><br>                                                            Plaintiff,<br><br>                              -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DET. LOUIS SCARCELLA, individually and in his capacity as a New York City police officer; DET. FRANK DeLOUISA, individually and in his capacity as a New York City police officer, INV. JOSEPH PONZI, individually and in his capacity as an Investigator for the Kings County District Attorney's Office, JOHN/JANE DOE NOS. 1 through 10, being unknown employees of the City of New York, THE CITY OF NEW HAVEN, POLICE OFFICER BILLY WHITE, individually and in his capacity as a New Haven police officer, and JOHN/JANE DOE NOS. 11 through 20, being unknown employees of the City of New Haven,<br><br>                                                            Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Jeffrey Loperfido*<br>*Tel:  212-356-2384*<br>*Law Manager No. 2015-040082* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.   ........................December 9, 2015*<br><br>............................................................................<br><br>*Attorney for  ........................................................* |