UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DERRICK HAMILTON,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                Defendants.

------------------------------------------------------------------------ x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

15-CV-4574 (CBA) (VMS)

      **WHEREAS**, preparation for trial and trial of the above-captioned action may require the parties to produce certain documents and information that they may deem to be confidential, for "attorneys' eyes only," and/or otherwise inappropriate for public disclosure, including but not limited to investigative files of the New York City Police Department ("NYPD"), the Kings County District Attorney's Office ("KCDA"), and/or the New Haven Police Department ("NHPD") related to the arrest and conviction of plaintiff Derrick Hamilton for the January 4, 1991 shooting death of Nathaniel Cash as described in the complaint filed in this case (hereinafter, "the Incident"); and

      **WHEREAS,** good cause exists for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between attorneys for plaintiff and defendants, as follows:

      1.    As used herein, the "Action" shall mean the lawsuit captioned <u>Derrick Hamilton v. City of New York, et al.</u>, 15-CV-4574 (CBA) (VMS).

      2.    As used herein, "Confidential Materials" shall mean (a) the KCDA's file(s) related to the Incident; (b) the NYPD Detective Squad's investigative file(s) related to the

Incident; (c) the NHPD investigative file(s) related to the Incident and any connected investigation; (d) documents concerning any criminal case that is sealed pursuant to the provisions of the New York State Criminal Procedure Law, with the exception of <u>People v. Hamilton</u>, Indictment # 142/91; (e) documents concerning any criminal investigation and/or prosecution of any individual required to be "erased" under the provisions of the Connecticut Erasure Statute, C.G.S. Sec. 54-142a; and (f) other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Materials by the parties or the Court.

       3.      Confidential Materials shall not be disclosed to any person other than an attorney of record for one of the parties or members of such attorney's staff, except under the following conditions:

    a. Disclosure before trial may be made only to (i) a party, (ii) an expert who has been retained or specially employed by one party's attorneys in anticipation of litigation or preparation for trial of the Action, (iii) a witness at a deposition, or (iv) the Court.

    b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the

disclosing party's attorneys until the conclusion of the Action and all appeals.

4. As used herein, "Confidential Materials – Attorneys' Eyes Only" shall mean (a) personnel files and disciplinary-related records, and records of investigations regarding the conduct of members of any law enforcement agency, including but not limited to the NYPD and KCDA, conducted by the Civilian Complaint Review Board, the NYPD, the KCDA, the Federal Bureau of Investigation, or any other law enforcement agencies; and (b) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials – Attorneys Eyes Only" by the parties or the Court.

5. Confidential Materials – Attorneys' Eyes Only shall not be disclosed to any person other than an attorney of record for one of the parties or members of such attorney's staff, but not plaintiff himself, except under the following conditions:

   a. Disclosure before trial may be made only to (i) an expert who has been retained or specially employed by one party's attorneys in anticipation of litigation or preparation for trial of the Action, or (ii) the Court.

   b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials – Attorneys' Eyes Only for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials – Attorneys' Eyes Only. The signed consent shall

be retained by the disclosing party's attorneys until the conclusion of the Action and all appeals.

6. Attorneys and parties to the Action shall not use the Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only for any purpose other than for the preparation or presentation of that party's claims or defenses in the Action.

7. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

8. In order to designate documents or other material as Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only within the meaning of this order, the Producing Party may affix the legend "Confidential Materials" and/or "Confidential Materials – Attorneys' Eyes Only" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys. The Producing Party may designate as Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

9. If the Receiving Party objects to the designation of particular documents as Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only, they shall state such objection in writing to the Producing Party, and counsel shall endeavor in good faith to resolve such conflict. If the conflict cannot be resolved among the attorneys, the objecting party

shall, within forty-five (45) days of the initial objection, seek an order from the Court to alter the confidential status of the designated information.  Any such materials or information shall be treated as Confidential Materials and/or Confidential Materials – Attorneys Eyes Only until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

        10. Deposition testimony concerning any Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**" and/or "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**."  Such portion of the transcript shall be deemed to be Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only within the meaning of this Stipulation of Confidentiality and Protective Order.

        11. Any party seeking to file papers with the Court that incorporate Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

        12. The parties shall use best efforts to minimize the number and extent of documents filed under seal.  Prior to seeking leave to file a document containing Confidential Materials or Confidential Materials - Attorneys' Eyes Only under seal, a party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to

the filing and whether redaction of the confidential information may eliminate the need for sealing the document. If the information that is confidential is not relevant to the filing and there is no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted. If the information that is confidential is relevant to the filing, the document containing such information may be filed under seal, with the following limitations:

      a. If the document containing Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only is a document prepared or caused to be prepared by a party for the Action, such as an affidavit, memorandum of law or deposition transcript, the parties must publicly file the document with the confidential materials redacted.

      b. If the Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only constitute a small portion of a document, the parties must publicly file the document with the confidential materials redacted.

13. Any party intending to use Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only at trial or any hearing, shall give prior notice to the Producing Party. Upon a showing that Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only may be disclosed at a hearing or at trial, the Court shall evaluate the Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only and impose appropriate safeguards, as necessary, for the presentation of such materials.

14. Nothing in this Stipulation of Confidentiality and Protective Order shall preclude the Producing Party from using for any purpose documents it has produced, or

deposition testimony it has designated, as Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only.

15. Nothing in this Stipulation of Confidentiality and Protective Order shall limit the Producing Party's ability to claim privilege over a portion of a document, or a document in its entirety, nor shall it limit the Producing Party's ability to redact portions of documents designated Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only except that the Producing Party may not redact information that it claims forms the basis of the confidential designations.

16. If, in connection with this Action, a party inadvertently discloses information subject to a claim of attorney-client privilege, work-product protection or any other applicable privilege or protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. The provisions of this Stipulation of Confidentiality and Protective Order shall not apply to documents or other material designated as Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only to the extent that such documents or materials (a) are lawfully obtained from sources other than the Producing Party, or (b) are otherwise publicly available.  Moreover, nothing in this Stipulation of Confidentiality and Protective Order shall be

construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

        19.    This Stipulation of Confidentiality and Protective Order will survive the termination of the Action and will continue to be binding upon all persons to whom Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only are produced or disclosed. All documents that have been deemed Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only pursuant to this Stipulation of Confidentiality and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Upon request by the Producing Party's attorneys, within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only produced by that party or its attorneys, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the Producing Party's attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party's attorneys.

        20.    The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation of Confidentiality and Protective Order at any time.

21. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

EDELSTEIN & GROSSMAN

By: _____
Jonathan Edelstein, Esq.
501 Fifth Avenue, Suite 514
New York, New York 10017
(212) 871-0571
jonathan.edelstein2@gmail.com

*Attorney for Plaintiff*

Dated: New York, New York
December 10, 2015


ZACHARY W. CARTER
Corporation Counsel of the
  City of New York

By: _____
Jeffrey Loperfido, Esq.
Arthur Larkin, Esq.
Angharad K. Wilson, Esq.
100 Church Street
New York, New York 10007
(212) 356-2641
jloperfido@law.nyc.gov

*Attorney for Defendants City of New York,
Det. Frank DeLouisa, and Investigator Joseph Ponzi*

Dated: New York, New York
December ___, 2015

21. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

EDELSTEIN & GROSSMAN

By: _____
Jonathan Edelstein, Esq.
501 Fifth Avenue, Suite 514
New York, New York 10017
(212) 871-0571
jonathan.edelstein2@gmail.com

*Attorney for Plaintiff*

Dated: New York, New York
December __, 2015

ZACHARY W. CARTER
Corporation Counsel of the
City of New York

By: _____
Jeffrey Loperfido, Esq.
Arthur Larkin, Esq.
Angharad K. Wilson, Esq.
100 Church Street
New York, New York 10007
(212) 356-2641
jloperfido@law.nyc.gov

*Attorney for Defendants City of New York,*
*Det. Frank DeLouisa, and Investigator Joseph Ponzi*

Dated: New York, New York
December 10, 2015

9

KARSTEN & TALLBERG, LLC

By: _____
Scott M. Karsten, Esq.
500 Enterprise Drive, Ste. 4B
Rocky Hill, CT 06067
(860) 233-5600
skarsten@kt-lawfirm.com

*Attorney for Defendants City of New Haven, Officer White, and John/Jane Doe Nos. 11 through 20*

Dated: Rocky Hill, Connecticut
       December 9, 2015


LAW OFFICE OF
RICHARD E. SIGNORELLI

By: _____
Richard E. Signorelli, Esq.
799 Broadway, Suite 539
New York, New York 10003
(212) 254-4218
rsignorelli@nycLITIGATOR.com

*Attorney for Defendant Det. Louis Scarcella*

Dated: New York, New York
       December ___, 2015



**SO ORDERED:**


_____
HON. VERA M. SCANLON, U.S.M.J.

December ___, 2015

KARSTEN & TALLBERG, LLC

By: _____
Scott M. Karsten, Esq.
500 Enterprise Drive, Ste. 4B
Rocky Hill, CT 06067
(860) 233-5600
skarsten@kt-lawfirm.com

*Attorney for Defendants City of New Haven, Officer White, and John/Jane Doe Nos. 11 through 20*

Dated: Rocky Hill, Connecticut
December ___, 2015


LAW OFFICE OF
RICHARD E. SIGNORELLI

By: _____
Richard E. Signorelli, Esq.
799 Broadway, Suite 539
New York, New York 10003
(212) 254-4218
rsignorelli@nycLITIGATOR.com

*Attorney for Defendant Det. Louis Scarcella*

Dated: New York, New York
December 9, 2015



**SO ORDERED:**


_____
HON. VERA M. SCANLON, U.S.M.J.

December ___, 2015

10

## **EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order entered in the United States District Court for the Eastern District of New York dated _____, 2015, in the action entitled <u>Derrick Hamilton v. City of New York, et al.</u>, 15-CV-4574 (CBA) (VMS) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials and/or Confidential Materials – Attorneys' Eyes Only defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, will not further disclose the Confidential Materials – Attorneys' Eyes Only, and will only disclose the Confidential Materials in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |