# EDELSTEIN & GROSSMAN
Attorneys at Law
501 Fifth Avenue, Suite 514
New York, NY 10017
Tel: (212) 871-0571
Fax: (212) 922-2906
jonathan.edelstein.2@gmail.com
_____

April 7, 2016

**VIA ELECTRONIC CASE FILING**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: Hamilton v. City of New York et. al., 15-CV-4574 (CBA) (VMS)

Your Honor:

  Pursuant to the Court's order of March 22, 2016, I respectfully submit this joint status letter on behalf of all parties.

  The parties have made considerable progress in conducting discovery. All parties have served document demands and interrogatories. Voluminous records concerning the plaintiff's underlying conviction and post-conviction proceedings have been exchanged. The New York City defendants have recently provided approximately 5000 pages of additional documents, which counsel for the plaintiff is now in the process of reviewing. The plaintiff has responded to the discovery demands and interrogatories served by all defendants and has provided authorizations for his medical records, employment records, correctional records and court file. The New York City defendants have forwarded the executed authorizations to the relevant non-party custodians and intend to produce responsive material to the other parties upon receipt.

  The discovery process has, however, revealed several areas of disagreement, and although the parties have corresponded extensively in an attempt to resolve the disputed issues, it appears that judicial resolution will be required for at least some of them. The following are the areas of disagreement:

   \*  Whether the plaintiff is required to produce tax returns and
     IRS authorizations. The undersigned has been discussing

this issue with co-counsel and the plaintiff, and it is hoped that this issue will be resolved before the April 13 telephone conference without the need for judicial intervention.

*   Whether, and to what extent, the defendants are required to produce personnel files, internal affairs files and/or civilian complaint files with respect to the named individual defendants. In addition, with respect to defendant Scarcella, whether the defendants are required to produce his personnel file from the Department of Education, where he worked after his retirement from the NYPD.

*   Whether, and to what extent, the New York City defendants are required to produce their files, including, specifically, the files of the Brooklyn District Attorney's Office Conviction Review Unit and/or the NYPD, relating to criminal cases that involved Scarcella in which exonerations have occurred.

*   Whether, and to what extent, the defendants are required to produce documents relating to the confidential informant status of Jewel Smith and/or Alphonso Dixon. The plaintiff has agreed to table this issue until after defendants Scarcella and White are deposed, but is not waiving his right to pursue the issue at a later date.

*   Whether the New Haven defendants are required to produce documents detailing contact between their employees and prospective witnesses in the Hamilton criminal case. The parties note that they have made some progress toward narrowing this demand but have not yet agreed on compromise language.

*   Finally, the New Haven defendants have recently represented that they have conducted a search for documents and have found "none… [that are] responsive to any DI demand that has not been objected to." Upon request for clarification, counsel for the New Haven defendants has informed the undersigned that records relating to an arrest "which has, by operation of law, been erased" are sealed, and the plaintiff has stated that he will consent to disclosure of the same. In addition, the New Haven defendants have not responded to the plaintiff's interrogatories which call for identification of persons involved in the Hamilton matter and/or identification of

communications and documents.

In light of the above, as well as the fact that the undersigned will require time to review all 5000 pages recently produced by the New York City defendants, the parties submit that further time is necessary to conduct depositions and complete discovery. In addition, the parties respectfully request that whatever discovery disputes remain after the April 13 conference be resolved via the ordinary rules of motion practice (albeit with an expedited briefing schedule) rather than the Rule 37 rules, because the page limits specified by Rule 37 are not sufficient to lay out and brief the complex issues involved.

The Court's consideration in this matter is appreciated.

Respectfully submitted,

/s/

Jonathan I. Edelstein

cc: All Counsel (Via ECF)