

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

JEFFREY LOPERFIDO
*Senior Counsel*
Phone: (212) 356-2384
Fax: (212) 356-3509
jloperfido@law.nyc.gov

November 18, 2016

**BY ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

Re:   <u>Derrick Hamilton v. City of New York, et al.</u>, 15 CV 04574 (CBA) (VMS)

Your Honor:

I am senior counsel in the New York City Law Department, attorney for Defendants the City of New York, Frank DeLouisa, and Joseph Ponzi in the above-referenced matter. I write on behalf of all parties to request an enlargement of the discovery schedule entered in this matter. Specifically, the parties request that the interim and final deadlines for depositions—i.e., October 7, 2016 for non-party liability witnesses, November 18, 2016 for liability party witnesses, and December 21, 2016 for damage witnesses and treating physicians (see Dkt. 48)—be modified such that the parties have until February 24, 2017 to complete all depositions in this case. This is the second request to modify the discovery schedule. The first was a joint application by all parties resulting in the schedule ordered on July 12, 2016 (Dkt. 48) following a discovery conference before Your Honor.

By way of brief background, the litigants have continued to be actively engaged in discovery in this matter. Since the prior conference on September 27, 2016, defendants have made available to plaintiff the CRU and IAB records subject to the Court's September 27 Order (Dkt. 52) and the parties have conducted three additional non-party depositions. To date, the parties have exchanged thousands of pages of documents and conducted numerous depositions, including three non-party depositions in North Carolina, two in Connecticut, and three in New York. Two additional non-party depositions are expected to go forward by the end of this month and defendants are pursuing an additional two to three non-party depositions of witnesses believed to have information relevant to both liability and damages. The parties also have recently exchanged follow-up written discovery requests based on the non-party testimony given. The parties are working in good faith to narrow the scope of any disagreements concerning those requests and remain hopeful that any issues can be resolved without judicial intervention. To the

extent certain disagreements cannot be resolved by the parties, they will be raised at the status conference scheduled in this matter for December 6, 2016 at 11 AM.

With regard to the instant request, the parties are in the process of creating a plan for the party depositions that accounts for the schedules of the witnesses and counsel. Setting this deposition schedule has proven more difficult than expected due to unexpected delays in deposing certain non-party witnesses,[1] conflicts with other case deadlines, the upcoming holiday season, and a personal matter that will hinder the ability for plaintiff to take defendant depositions in the month of December. Given these circumstances, the parties are working to finalize dates for the depositions of the defendants and as well as the deposition of plaintiff. The New York City Defendants anticipate producing defendant Ponzi for a deposition on December 2 and defendant DeLouisa on January 26. The other parties are targeting dates towards the end of January and February. Additional non-party depositions are likely to go forward in December.

Accordingly, for the reasons stated above, the parties request this two month enlargement of time to complete depositions in this matter. Should your Honor grant the requested relief, the parties respectfully request corresponding adjournments of time to commence dispositive motion practice at the close of all discovery.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/
Jeffrey Loperfido
Senior Counsel

cc: All counsel of record via ECF

---

[1] For example, one of the non-party witnesses prematurely terminated her deposition on August 15, 2016. After threat of a court order, a continued deposition date (September 29, 2016) was agreed to by the witness. On the evening before that date, defendants learned through plaintiff's counsel that the witness needed to cancel the deposition because of a work conflict. The witness then agreed to proceeding with the deposition on November 16, 2016. Unfortunately, the night before the deposition, the witness informed the litigants that she would not appear for the deposition because of a personal matter. The parties are again trying for a new date.

2