# EDELSTEIN & GROSSMAN
Attorneys at Law
501 Fifth Avenue, Suite 514
New York, NY 10017
Tel: (212) 871-0571
Fax: (212) 922-2906
jonathan.edelstein.2@gmail.com
_____

March 22, 2017

**VIA ELECTRONIC CASE FILING**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re: Hamilton v. City of New York et. al., 15-CV-4574 (CBA) (VMS)</u>

Your Honor:

     Pursuant to the Court's directive of March 3, 2017, I respectfully submit this joint status letter in advance of the telephone conference scheduled for March 24, 2017.  This letter has been circulated to all parties for comment prior to being filed.

     All party depositions have now been completed except for that of former New Haven Police Lt. Billy White.  The parties attempted to schedule this deposition for late March 2017 but were unable to do so because defense counsel were unavailable in late March.  Accordingly, with the Court's permission, the parties will conduct Lt. White's deposition in April.

     Pursuant to the orders issued after the December 6, 2016 conference (Doc. 56) and after the January 6, 2017 telephone conference (Doc. 57), the plaintiff has located and turned over responsive emails to defense counsel.  The undersigned also subpoenaed the plaintiff's call and text logs from T Mobile on January 9, 2017.  On March 21, the undersigned spoke to Cynthia at the T Mobile legal compliance department (T Mobile does not give out its employees' last names) and was told that there was a backlog but that production should be forthcoming in two to three business days.  Subsequently, on March 22, I was informed by T Mobile that the bulk of the logs had been sent to my office via two-day UPS and that the records for January and February 2015 (which are considered "archived") would be shipped to me upon payment of $50.  I therefore expect to have the records in hand in the near future and, upon receiving them, will create a searchable PDF that can be reviewed for calls to the relevant telephone numbers.

1

The plaintiff represents that he does not use Twitter or other social media beyond those discussed at the December 6 and January 6 conferences.

The undersigned has provided last known contact information for non-party witnesses Sharon Goodwin and Kim Freeman as directed at the last conference.

At the plaintiff's deposition on March 20, 2017, defense counsel requested production of (a) the Stipulation of Settlement in his New York State Court of Claims litigation; and (b) his 2016 Form 1099 from the Novo Law Firm. The plaintiff has produced the former and will produce the latter when obtained from the Novo Law Firm's accountant. Counsel for defendants have also requested information concerning payments to Mr. Hamilton by the law firm of Wisell & McGee, which Mr. Hamilton testified employed him for a period after his release from prison. The plaintiff has agreed to provide defendants with a release for those records. Finally, plaintiff testified at his deposition that some of the compensation reflected in his 2015 Form 1099 from the Novo Law Firm constituted reimbursement for expenses he incurred in the course of his employment with that firm. Defendants have requested documentation of those expenses, and plaintiff has requested that documentation from the Novo Law Firm. The parties have agreed that the undersigned will review those documents upon receipt and that the plaintiff reserves the right to make appropriate objections, in particular with regards to those expenses which may implicate privileged information.

The plaintiff has repeated his demand that the City of New Haven produce the personnel and disciplinary files of Lt. White in advance of his deposition. Plaintiff's position is that the production of such records as to all individual defendants was previously ordered by the Court. To date, plaintiff has not received these records.

At the recently-completed depositions of non-parties Mattie Dixon and Lee Marvin Benton, counsel for the City of New Haven inquired about a shooting incident that allegedly occurred in New Haven in May 1989 and questioned the witnesses about documents that apparently came from the court file. Upon information and belief, this case was closed without charges against Mr. Hamilton after the alleged victim ruled him out as the shooter. Accordingly, the plaintiff has called, by demand dated February 27, 2017, for production of the complete police and court file relating to this incident. Plaintiff will consent to designate these records as confidential under the existing protective order. Plaintiff has not received these records.

The position of the New Haven defendants as to the disclosure set forth in the above two paragraphs is as follows: The New Haven defendants respectfully disagree that the entire personnel and disciplinary file of Lt. White have been ordered, or should be ordered, produced. First, there has been no admissible evidence adduced in this case to establish that White did anything culpable to anyone, insofar as any effect on plaintiff's trial is concerned. Second, while Lt. White took a felony conviction for theft of government property, that event occurred in 1996-97—years after the trial and conviction of the plaintiff. Finally, while <u>Monell</u> discovery was expressly reserved by stipulated order pending a finding of liability on the part of an individual defendant, the court did order production of potential 404(b) evidence, which is what is sought from Scarcella and White. With regard to Mr. White, any such actual evidence is in the hands of

the DOJ/FBI, and not the NHPD. No court in this Circuit of which the New Haven defendants are aware has ever ordered the blanket production of an entire personnel file of a police defendant, and defendants contend that this case presents no cause for doing so.

As to the May 1989 shooting, the New Haven defendants represent that the three exhibits marked at the Mattie Dixon deposition constitute the complete set of records from the NHPD that the defendants' counsel were provided, including all police reports. As the parties are aware, there was no criminal prosecution, and there are thus apparently no court records.

The parties anticipate completing expert discovery within the June 30, 2017 deadline set by the Court in the scheduling order of January 6, 2017 (Doc. 57). However, in light of the progress of plaintiff's expert consultation, plaintiff will request an additional two weeks (until April 14, 2017) to provide initial expert disclosures. It is not anticipated that plaintiff will request an extension of time to provide expert *reports*.

The Court's consideration in this matter is appreciated.

                                                        Respectfully submitted,

                                                        /s/

                                                        Jonathan I. Edelstein

cc:     All Counsel (Via ECF)