

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ANGHARAD WILSON<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2572<br>Fax: (212) 356-3509<br>awilson@law.nyc.gov |

July 12, 2017

**BY ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

      Re:    <u>Derrick Hamilton v. City of New York, et al.</u>, 15 CV 04574 (CBA) (VMS)

Your Honor:

      I am an Assistant Corporation Counsel in the New York City Law Department, attorney for Defendants the City of New York, Frank DeLouisa, and Joseph Ponzi in the above-referenced matter. I write on behalf of the New York City defendants to compel the production of certain financial records concerning the income received by Mr. Hamilton from his employer, the Novo Law Firm, in 2014, 2015 and 2016. Plaintiff's counsel has repeatedly represented that these documents would be produced since they were requested during Mr. Hamilton's deposition, on March 20, 2017, but have, to date, failed to do so. A brief history of the present dispute is outlined below.

      Defendants' original written discovery requests, which were served on January 19, 2016, requested the production of plaintiff's tax returns. Plaintiff objected to the production of a release to the IRS. On April 19, 2016, following argument on the issue, the Court ordered plaintiff to provide an IRS authorization for three years prior to his arrest through the present by April 29, 2016 (DE # 45). On December 6, 2016, the Court ordered plaintiff to produce records related to his employment by the end of December. In early February 2017, defendants received copies of 1099 forms for Mr. Hamilton from the Novo Law Firm for tax years 2014 and 2015. On March 27, 2017, this office received a 1099 form from the Novo Law Firm for the tax year 2016.

      At Mr. Hamilton's deposition on March 20, 2017, he testified that the amount that he was paid on his 2015 1099 Form from the Novo Law Firm included approximately $100,000 annually in reimbursements for expenses incurred in the course of his employment with the firm. He further explained that these purported reimbursements (for which he maintained no receipts) accounted for the substantial increase in his reported income from 2014 to 2015. Defense

counsel called for the production of those records and followed up with a request in writing. In the joint letter to the Court filed on March 22, 2017 at DE # 60, plaintiff's counsel, Jonathan Edelstein, represented the following:

> Finally, plaintiff testified at his deposition that some of the compensation reflected in his 2015 Form 1099 from the Novo Law Firm constituted reimbursement for expenses he incurred in the course of his employment with that firm. Defendants have requested documentation of those expenses, and plaintiff has requested that documentation from the Novo Law Firm. The parties have agreed that the undersigned will review those documents upon receipt and that the plaintiff reserves the right to make appropriate objections, in particular with regards to those expenses which may implicate privileged information.

At the subsequent telephone conference before Your Honor on March 24, 2017, plaintiff's counsel once again stated that he was in the process of requesting the documents, and represented that he was working with Ellie Silverman, Esq., from the Novo Law Firm, attorney of record for plaintiff in the present matter.

> THE COURT: So what do you think the time line is for that?
> MR. EDELSTEIN: I have asked the Novo law firm to expedite this. Once I get the records, I do not anticipate that my review is going to take a long time. I would anticipate in fact that I would be able to conduct the review within a couple of days of getting the records. It's really a matter of lighting a firecracker under the Novo law firm's accountant and making sure that they produce these documents as soon as possible.
> THE COURT: Why don't you encourage them to move it along since you're seeking to wrap up all the discovery here.

Defendants have subsequently made multiple requests for these records but have not received any to date.

Subsequently, on May 19, 2017, defendants received the expert report of plaintiff's damages expert, Kristin Kucsma. That report included the following line: "It is reported that, for the years 2015 and 2016, plaintiff's total 1099 income includes budget funds for the Innocence Project of approximately $100,000 in each year. [SOURCE: telephone discussion with counsel on May 26, 2017.]" In light of that disclosure, counsel for defendants again requested the production of any substantiating records, on the grounds that they were now also independently discoverable under Fed. R. Civ. P. 26(a)(2) & 26(b)(4)(C) as information upon which plaintiff's expert relied. Plaintiff's counsel, Jonathan Edelstein, has represented that he will produce these documents, but has not provided defendants with a date certain or any other information about them.

As Your Honor has previously held, these records are probative and relevant to Mr. Hamilton's lost income claim and thus discoverable. We therefore respectfully request an order from the Court compelling the production of these documents by July 21, 2017 or, failing that, an affidavit explaining why these records cannot be produced and stating what information was

provided to plaintiff's damages expert. Should plaintiff be unable or unwilling to adhere to the Court's directive, the New York defendants intend to pursue an appropriate sanction pursuant to Fed. R. Civ. P. 37(b).

    We thank the Court for its consideration of this matter.

                     Respectfully submitted,

                       /s/
                     Angharad Wilson
                     Assistant Corporation Counsel

cc:  All counsel of record via ECF