# KARSTEN & TALLBERG, LLC
ATTORNEYS AT LAW
www.kt-lawfirm.com

Scott M. Karsten  
James N. Tallberg

Patrick D. Allen  
Kateryna Lagun  
Dennis M. Durao

500 Enterprise Dr., Suite 4B  
Rocky Hill, CT 06067

Telephone (860)233-5600  
Telecopier (860)233-5800

November 27, 2017

The Honorable Carol Bagley Amon  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re: **Derrick Hamilton v. City of New York, et al.**  
**1:15CV4574(CBA)(SJB)**

Dear Judge Amon:

This firm represents defendants City of New Haven (the "City"), former Police Officer William White ("Officer White") and John/Jane Does Nos. 11 through 20 (collectively, the "New Haven defendants") in the above-referenced action. We write to respectfully request a pre-motion conference so that the New Haven defendants may file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The evidence adduced to date demonstrates the lack of a factual basis on which to hold any New Haven defendant liable in this case.

As background, plaintiff was convicted of second-degree murder in June 1992. In January 2015, the King County Supreme Court (Guzman, J.) granted plaintiff's C.P.L. § 440 motion and vacated his conviction. Plaintiff subsequently brought this action. In his operative complaint, dated August 5, 2015 [Doc. 1], plaintiff has alleged that he was denied a fair trial, falsely arrested and maliciously prosecuted in violation of certain of his constitutional rights, as enforced pursuant to 42 U.S.C. § 1983. Plaintiff has also asserted that the City is liable under § 1983 for an unconstitutional policy or practice that was deliberately indifferent to his civil rights. He has likewise presented a claim for conspiracy under § 1985 against all defendants, and has set forth a battery of state law claims, including for false imprisonment and malicious prosecution.[1] The New Haven defendants submit this letter in anticipation of their motion for summary judgment as to all of plaintiff's claims against them.

### A. The Fair Trial Claim

Plaintiff asserts a fair trial claim, alleging that the individual New Haven defendants intimidated certain alibi witnesses for plaintiff's trial and fabricated evidence to discredit a witness in a 1995 post-conviction hearing. It is undisputed that plaintiff knew or should have known of the claim that Officer White allegedly threatened an alibi witness at latest in October 2009, when Mattie Dixon (the wife of the witness) authored an affidavit in which she made this claim about Officer White. Because a fair trial claim premised on fabricated

---

[1] Plaintiff had presented a claim for negligence that was dismissed by stipulation of the parties [Doc. 34]. The plaintiff's claim for municipal liability under § 1983 has been reserved pending resolution of the individual defendants' liability [Doc. 28 at 2]. As such, neither of these claims is addressed in this letter.

evidence accrues when the plaintiff knew or should have known that the evidence was fabricated, this claim is time-barred. Bailey v. City of New York, 79 F. Supp. 3d 424, 444 (E.D.N.Y. 2015). Further, the only allegedly intimidated witness, Alphonso Dixon, attested in June 1992 that his unavailability to testify was due to a medically-imposed travel restriction, the truthfulness of which assertion has not been disputed. Moreover, plaintiff's alibi and additional supporting witnesses were set forth in that same affidavit, and neither plaintiff nor his counsel chose to work up that portion of the defense – a tactical decision that cannot be transformed into § 1983 liability.

What is more, plaintiff's claim that defendant White fabricated evidence and perjured himself to discredit a witness during a 1995 § 440.10 Motion hearing is unsustainable. First, Officer White is entitled to absolute immunity on any claim stemming from his testimony. Briscoe v. LaHue, 460 U.S. 325, 343-44 (1983); Morales v. City of N.Y., 752 F.3d 234, 238 (2d Cir. 2014). Second, plaintiff has not identified any "fabricated evidence" aside from the claimed perjurious testimony. Indeed, a simple review of the transcripts from those § 440.10 proceedings proves this; and as the court noted at the time, the witness' (Taseem Douglas) credibility was significantly impaired by (1) his prior inconsistent statements to police about being present at the scene of the shooting; (2) his description of where the shooting occurred, which was belied by physical evidence; and (3) his claim of not knowing plaintiff at the time of the shooting, despite knowing plaintiff's brother. White's testimony about whether Detective Scarcella spoke with Douglas at a Connecticut prison on July 2, 1992 was of negligible importance, if any, to Douglas' lack of credibility, much less the success of plaintiff's motion.

### B. False Arrest Pursuant to § 1983 And State Law

Plaintiff's § 1983 false arrest claim is barred by the three-year statute of limitations, which began to accrue when he was arraigned on or about March 23, 1991. See Bailey, 79 F. Supp. 3d at 454. Additionally, plaintiff has readily admitted that he was arrested in Connecticut on a fugitive warrant, pursuant to Connecticut General Statutes § 54-169, and he has not challenged the validity of that warrant; instead, he attacks only the lawfulness of the New York murder warrant. Since there was a warrant for plaintiff's arrest in New York, and because he was outside that jurisdiction, the fugitive warrant pursuant to which he was arrested in Connecticut was supported by probable cause, or, at a minimum, arguable probable cause, such that the New Haven defendants are entitled to judgment. As to the New York warrant, no New Haven defendant was personally involved in its procurement or the arrest authorized by it, and no one can be held liable under § 1983. See Jones v. Parmley, No. 16-3603-cv, 2017 WL 4994468, at *3 (2d Cir. Nov. 2, 2017) (summary order). And no matter whether analyzed under Connecticut or New York law, plaintiff's state law false imprisonment claim rises and falls with its § 1983 analog. Vumbaca v. Terminal One Group Ass'n L.P., 859 F. Supp. 2d 343, 361 (E.D.N.Y. 2012); Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003).

### C. § 1983 And Common Law Malicious Prosecution

The probable cause delineated above – or at least the reasonable belief therein – serves as an absolute defense to plaintiff's malicious prosecution claim. See Betts v. Shearman, 751 F.3d 78, 83 (2d Cir. 2014). That there is no evidence of any New Haven defendant initiating or continuing the complained-of prosecution also plagues the viability of this claim insofar as it relates to the murder arrest. In particular, no New Haven defendant brought charges against plaintiff, nor did any of them have him arraigned. There is likewise an absence of evidence that White fabricated evidence and forwarded it to the D.A. for use in plaintiff's prosecution. His claimed perjury does not engender § 1983 liability, and the allegation that he fabricated evidence with regard to that proceeding is not supported by even a minimal evidentiary basis. Plaintiff's state

law malicious prosecution claim fails for these same reasons. See Genovese v. County of Suffolk, 128 F. Supp. 3d 661, 668 (E.D.N.Y. 2015).

### D. Conspiracy Under § 1985

Plaintiff's § 1985 conspiracy claim stems from the New Haven defendants' alleged efforts to procure the absence of certain alibi witnesses. Aside from this assertion finding no support in the anticipated record, plaintiff knew of the only claimed instance of intimidation in October 2009, meaning that this claim was first presented well outside the applicable three-year limitations period. See Allen v. Antal, 665 Fed. Appx. 9, 12 (2d Cir. 2016) (summary order). Moreover, there is not a mote of evidence even suggesting a discriminatory motive on the part of these defendants. With these substantive items wanting, judgment should enter in the New Haven defendants' favor.

### E. John/Jane Doe Defendants Nos. 11-20

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff had 120 days from the date he filed his complaint, August 5, 2015, to serve the Doe defendants with notice that there was a lawsuit against them. Plaintiff has yet to identify a John or Jane Doe, or serve them with process. On this basis alone, judgment is proper. See Minney v. Kradas, No. 3:01–CV–1543EBB, 2004 WL 725330, at *3 (D. Conn. Mar. 31, 2004) (granting summary judgment against unnamed defendants for lack of service of process in accordance with Rule 4(m)); see also Cammick v. City of New York, No. 96 Civ. 4374(RPP), 1998 WL 796452, at *1 (S.D.N.Y. Nov. 17, 1998) (same).

We thank the Court for its time and consideration.

Very truly yours,

Scott M. Karsten

Dennis M. Durao

SMK/dmd