# LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York  10003
Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠

January 2, 2018

**Via ECF**
Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Hamilton v. The City of New York et al.</u>, 15 CV 4574 (CBA) (SJB)

Dear Judge Amon:

  Our office represents defendant Police Detective Louis Scarcella (Ret.) in the above-referenced action.  We write to respectfully request a pre-motion conference in connection with Det. Scarcella's anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56.

  Plaintiff asserts claims against Det. Scarcella for violations of plaintiff's constitutional rights under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985, and false imprisonment and malicious prosecution under state law.  The claims are based primarily on allegations that Det. Scarcella: (1) threatened and coerced a witness named Jewel Smith to falsely incriminate plaintiff in the shooting death of Nathaniel Cash; (2) testified falsely at a state post-conviction hearing that he did not threaten and coerce Smith and that Smith's subsequent recantation of her testimony against plaintiff was due to her fear of plaintiff and/or his family; and (3) conspired with co-defendant Billy White and others to threaten and intimidate potential alibi witnesses so that they would not testify on behalf of plaintiff at his trial.

  For reasons including those outlined below, the claims against Det. Scarcella are not supported by any credible evidence sufficient to create a triable issue of fact.

  1. <u>The Alleged Threatening And Coercion Of Jewel Smith</u>

  Plaintiff alleges that Det. Scarcella and others threatened and coerced Smith to: (a) make false statements at the police precinct identifying plaintiff as the shooter; and (b) testify falsely before the grand jury and at trial that plaintiff was the shooter.

  The allegations that Det. Scarcella threatened and coerced Smith at the police precinct are based entirely on Smith's testimony.  However, there is a 23-minute long audio

recording of the highly detailed statements given by Smith at the precinct that completely refutes her allegations that her statements were scripted and coerced from her by Det. Scarcella. Significantly, her statements were made in the presence of two assistant district attorneys and another police detective. It is simply impossible that Det. Scarcella (or anyone else) could have scripted and put in Smith's mouth the extraordinarily detailed statements she made in the presence of those individuals that were captured on the audio recording. Her later testimony otherwise is patently implausible. It is well-established that "a party cannot rely upon implausible testimony to create a triable issue of fact." Jeffreys v. Rossi, 275 F.Supp.2d 463, 477 (S.D.N.Y. 2003). While "courts should not assess credibility on summary judgment", where, as here, the "evidence is so contradictory and fanciful that it cannot be believed by a reasonable person, it may be disregarded." Id. at 476-477.

Plaintiff's allegations that Det. Scarcella threatened and coerced Smith to testify falsely in front of the grand jury are also not supported by any credible evidence. According to Smith's own prior testimony at the C.P.L. § 330.30 post-conviction hearing, she was threatened and forced to testify falsely in front of the grand jury by defendant Joseph Ponzi (an investigator working for the Kings County District Attorney's Office ("DA's Office") at the time) and Ann Gutmann (the assistant district attorney who presented the case to the grand jury and later tried the case). They allegedly made these threats to her at the DA's Office right before she was called to testify before the grand jury. She did not claim that Det. Scarcella was present at the time. Indeed, other evidence in the record establish conclusively that Det. Scarcella was not present and had no interaction with Smith when she went to testify before the grand jury.

Plaintiff's allegations that Det. Scarcella threatened and coerced Smith to testify falsely at his trial are likewise not supported by any credible evidence. The evidence in the record shows that Smith met with Investigator Ponzi and ADA Gutmann at the DA's Office before taking the stand to testify at trial and that Det. Scarcella was not present at that meeting. There is no evidence that Det. Scarcella had any interaction with Smith before she took the stand in which he could have threatened and coerced her to testify falsely. Despite that, Smith wildly claimed at her deposition that the entirety of her trial testimony was fabricated and coerced by Det. Scarcella. Essentially, when confronted at her deposition with the dozens upon dozens of statements she made on the stand at trial that were inconsistent with and contradicted her allegations that Det. Scarcella had threatened and coerced her to falsely implicate plaintiff, Smith tried to get around them by baldly asserting that all those inconsistent and contradictory statements were also fabricated and scripted by Det. Scarcella. That is patently absurd. Smith's testimony in this regard is wholly implausible and fanciful and thus insufficient to create any triable issue of fact. See Jeffreys, 275 F.Supp.2d at 476-77.

    2.    The Alleged False Testimony By Det. Scarcella At The § 330.30 Post-Conviction Hearing

Plaintiff's allegations that Det. Scarcella testified falsely at the § 330.30 post-conviction hearing that he did not threaten and coerce Smith are not supported by any credible evidence because, for the reasons discussed above, the underlying allegations that Det. Scarcella threatened and coerced Smith are not supported by any credible evidence.

As for the allegations that Det. Scarcella testified falsely that Smith's recantation of her testimony against plaintiff was due to her fear of plaintiff and/or his family, they are contradicted by Smith's prior testimony and by plaintiff's own admissions. First, Smith repeatedly testified at trial that she was afraid that plaintiff would harm her and her brothers for testifying against him. She stated at one point: "I was scared for my life and my brothers' life . . . I knew the type of person that [plaintiff] was, because I seen it for myself." She also testified that she told Det. Scarcella that she was afraid of plaintiff. Notably, the DA's Office helped relocate her to North Carolina shortly after the shooting because she was scared of plaintiff.

Second, plaintiff himself admitted in portions of a book he wrote with his sister in or about 2006 that he was an armed street criminal with an almost pathological propensity for extreme violence. As plaintiff wrote in his own words: "I hurt, shot, and probably even killed several people during this time. I was also involved in a few shootings in which innocent people were shot. . . . I had guns and was not afraid to use them." He even boasted in the book that "[c]ommitting crimes became my favorite pastime." The book contains numerous other admissions by plaintiff about the various shootings and other violent crimes that he had committed during the course of his decade-long criminal career.

Smith, in short, had very good reason to fear plaintiff. Based on her statements, and also on what he knew of plaintiff's activities and plaintiff's reputation in the streets from his work as a detective, Det. Scarcella had every reason to believe that Smith was afraid of plaintiff for testifying against him. There is no support whatsoever for the allegation that his testimony to that effect at the post-conviction hearing was false.

3. The Alleged Conspiracy To Threaten And Intimidate Alibi Witnesses To Prevent Them From Testifying

Plaintiff's § 1985 conspiracy claim should be dismissed as a matter of law for the reasons set forth in the pre-motion letter filed by the City of New Haven and Billy White (collectively, the "New Haven defendants") on November 27, 2017.

Det. Scarcella respectfully joins in and adopts by reference all the grounds for summary judgment set forth in the New Haven defendants' pre-motion letter and in any other pre-motion letter that may be filed by the other defendants in this case to the extent such grounds are applicable and beneficial to him.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ Richard E. Signorelli
/s/ Bryan Ha

Richard E. Signorelli
Bryan Ha

3