

GABRIEL P. HARVIS

BAREE N. FETT

January 2, 2018

<u>BY ECF AND HAND</u>
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Hamilton v. City of New York, et al.*, 15 CV 4574 (CBA) (SJB)

Your Honor:

I represent plaintiff in the above-referenced matter. I write pursuant to the Court's Individual Practices to respectfully respond to defendants' pre-motion applications and, for the reasons set forth below, to respectfully request a continuance and leave to oppose.

If it should please the Court, plaintiff Derrick Hamilton is responsible for a landmark New York Appellate Division decision establishing the free-standing post-conviction claim of actual innocence. *People v. Hamilton*, 115 A.D.3d 12, 26, 979 N.Y.S.2d 97 (2d Dept. 2014). Following that ruling, the Brooklyn District Attorney's Conviction Review Unit ("CRU") conducted an extensive inquiry and concluded that plaintiff, who spent 21 years in prison (ten in solitary confinement) had been unjustly convicted and deprived due process. *See* Clifford, Stephanie, N.Y. TIMES, Jan. 9, 2015, *Wrongly Convicted Man Was His Own Best Advocate* (accessible at https://nyti.ms/2kl9wwk). The lead detective in plaintiff's prosecution was Louis Scarcella, a man with the ignominious distinction of most scandal-plagued detective in New York City's modern history. *See, e.g.*, Feuer, Alan, N.Y. TIMES, Nov. 29, 2016, *Citing Ex-Detective's 'Malfeasance,' Judge Overturns Conviction in '91 Brooklyn Murder* (accessible at https://nyti.ms/2vFF3BK). The CRU is currently reviewing seventy cases involving Detective Scarcella for evidence of misconduct; at least seven have been set aside. *See* Feuer, Alan, N.Y. TIMES, July 11, 2017, *Brooklyn District Attorney Hopes to Void 1997 Murder Conviction* (accessible at https://nyti.ms/2u8Zh6F).

<u>Scarcella and the New York City Defendants Knowingly Violated the Rule 16 Scheduling Order, Lack Diligence and Fail to Argue or Establish Good Cause</u>

By Rule 16 scheduling order dated June 22, 2017, the Court (Scanlon, M.J.) set a deadline of November 28, 2017 for the parties to "initiate any dispositive motions." In accordance with that deadline, the City of New Haven filed a pre-motion application by letter dated November

Hon. Carol Bagley Amon
Jan. 2, 2018

27, 2017. *See* DE #72. Neither Scarcella nor the defendants represented by the New York City Corporation Counsel submitted any pre-motion application, nor does the docket sheet indicate any request for relief from the Rule 16 deadline.

"A court-ordered deadline 'may be modified only for good cause and with the judge's consent.'" *Martinez v. City of New York*, No. 16 CV 79 (AMD) (CLP), 2017 WL 6403512, at *2 (E.D.N.Y. Dec. 14, 2017) (quoting Fed. R. Civ. P. 16(b)(4)) (finding Corporation Counsel had failed to show good cause in effort to file dispositive motion after Rule 16 deadline). Here, these defendants do not even acknowledge the operative scheduling order, and offer no justification for filing their applications 36 days after the deadline, let alone the requisite showing of diligence. *See* DE 77-78, *generally*. As this Court has recognized, such conduct fails to meet the good cause standard. *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 11 CV 726 (CBA) (RLM), 2012 WL 3306612, *4 (E.D.N.Y. Aug. 13, 2012) ("If a party was not diligent, the good cause inquiry should end.") (internal citations, quotation marks and brackets omitted).

Even more troubling is the representation by Corporation Counsel (at DE #78, p. 1) that the untimely application is somehow authorized by Fed. R. Civ. P. 56(b), when that rule is plainly superseded by the governing scheduling order. *See* Fed. R. Civ. P. 56(b) (setting a deadline "unless…the court orders otherwise"). In light of these defendants' failure to establish or even raise the issue of good cause, and as further discussed below, plaintiff respectfully submits that the pre-motion applications submitted today by the City of New York and defendant Scarcella should be denied as untimely.

<u>The Circumstances Surrounding the Belated Applications</u>

The undersigned was retained as lead counsel by Mr. Hamilton on December 18, 2017, and this firm is beginning the process of reviewing the voluminous record in order to adequately represent the plaintiff in this important civil rights case. *See* DE #74-76.

Having had no contact with counsel for the City of New York, the undersigned telephoned lead counsel to the City earlier this afternoon. As memorialized in a contemporaneous email, submitted herein as Exhibit 1, the parties discussed the June 22, 2017 scheduling order at length, with further discussions scheduled for January 4, 2018:

> [Plaintiff] learned during our call that your office is contemplating summary judgment motion practice and that Scarcella's counsel may also be considering dispositive motion practice. However, as discussed, the docket indicates that the Rule 16 deadline for such applications was 11/28/17 (*see* 6/22/17 order), and there do[] not appear to have been any orders affecting that deadline (or anything submitted by either group of defendants by that date)…We agreed to

Hon. Carol Bagley Amon
Jan. 2, 2018

reconvene for a call on Thursday (1/4) at 2:30 p.m. so that we can discuss the issues further.

As a courtesy, the undersigned then forwarded the Exhibit 1 email to counsel for defendant Scarcella and proposed that plaintiff and Scarcella also confer in good faith on the issues raised therein. *See* Email, annexed hereto as Exhibit 2.

Hours later, without any discussion or notice (and omitting the Rule 16 deadline), the City defendants and Scarcella each filed their pre-motion applications. To make matters worse, while the undersigned is still studying the file, there can be no question – as discussed with counsel this afternoon – that factual disputes ultimately predominate and will present triable issues on Mr. Hamilton's core constitutional claims. *See* Complaint, DE #1, ¶¶ 21-84.[1]

<u>Plaintiff's Request for a Continuance and Leave to Oppose</u>

Plaintiff's counsel's firm is scheduled to commence a bifurcated trial on individual liability and *Monell* claims before the Honorable Jack B. Weinstein on February 20, 2018 in the matter of *Cordero v. City of New York*, 15 CV 3436 (JBW) (CLP). Discovery in that case was recently re-opened and is ongoing in advance of impending pre-trial submission deadlines. *See* 2017 WL 6375739 (E.D.N.Y. Dec. 13, 2017). Immediately thereafter, on March 5, 2018, plaintiff's counsel will try *Harris v. City of New York*, 15 CV 8456 (CM) before the Hon. Colleen McMahon in the Southern District of New York.

The record in this case spans several decades and multiple proceedings and requires considerable attention. Accordingly, to accommodate the foregoing commitments, the undersigned respectfully requests a ninety-day continuance of the proceedings, including adjournment of the pre-motion conference previously scheduled for January 25, 2018, to allow the undersigned to sufficiently familiarize himself with the file. Additionally, plaintiff respectfully requests leave to (i) oppose New Haven's pre-motion application, in the interest of judicial economy and a narrowing of the issues; and (ii) to the extent the Court entertains today's untimely applications by the City defendants and Scarcella, leave to also oppose those applications as described herein. Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:      All Counsel (by ECF)

---

[1] To the extent the Court is inclined to entertain the pre-motion applications submitted today by defendant Scarcella and the City defendants, plaintiff respectfully requests leave to file his own pre-motion application on *Monell* liability, as referenced in Exhibit 1.