## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT, DET. LOUIS SCARCELLA, individually and in his capacity as a New York City police officer; DET. FRANK DeLOUISA, individually and his capacity as a New York City police officer,  INV. JOSEPH PONZI, individually and in his capacity as an Investigator for the Kings County District Attorney's office, JOHN/JANE DOE NOS. 1 through 10, being unknown employees of the City of New York, THE CITY OF NEW HAVEN, POLICE OFFICER BILLY WHITE, individually and in his capacity as a New Haven police officer and JOHN/JANE DOE NOS. 11 through 20, being unknown employees of the City of New Haven,<br><br>Defendants. | 15 CV 4574 (CBA) (SJB) |

### REVISED PROPOSED JOINT PRE-TRIAL ORDER

**i.**   **Parties and Counsel:**

Plaintiff Derrick Hamilton is represented by:

> Raymond Panek
> Gabriel P. Harvis
> Baree N. Fett
> Elefterakis, Elefterakis & Panek
> 80 Pine Street, 38th Floor
> New York, New York 10005
> ray@eeplaw.com
> gharvis@eeplaw.com
> bfett@eeplaw.com
> (o) (212) 532-1116
> (f) (212) 532-1176

Defendants Frank DeLouisa and City of New York are represented by:

      Philip R. DePaul
      Kiran Rosenkilde
      New York City Law Department
      100 Church Street
      New York, NY 10007
      pdepaul@law.nyc.gov
      krosenki@law.nyc.gov
      (212) 356-2413 / 2334
      (212) 356-3509 (fax)


Defendant Louis Scarcella is represented by:

      Bryan Ha
      Richard E. Signorelli
      LAW OFFICE OF
      RICHARD E. SIGNORELLI
      52 Duane Street, 7th Floor
      New York, NY 10007
      Telephone:    212 254 4218
      Facsimile:    212 254 1396
      Cellular:     646 245 7443 (Bryan Ha)
      bhanyc@gmail.com
      rsignorelli@nycLITIGATOR.com℠
      www.nycLITIGATOR.com℠


Defendants City of New Haven and William White are represented by:

      Dennis M. Durao
      Federal Bar No.: ct29271
      James N. Tallberg
      Federal Bar No.: ct17849
      Karsten & Tallberg, LLC
      500 Enterprise Drive, Ste. 4B
      Rocky Hill, CT 06067
      T: (860)233-5600
      F: (860)233-5800
      ddurao@kt-lawfirm.com
      jtallberg@kt-lawfirm.com

ii. **Jurisdiction**:

This Court has federal question jurisdiction, under 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983. Title 28 U.S.C. § 1367(a) provides supplemental jurisdiction over plaintiff's state law claims.

iii. **Claims and Defenses**:

I. **Claims**

1. **Federal Malicious Prosecution (Scarcella and DeLouisa)**
   Elements: (1) Initiation or continuation of prosecution; (2) absence of probable cause; (3) favorable termination; (4) malice; and (5) post-arraignment deprivation of liberty.

2. **State Law Malicious Prosecution (City of New York under *respondeat superior*)**
   Elements: (1) Initiation or continuation of prosecution; (2) absence of probable cause; (3) favorable termination; and (4) malice.

3. **Fabrication of Jewel Smith's Inculpatory Statements (Scarcella and DeLouisa)**
   Elements: (1) fabrication of evidence; (2) likely to influence a jury; (3) forwarded to prosecutors; that (4) results in a deprivation of life, liberty or property.

4. **Suppression of Jewel Smith's Initial Statements (Scarcella and DeLouisa)**
   Elements: (1) knowledge of extant evidence; (2) likely to influence a jury; (3) withheld from prosecutors; that (4) results in a deprivation of life, liberty or property.

5. **Suppression of Taseem Douglas's Exculpatory Statements (Scarcella and White)**
   Elements: (1) knowledge of extant evidence; (2) likely to influence a jury; (3) withheld from prosecutors; that (4) results in a deprivation of life, liberty or property.

6. **Intimidation of Alphonso Dixon (White)**
   Elements: (1) intimidation of a witness; (2) possessing information likely to influence a jury; (3) rendering the witness unavailable; that (4) results in a deprivation of life, liberty or property.

7. **Failure to Disclose the Intimidation of Alphonso Dixon (White)**
   Elements: (1) knowledge of witness intimidation; (2) likely to influence a jury; (3) withheld from prosecutors; that (4) results in a deprivation of life, liberty or property.

8. **Municipal Liability (New York City and New Haven, CT)**
   (This claim has been bifurcated and reserved pending determination of the individual defendants' liability, *see* D.E. #28)
   Elements: (1) the deprivation of a constitutional right; (2) resulting from a municipality's (a) failure to train or (b) sanctioned policies, practices or customs.

## II.     Det. Scarcella's Cross-Claims

1. **Cross-Claim for Contribution for Any Potential Liability Det. Scarcella May Have (Against Co-Defendants)**

   The elements of a claim for contribution under CPLR § 1401 are: (a) the existence of some predicate tort liability; (b) breach of duty by the party from whom contribution is sought; and (c) the breach of duty caused the same injury suffered by the plaintiff for which contribution is sought.

2. **Cross-Claim for Indemnification for Any Judgment or Settlement Amount Obtained Against Det. Scarcella (Against City of New York)**

   The elements of a claim for indemnification under New York General Municipal Law § 50-k are: (a) the act or omission from which the judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation; and (b) the injury or damage sustained by the plaintiff was not the result of intentional wrongdoing or recklessness on the part of the employee.

## III.     New Haven Defendants' Cross-Claim Against Defendant Louis Scarcella

1. **Cross-Claim for Contribution for Any Potential Liability Any New Haven Defendant May Have (Against Defendant Louis Scarcella)**

   The elements of a claim for contribution under CPLR § 1401 are: (a) the existence of some predicate tort liability; (b) breach of duty by the party from whom contribution is sought; and (c) the breach of duty caused the same injury suffered by the plaintiff for which contribution is sought.

## IV.     Defenses

New York City Defendants' Defenses:

*In light of the fact that the parties have agreed that plaintiff's purported Monell claims should be reserved until after the resolution of the individual defendants' liability (ECF No. 28), the City asserts its defenses here only in an abundance of caution. New York City defendants reserve the right to assert additional defenses not specifically asserted below.*

*Defenses to Plaintiff's Claims*

1. Defendants City of New York and Frank DeLouisa have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

2. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

3. Defendant Frank DeLouisa has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

4. There was probable cause for plaintiff's arrest, detention, and prosecution.

5. This action may be barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

7. At all times relevant to the acts alleged in the complaint, defendant Frank DeLouisa acted reasonably in the proper and lawful exercise of his discretion. Therefore, defendant DeLouisa is entitled to immunity on any state law claims.

8. Plaintiff has failed to mitigate his alleged damages.

9. Punitive damages cannot be assessed against defendant City of New York.

10. This action may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

11. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New York or Frank DeLouisa was not responsible, and was not the proximate result of any act of defendant City of New York or Frank DeLouisa.

*Defenses to Det. Scarcella's Cross-Claims*

1. The cross-claims may be barred by the applicable statute of limitations.

2. Co-defendant's cross claims against defendant City of New York are not ripe for adjudication.

3. Defendants City of New York and Frank DeLouisa have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

4. Any injury alleged to have been sustained resulted from plaintiff's and/or co-defendant's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New York or Frank DeLouisa was not responsible, and was not the proximate result of any act of defendant City of New York or Frank DeLouisa.

5.  Co-defendant Scarcella was not acting in furtherance of his employment and/or in accordance with New York Gen. Mun. Law § 50-k, *et. seq.*

6.  At all times relevant to the acts alleged in the complaint, defendant Frank DeLouisa acted reasonably in the proper and lawful exercise of their discretion.

7.  Co-defendant Scarcella may have been acting in violation of the rules and regulations of the New York City Police Department at the time of the incident giving rise to the instant case.

8.  This Court lacks subject matter jurisdiction over co-defendant Scarcella's cross-claims.

9.  Co-defendant Scarcella's cross claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

10. Punitive damages cannot be assessed against defendant City of New York.

<u>New Haven Defendants' Defenses</u>:

*Defenses to Plaintiff's Claims:*

1.  The complaint fails to state a claim upon which relief can be granted.

2.  Defendants City of New Haven and Detective White have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or any state or political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

3.  At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New Haven is entitled to governmental immunity from liability.

4.  Detective White has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

5.  There was probable cause for plaintiff's arrest, detention, and prosecution.

6.  This action may be barred, in whole or in part, by the applicable statute of limitations.

7.  At all times relevant to the acts alleged in the complaint, Detective White acted reasonably in the proper and lawful exercise of his discretion.  Therefore, he is entitled to immunity on any state law claims.

8.  Plaintiff has failed to mitigate his alleged damages.

9.  Punitive damages cannot be assessed against defendant City of New Haven.

10. This action may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

11.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New Haven or Detective White was not responsible, and was not the proximate result of any act of defendant City of New Haven or White.

*Defenses to Louis Scarcella's Cross-Claims*

1.      The cross-claims fail to state a claim upon which relief can be granted.

2.      The cross-claims may be barred by the applicable statute of limitations.

3.      Co-defendant's cross claims against defendants City of New Haven and White are not ripe for adjudication.

4.      Defendants City of New Haven and White have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or any state or political subdivision thereof, nor has defendants violated any act of Congress providing for the protection of civil rights.

5.      Any injury alleged to have been sustained resulted from plaintiff's and/or co-defendant's own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendant City of New Haven or White was not responsible, and was not the proximate result of any act of defendant City of New Haven or White.

6.      At all times relevant to the acts alleged in the complaint, Detective White acted reasonably in the proper and lawful exercise of his discretion.

7.      Co-defendant Scarcella may have been acting in violation of the rules and regulations of the New York City Police Department at the time of the incident giving rise to the instant case.

8.      This Court lacks subject matter jurisdiction over co-defendant Scarcella's cross-claims.

9.      Co-defendant Scarcella's cross claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

10.     Punitive damages cannot be assessed against defendant City of New Haven.

Det. Scarcella Defenses:

*Det. Scarcella reserves the right to assert additional defenses not specifically asserted below.*

*Defenses to Plaintiff's Claims:*

1.      The complaint fails to state a claim against Det. Scarcella upon which relief can be granted.

2.      Det. Scarcella has not violated any of plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or

any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

3.   There was probable cause for Hamilton's arrest, detention, and prosecution.

4.   Det. Scarcella is entitled to qualified immunity.  His actions were objectively reasonable under the circumstances of which he was aware.  He did not violate any clearly established constitutional or statutory right of which he was or should have been aware.

5.   All or part of the allegations asserted against Det. Scarcella concern discretionary governmental decisions or functions for which he is immune from liability.  Det. Scarcella is entitled to immunity for any error judgment in the exercise of governmental functions.

6.   Det. Scarcella did not fabricate false, inculpatory statements or threaten or coerce Jewel Smith ("Smith") to make false, inculpatory statements.

7.   Det. Scarcella acted reasonably, properly, lawfully, and in good faith at all times. Det. Scarcella did not at any time act with malice.

8.   At all relevant times, Det. Scarcella acted within the scope of his employment and in the discharge of his duties and was not in violation of any rule or regulation.

9.   Hamilton's conviction was not the proximate result of any act or omission by Det. Scarcella.  There were two superseding causes of the conviction: (a) the strategic decision by Hamilton and his defense counsel to not attack the validity of Smith's testimony, even though they knew that it was allegedly fabricated; and (b) the independent decision by prosecutors to proceed with Hamilton's prosecution even though they allegedly knew about the alleged fabrication.

10.  Det. Scarcella did not suppress or withhold any allegedly exculpatory statements allegedly made by Smith.

11.  Det. Scarcella did not suppress or withhold any allegedly exculpatory statements allegedly made by Taseem Douglas.

12.  Det. Scarcella did not importune Police Officer Billy White to intimidate or threaten any potential defense witness in Connecticut.

13.  Hamilton is not entitled to punitive damages.

14.  Hamilton did not reasonably mitigate his damages.

15.  Hamilton's claims are barred, at least in part, by the applicable statute of limitations.

16. To the extent any of the claims against Det. Scarcella is based on his testifying as a witness in any capacity, he is entitled to absolute immunity.

17. To the extent plaintiff asserts claims against Det. Scarcella in his official capacity, such claims are duplicative of the claims against the City of New York.

18. Any injury alleged to have been sustained by plaintiff was caused, in whole or in part, by the culpable, intentional, or negligent conduct of plaintiff and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Det. Scarcella.

*Defenses to New Haven Defendants' Cross-Claim*

1. The cross-claim fails to state a claim against Det. Scarcella upon which relief can be granted.

2. Det. Scarcella has not violated any of plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

3. There was probable cause for Hamilton's arrest, detention, and prosecution.

4. Det. Scarcella is entitled to qualified immunity. His actions were objectively reasonable under the circumstances of which he was aware. He did not violate any clearly established constitutional or statutory right of which he was or should have been aware.

5. All or part of the allegations asserted against Det. Scarcella concern discretionary governmental decisions or functions for which he is immune from liability. Det. Scarcella is entitled to immunity for any error judgment in the exercise of governmental functions.

6. Det. Scarcella acted reasonably, properly, lawfully, and in good faith at all times. Det. Scarcella did not at any time act with malice.

7. At all relevant times, Det. Scarcella acted within the scope of his employment and in the discharge of his duties and was not in violation of any rule or regulation.

8. Any injury alleged to have been sustained was caused, in whole or in part, by plaintiff's and/or the co-defendants' culpable, intentional, or negligent conduct and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Det. Scarcella.

9. Hamilton failed to mitigate his damages.

10. To the extent the cross-claim against Det. Scarcella is based on his testifying as a witness in any capacity, he is entitled to absolute immunity.

11. To the extent the cross-claim is asserted against Det. Scarcella in his official capacity, it is a duplicative of the claims against the City of New York.

12. The cross-claim may be barred by the applicable statute of limitations.

13. The cross-claim is not ripe for adjudication.

14. The Court lacks subject matter jurisdiction over the cross-claim.

15. The cross-claim may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

16. Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, Det. Scarcella is entitled to indemnification from the City of New York in the amount of any judgment or settlement amount that may be obtained against him by the co-defendants in connection with the cross-claim because any alleged act or omission from which such judgment or settlement arose would have occurred while Det. Scarcella was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained, and any such alleged damages were not caused by Det. Scarcella's intentional wrongdoing or recklessness.

iv. **Damages:**

Plaintiff claims the following categories and amounts of damages:

(a) $40,000,000 in compensatory damages for loss of liberty, pain, suffering, emotional distress, damage to reputation, loss of familial relations, humiliation, degradation, loss of enjoyment of life and related damages in connection with the over twenty-one years plaintiff spent incarcerated and the three years he spent on parole prior to his exoneration (all defendants, jointly and severally);

(b) $60,000,000 in punitive damages (individual defendants, jointly and severally);

(c) $4,908,060 in past and future lost earnings, including pre-judgment interest[1] (all defendants, jointly and severally);

(d) future medical and psychiatric costs to the extent described by plaintiff's expert witnesses (all defendants, jointly and severally); and

(e) reasonable attorney fees and costs pursuant to 42 U.S.C § 1988 in an amount to be determined by the Court (all defendants, jointly and severally).

---

[1] This figure was calculated as of plaintiff's expert disclosure on June 30, 2017; if it should please the Court, plaintiff's expert economist will provide the current figure at trial.

v.    **Jury Trial Requested**:

This case is to be tried before a jury and (excluding the *Monell* claims and pending *in limine* rulings) the parties expect that the trial will take approximately 20 days.

vi.    **No Consent to Trial by Magistrate Judge**:

The parties do not consent to trial before a Magistrate Judge.

vii.    **Stipulations**:

None.

viii.    **Witness Lists**:

Plaintiff's Witness List:

*All addresses of defendants and NYPD/KCDA/OCME witnesses are c/o defense counsel the New York City Corporation Counsel (with the exception of defendant White, who is c/o Karsten & Tallberg, LLC and defendant Scarcella, who is c/o Richard Signorelli, Esq.) and all addresses of plaintiff and plaintiff's family are c/o plaintiff's counsel at Elefterakis, Elefterakis & Panek.*

*Plaintiff reserves the right to call any witness identified in defendants' witness lists.*

**1.   Felicia Shuler**
116-23 Jamaica Ave, Apt. 3F, Richmond Hill, NY 11418

Ms. Shuler was with Jewel Smith at the Supermarket on Nostrand Avenue when Nathaniel Cash was murdered. She will testify that she and Jewel came upon the deceased, that Ms. Smith could not have seen the crime and that she (Ms. Shuler) memorialized the events in her diary that same day.

**2.   Taseem Douglas**
**[address to be provided]**

Mr. Douglas was present for the Cash murder and will testify that Derrick Hamilton is innocent of involvement in the crime and that Mr. Douglas had provided information exculpating Hamilton to defendants Scarcella and White during the period 1991-1992.

**3. Elnora Douglas (by designation)**

Ms. Douglas, now deceased, was Taseem Douglas's mother. We will introduce her prior sworn testimony that Mr. Douglas disclosed information exculpatory to Mr. Hamilton to defendant Scarcella during the period 1991-1992.

**4. Frank DeLouisa**

Mr. DeLouisa is one of the defendants. He will testify regarding the investigation of the murder of Nathaniel Cash.

**5. Kelly Turner**
9737 Bayview Parkway, Charlotte, NC 28216

Ms. Turner is a decorated member of the New Haven Police Department who ran a talent agency with Alphonso Dixon in 1991. She will testify that she was with Mr. Hamilton in New Haven, CT when Nathaniel Cash was murdered.

**6. Davette Mahan**
255 Sunnywood Lane, Charlotte, NC 28270

Ms. Mahan worked at the talent agency with Kelly Turner in 1991. She will testify to the meeting between Ms. Turner and Mr. Hamilton.

**7. Derrick Hamilton**

Mr. Hamilton is the plaintiff. He will testify about being falsely accused of involvement in the Cash homicide, the misconduct of the defendants, how he was wrongfully convicted of the murder of Nathaniel Cash and about how more than 21 years of incarceration, including years in solitary confinement, has caused him damages.

**8. Louis Scarcella**

Mr. Scarcella is a defendant. He will testify regarding the investigation of the murder of Nathaniel Cash. (Pending *in limine* motions, this defendant will also testify about the other wrongful convictions with which he has been associated, certain patterns of conduct discernable from those cases and other bad act evidence).

**9. Mark Hale**

Mr. Hale is the Chief of the Kings County Conviction Review Unit and also appeared on behalf of the DA's office during certain of plaintiff's post-conviction proceedings. He will testify to the reinvestigation of plaintiff's conviction and the post-trial proceedings.

**10. Anne Gutmann**

Ms. Gutmann was the prosecutor at Mr. Hamilton's criminal trial and presented the case to the grand jury. She will testify about the investigation of the murder of Nathaniel Cash and the prosecution of Derrick Hamilton, including whether she received certain information during those proceedings.

**11. Joseph Ponzi**

Mr. Ponzi, an investigator for the Kings County District Attorney's Office in 1991-1992, is a former defendant who was dismissed from the case on absolute immunity grounds. He will testify regarding the investigation of the Cash Homicide and the prosecution of Derrick Hamilton, including the procurement of Jewel Smith's testimony.

**12. Kim Freeman**
**[address to be provided]**

Ms. Freeman is the mother of Nathaniel Cash's child and was with Mr. Hamilton in New Haven during the time period of the Cash murder. She will testify to plaintiff's alibi and why she was unable to testify at Mr. Hamilton's criminal trial.

**13. Steven Chmil**

Mr. Chmil was defendant Scarcella's partner in 1991-1992. He will testify regarding the investigation of the murder of Nathaniel Cash.

**14. George Sheinberg**
50 Court Street, # 702, Brooklyn, NY 11201

Mr. Sheinberg was Mr. Hamilton's counsel at the criminal trial. He will testify about the criminal prosecution, including evidence he did and did not possess at the time of trial, the People's disclosures regarding the identity of "Karen" Smith and the failure of an eyewitness to identify Mr. Hamilton at a lineup in 1992.

**15. Dennis James Brown**
**[address to be provided]**

Mr. Brown was an eyewitness to the Cash murder who was presented with a lineup including Derrick Hamilton and did not identify Mr. Hamilton. He will testify about the crime and the lineup.

**16. Sharon Goodwin**
**[address to be provided]**

Ms. Goodwin is Mr. Hamilton's former wife. She will testify that she ran into Felicia Shuler on the Subway and how that meeting led to the discovery of Shuler's knowledge regarding Jewel Smith's whereabouts on January 4, 1991 and the discovery of Ms. Shuler's diary entry. She will also testify about Mr. Hamilton's damages.

**17. Edwin Fuentes**

Mr. Fuentes is a retired police officer and was among the first to respond to the scene of the Cash Homicide. He will testify to the condition of the crime scene.

**18. Billy White**

Mr. White is a defendant. He will testify about his participation in the Nathaniel Cash homicide investigation. (Pending *in limine* motions, this defendant will also testify about his felony conviction and certain bad act evidence).

**19. Dan Saunders**

Mr. Saunders was a supervisor in the Kings County DA's office who met with Jewel Smith, Joseph Ponzi and Louis Scarcella on January 6, 1991. He will testify about that meeting and the prosecution of Derrick Hamilton.

**20. Rogelio Torres, Jr.**

Mr. Torres was the principal investigator working on the reinvestigation of plaintiff's conviction on behalf of the Kings County DA's office Conviction Review Unit. He will testify regarding the reinvestigation.

**21. Joyce Slevin**

Ms. Slevin was the 1st Deputy Bureau Chief at the Kings County District Attorney's Office at the time Mr. Hamilton's conviction was reinvestigated and provided information on behalf of that office. She will testify regarding the information she provided.

**22. Gregory Marable**

Mr. Marable is plaintiff's brother. He will testify about Mr. Hamilton's alibi and damages.

**23. Darren Breeden**
**[address to be provided]**

Mr. Breeden is an acquaintance of Money "Will" Dawson, a now-deceased perpetrator of the Cash homicide. He will testify about statements exonerative of Mr. Hamilton made by Mr. Dawson to him, and to the events surrounding the prosecution of Mr. Hamilton.

**24. Michael Ross**

Mr. Ross is the father of Jewel Smith's child. He will testify that Jewel Smith was coerced by NYPD detectives.

**25. Gregory "Saquan" Wright (Moore) (by designation)**

Mr. Wright was a suspect in the Cash Homicide and is now deceased. We will introduce his affidavit describing pressure from police to falsely implicate Derrick Hamilton.

**26. Robert Ledee**
[address to be provided]

Mr. Ledee is a private investigator who obtained statements from Michael Ross and Gregory "Saquan" Wright. He will testify about his investigation and the underlying documents.

**27. Liam Ahearn**

Mr. Ahearn was a sergeant in the NYPD's crime scene unit who testified at Mr. Hamilton's trial in 1992. He will testify about the location and nature of the ballistic evidence collected in the Cash murder investigation.

**28. Thomas Natale**

Mr. Natale was an officer in the microscopic evidence section of the ballistics unit of the scientific research division of the NYPD in 1992. He will testify about the examination and testing of the bullet and shell evidence in the Cash murder investigation.

**29. Jewel Smith**
3678 Oakwood Circle, Iron Station, NC 28080

Ms. Smith was the sole eyewitness offered by prosecutors in the criminal case against Derrick Hamilton. The Kings County District Attorney concluded in its reinvestigation of Mr. Hamilton's conviction that Smith's testimony was sufficiently

incredible as to violate due process. Ms. Smith will testify regarding the death of Nathaniel Cash, the prosecution of Derrick Hamilton and her knowledge of Mr. Hamilton's innocence and damages.

**30. Tashameaka Watson**
72 Mill River Street, New Haven, Connecticut 06511

Ms. Watson is the daughter of Alphonso Dixon and attended the party for Lee Marvin on January 3, 1991. She will testify regarding Mr. Hamilton's alibi.

**31. Selma Singleton**
[address to be provided]

Ms. Singleton will testify regarding Mr. Hamilton's alibi.

**32. Eric Daniels**
[address to be provided]

Mr. Daniels will testify regarding Mr. Hamilton's alibi.

**33. Mattie Dixon**
183 Diamond Street, New Haven, CT 06515

Ms. Dixon was married to Alphonso Dixon. She will testify to the intimidation of Alphonso Dixon by Billy White and Mr. Hamilton's alibi.

**34. Linda Holmes**
[address to be provided]

Ms. Holmes was a manager of the Quality Inn in New Haven, CT in 1991. She will testify regarding the party Alphonso Dixon hosted for Lee Marvin Benton and the prosecution of Mr. Hamilton.

**35. Charlene Ross**
[address to be provided]

Ms. Ross rented a room to Jewel Smith in 1991. She will testify to admissions by Jewel Smith about misconduct by investigating detectives.

**36. Michael Vecchione**

Mr. Vecchione was a prosecutor in the Kings County District Attorney's Office who represented the People during certain post-conviction proceedings. He will testify regarding his participation in the prosecution.

**37.  Tawana Smith**
[address to be provided]

Ms. Smith left the 79th Precinct with Jewel Smith on January 4, 1991. She will testify about the prosecution of Derrick Hamilton.

**38. Beth Merkin**
[address to be provided]

Ms. Merkin was defense counsel to Taseem Douglas when defendants Scarcella and White, along with Detective Chmil, visited Mr. Douglass at a Connecticut jail. She will testify about Mr. Douglas' interactions with the detectives.

**39. David Silvian**
[address to be provided]

When Beth Merkin went to the Connecticut Jail, Mr. Silvian, then a student at Cornell Law School, was present. He will testify about Mr. Douglas' interactions with the police.

**40. Robert Holt**
[address to be provided]

Mr. Holt was a private investigator who obtained a recantation statement from Jewel Smith. He will testify as to the circumstances and authenticity of the statement.

**41. James Hamilton, Jr. (by designation)**

Mr. Hamilton, now deceased, was Derrick Hamilton's brother and a noticed alibi witness during the criminal prosecution. We will introduce his prior sworn testimony regarding Derrick Hamilton's alibi.

**42. Nicole Hamilton**

Ms. Hamilton is Derrick Hamilton's wife. She will testify about Mr. Hamilton's damages.

**43. Rishetta Green**

Ms. Green is Derrick Hamilton's former wife. She will testify about Mr. Hamilton's damages.

**44. Shaneka Boucher**
1703 South 4th Street, Camden, NJ 08104

Ms. Boucher is Derrick Hamilton's daughter. She will testify about Mr. Hamilton's damages.

**45. Davone Green**
11 Ten Eyck Avenue, Albany, NY 12209

Mr. Green is Derrick Hamilton's son. He will testify about Mr. Hamilton's damages.

**46. Brittany Hamilton**

Ms. Hamilton is Derrick Hamilton's daughter. She will testify about Mr. Hamilton's damages.

**47. Iselyn Hamilton**

Ms. Hamilton is Derrick Hamilton's sister. She will testify about Mr. Hamilton's damages.

**48. Shakira Everett**
45B Augustine Street, New Haven, CT 06515

Ms. Everett is Derrick Hamilton's daughter. She will testify about Mr. Hamilton's damages.

**49. Ulysses Hamilton**

Mr. Hamilton is Derrick Hamilton's brother. He will testify about Mr. Hamilton's damages.

**50. Vanessa Green**
580 Sutter Avenue, Brooklyn, NY 11207

Ms. Green is Derrick Hamilton's sister. She will testify about Mr. Hamilton's damages.

**51. Tara Hamilton**

Ms. Hamilton is Derrick Hamilton's sister. She will testify about Mr. Hamilton's damages.

**52. Victor Sowell**
DIN # 88A2649

Mr. Sowell was incarcerated with Mr. Hamilton. He will testify regarding Mr. Hamilton's damages and conditions of confinement.

**53. Alyton Wright**
DIN # 94A3328
Otisville Correctional Facility

Mr. Wright was incarcerated with Mr. Hamilton. He will testify regarding Mr. Hamilton's damages and conditions of confinement.

**54. James Conway**
994 Creek Road, Attica, NY 14011

Mr. Conway was incarcerated with Mr. Hamilton. He will testify regarding Mr. Hamilton's damages and conditions of confinement.

55. **David A. McClary**
DIN # 89A7511
Great Meadow Correctional Facility

Mr. McClary was incarcerated with Mr. Hamilton. He will testify regarding Mr. Hamilton's damages and conditions of confinement.

56. **Ernest Smith**
[address to be provided]

Mr. Smith is the brother of Jewel Smith. He will testify that the Smith family was not threatened by Mr. Hamilton.

**57. Dr. Christian Roman**

Dr. Roman, of the Office of the Chief Medical Examiner, was consulted by the Kings County Conviction Review Unit in its reinvestigation of plaintiff's conviction. He will testify about the directionality and trajectory of the bullet wound injuries sustained by Nathaniel Cash and their impact on Mr. Cash's mobility and mortality, as well as the associated blood loss.

Plaintiff's Expert Witness List:

**58. Orly Calderon, Ph.D.**
Port Washington, NY 11050

Dr. Calderon is a licensed psychologist. She will give expert testimony consistent with her Rule 26 report, including expert testimony concerning the psychological damages stemming from the decades of wrongful incarceration suffered by Mr. Hamilton and his future psychological prognosis.

**59. Dr. Sanford Drob**
26 Court Street
Brooklyn, New York

Dr. Drob is a licensed psychologist. He will give expert testimony consistent with his Rule 26 report, including expert testimony concerning the psychological damages stemming from the decades of wrongful incarceration suffered by plaintiff and his future psychological prognosis.

**60. Kristin K. Kucsma, M.A.**
**Stephen B. Levinson, Ph.D.**
112 West 34th street. 18th Floor, NY, NY 10120

Ms. Kucsma and Dr. Levinson are economists at the Sobel Tinari Economics Group and co-authors of the Rule 26 expert report entitled *An Appraisal of Economic Loss to Derrick Hamilton.* One of them will give expert testimony consistent with the report and its appendices concerning Mr. Hamilton's lost wages and other economic damages flowing from his wrongful incarceration.

**61. Joseph A. Pollini**
107-24 71 Road, Suite PH2C, Forest Hills, NY 11375

Mr. Polini is a retired NYPD lieutenant squad commander who served on the police force for 33 years, including in the NYPD cold case homicide squad, and is an expert in investigation procedure and police practices. He will give expert testimony concerning defendants' police practices in the Cash murder investigation consistent with his Rule 26 report.

Plaintiff's Impeachment Witness List:

**62. David Ranta**
[address to be provided]

Mr. Ranta was convicted in the 1990 murder of Rabbi Chaskel Werzberger based on improper identification procedures. He was exonerated after serving 23 years in prison on March 23, 2013. Louis Scarcella was the lead detective in his prosecution.

**63. Vanessa Gathers**
[address to be provided]

Ms. Gathers was wrongfully convicted of manslaughter in connection with a robbery in 1991. Scarcella coerced a false confession from Gathers which led to her conviction in 1998. She maintained her innocence throughout ten years in prison, followed by her parole in 2007-2012. In February 2016, she became the first woman to be exonerated by the Kings County Conviction Review Unit.

**64.  Alvena Jennette**
    **Robert Hill**
1520 Lincoln Pl, Brooklyn, NY 11213

In 2014 three half-brothers were exonerated of indictment charges and Second-Degree murder convictions (Darryl Austin passed away in 2000 after serving thirteen years). Jennette and Hill each spent over twenty years in jail. Both of their trials depended heavily on problematic witness Theresa Gomez, a crack-addicted career criminal who testified in multiple Scarcella homicide cases. Gomez's testimony was found to be contradictory to the evidence in this case and suggestive of official misconduct by defendant Scarcella.

**65. Jabbar Washington**
[address to be provided]

Mr. Washington had his conviction vacated in 2017. In 1997, Washington was convicted and sentenced to 25 years to life in prison for a 1995 murder. The key evidence in the case against Washington was the eyewitness testimony of Lisa Todd, who under Scarcella's influence misidentified Washington, thinking she was indicating that she merely knew him, when Scarcella represented she had identified him as a perpetrator. Exculpatory information was withheld from Washington's defense team.

**66. Shawn Williams**
[address to be provided]

Mr. Williams was wrongfully convicted in 1994 after Scarcella coerced a witness into falsely implicating him. An eyewitness whose testimony was the basis of Williams's conviction recanted her testimony. No forensic evidence or motive was offered in Williams' trial and alibi witnesses demonstrated he was in Pennsylvania at the time of the murder, which took place in New York. Twenty-two years later, on July 13, 2018, Shawn Williams's case was dismissed after prosecutors joined a defense motion asking a Court to set aside Williams' conviction and dismiss the indictment.

**67. John Bunn**
    **Rosean Hargrave**
[address to be provided]

These two men were wrongfully convicted in the August 1991 killing of an off-duty correction officer. Although no physical evidence implicated Bunn or Hargrave, a surviving victim identified the two individuals in police lineups that Scarcella had organized. They were charged with Second Degree murder at the ages of fourteen and seventeen, respectively. In 2015, Judge ShawnDya Simpson vacated their murder convictions based on Scarcella's engagement in "false and misleading practices" while a member of the NYPD. Judge Simpson pointed to tainted evidence that had been collected by Scarcella, deciding that "the revelation of Detective Scarcella's malfeasance in fabricating false identification evidence gravely undermines the evidence that convicted the defendants in this case." In April 2018, an appellate Court upheld Simpson's ruling following sixteen years served in prison by Bunn and twenty-four by Hargrave.

**68. Shabaka Shakur**
[address to be provided]

Mr. Shakur was wrongfully convicted of a double murder in 1989. Scarcella falsely testified that Shakur had confessed to him that he had killed the two victims. Shakur was sentenced to two consecutive twenty-to-life sentences. Shakur served 28 years in prison before Judge Desmond Green vacated his conviction in 2015, writing that there was "reasonable probability" that the confession was "indeed fabricated" and attributing a "propensity to embellish or fabricate statements" to Scarcella.

**69. Sundhe Moses**
[address to be provided]

Mr. Moses was wrongfully convicted in 1997 of killing a four-year-old girl who was caught in the crossfire of a 1995 Brooklyn gang fight. At the time of his trial, Moses claimed that Scarcella had choked and hit him to coerce a false confession. He was sentenced to fifteen years to life in prison. He ultimately served eighteen years. In

2013, after an eyewitness recanted his testimony, Moses was released on parole. In January 2018, his conviction was overturned. The presiding Justice, Dineen A. Riviezzo, maintained that Scarcella's use of "improper tactics" to send individuals to prison could have been persuasive to the jury that convicted Moses if the allegations had come to light at the time of the trial. Theresa Gomez also testified in this case.

Plaintiff's Rebuttal Witness List:

70. Aulander Askew
[address to be provided]

Mr. Askew drove a Pepsi truck in Brooklyn in 1991 and employed alleged eyewitness Jerry Douglas at one time. He will testify that Jerry Douglas did not work for him at the time of the Cash homicide and to the events surrounding Jerry Douglas's death.

**71. Renee Solomon**
**[address to be provided]**

Ms. Solomon was Jerry Douglas's common law wife. She will testify that Mr. Douglas worked for Mr. Askew, never feared for his life, never mentioned witnessing a homicide and regarding Mr. Douglas's murder.

Plaintiff's Custodial Witness List:

**72. Custodians of Records**
[addresses to be provided]

To the extent the parties cannot resolve any issues of authenticity or foundation, we intend to call such custodians as are necessary to introduce documentary exhibits.

New York City Defendants' Witness List:

*City defendants reserve the right to call any witness identified in co-defendants' and/or plaintiff's witness lists.*

1. **Frank DeLouisa**

   Mr. DeLouisa is a former Detective with the NYPD. Mr. DeLouisa will testify as to the investigation into the Nathaniel Cash murder.

2. **Joseph Ponzi**

   Mr. Ponzi is a former investigator for the KCDA. He will testify regarding the investigation of the Nathaniel Cash murder.

3. **Former Assistant District Attorney Thomas Luzio**

Mr. Luzio is a former Assistant District Attorney with the KCDA. Mr. Luzio will testify regarding the investigation of the Nathaniel Cash murder, including the circumstances of Jewel Smith's recorded statement on January 4, 1991.

4. **Dr. Mary Tramontin, Psy.D.**

Dr. Tramontin is the City defendants' rebuttal psychological expert. Dr. Tramontin will testify as to her evaluation of plaintiff and his purported psychological damages.

5. **Dr. Andrew Kidd, Ph.D.**

Dr. Kidd is the City defendants' rebuttal psychological expert. Dr. Kidd will testify as to plaintiff's purported economic damages.

6. **Custodians of Records**

To the extent the parties cannot resolve any issues of authenticity or foundation, City defendants intend to call such custodians as are necessary to introduce documentary exhibits.

Defendant Scarcella's Witness List:

*All addresses of defendants and NYC/NYPD witnesses are c/o defense counsel the New York City Corporation Counsel (with the exception of defendant White, who is c/o Karsten & Tallberg, LLC and defendant Scarcella, who is c/o Richard Signorelli, Esq.) and all addresses of plaintiff and plaintiff's family are c/o plaintiff's counsel at Elefterakis, Elefterakis & Panek.*

*Det. Scarcella reserves the right to call any witness identified in co-defendants' and/or plaintiff's witness lists. Det. Scarcella further reserves the right to supplement this witness list and call any other witness not listed herein based on any in limine motion.*

1. **Louis Scarcella**
Det. Scarcella is expected to testify regarding, among other things, the Cash homicide investigation, including the statements made by Smith implicating Hamilton in the shooting.

**2. Frank DeLouisa**

Det. DeLouisa is expected to testify regarding, among other things, the Cash homicide investigation, including the statements made by Smith implicating Hamilton in the shooting.

**3. Jewel Smith**

Jewel Smith is expected to testify regarding, among other things, the Cash homicide investigation and Hamilton's prosecution for the homicide, including the statements that she made implicating Hamilton in the shooting.

**4. Derrick Hamilton**

Derrick Hamilton is expected to testify regarding, among other things, the Cash homicide investigation and his prosecution and conviction for the homicide.

**5. Anne Gutmann**

Anne Gutmann was the Assistant District Attorney assigned to the prosecution of Hamilton for the Cash homicide.  She is expected to testify regarding, among other things, the Cash homicide investigation, Hamilton's prosecution for the homicide, the statements made by Smith implicating Hamilton in the shooting, and Smith's trial testimony.

**6. Mark Hale**

Mark Hale is an Assistant District Attorney who heads the Conviction Review Unit of the Kings County District Attorney's Office ("KCDA").  He is expected to testify regarding, among other things, the reinvestigation of the Cash homicide.

**7. Joseph Ponzi**

Joseph Ponzi was an investigator with the KCDA.  He is expected to testify regarding, among other things, the Cash homicide investigation, Hamilton's prosecution for the homicide, and the statements made by Smith implicating Hamilton in the shooting.

**8. Steven Chmil**

Steven Chmil was Det. Scarcella's partner.  He is expected to testify concerning, among other things, the Cash homicide investigation and the statements made by Smith implicating Hamilton in the shooting.

**9. George Sheinberg** (50 Court Street, Brooklyn, NY 11201)

George Sheinberg was counsel for Hamilton in the criminal proceedings.  He is expected to testify regarding, among other thing, Hamilton's prosecution for the homicide, the statement concerning the homicide that Smith signed at his office dated March 25, 1991, and Smith's trial testimony.

**10. <u>Dan Saunders</u>**

Dan Saunders was the Deputy Bureau Chief of Homicide at the KCDA. He is expected to testify regarding, among other things, a meeting with Smith at the KCDA and Hamilton's prosecution for the Cash homicide.

**11. <u>Beth Merkin</u>** (235 Church Street, New Haven, CT 06510)

Beth Merkin was Taseem Douglas's attorney. She is expected to testify regarding, among other things, Det. Scarcella's and Police Officer William (Billy) White's attempt to visit Taseem Douglas at a Connecticut jail.

**12. <u>William (Billy) White</u>**

Office White is expected to testify regarding, among other things, his and Det. Scarcella's attempt to visit Taseem Douglas at a Connecticut jail.

**13. <u>Taseem Douglas</u>** (135 Mullshire Lane, Willingboro, New Jersey 08046)

Taseem Douglas is expected to testify regarding, among other things, Officer White's and Det. Scarcella's attempt to visit him at a Connecticut jail.

**14. <u>Iselyn Hamilton</u>**

Iselyn Hamilton is Derrick Hamilton's sister. She is expected to testify regarding, among other things, Hamilton's role in writing certain portions of the book entitled "Don't Let Your Elevator Get Stuck On Stupid".

**15. <u>Thomas Luzio</u>**

Thomas Luzio is a former Assistant District Attorney with the KCDA. Mr. Luzio is expected to testify regarding, among other things, the Cash homicide investigation, the statements made by Smith implicating Hamilton in the shooting, the circumstances surrounding Smith's recorded statement at the precinct on January 4, 1991.

**16. <u>Custodians of Records</u>**

To the extent the parties cannot resolve any issues of authenticity or foundation, we intend to call such custodians as are necessary to introduce documentary exhibits.

<u>New Haven Defendants' Witness List:</u>

*All addresses of defendants and NYPD witnesses are c/o defense counsel the New York City Corporation Counsel (with the exception of defendant White, who is c/o Karsten & Tallberg, LLC and defendant Scarcella, who is c/o Richard Signorelli, Esq.) and all addresses of plaintiff and plaintiff's family are c/o plaintiff's counsel at Elefterakis, Elefterakis & Panek.*

*The New Haven defendants' reserve the right to call any witness identified in co-defendants' and/or plaintiff's witness lists. The New Haven defendants further reserve the right to supplement this witness list and call any other witness not listed herein based on any in limine motion.*

**1.  Mattie Dixon**
183 Diamond Street, New Haven, Connecticut, 06515

It is anticipated that Ms. Dixon will present testimony concerning her interactions with Detective White, as well as the interactions she personally witnessed and/or heard between Detective White and Alphonso Dixon.

**2.  Kim Freeman**

It is anticipated that Ms. Freeman will testify about her interactions, or lack thereof, with Detective White.

**3.  Taseem Douglas**
135 Mullshire Lane, Willingboro, New Jersey 08046

It is anticipated that Mr. Douglas will testify about the circumstances of and surrounding an alleged meeting between law enforcement officers, Attorney Beth Merkin, and/or him at Whalley Correctional Institution in July 1992.

**4.  Beth Merkin, Esq.**
235 Church Street, New Haven, CT 06510

It is anticipated that Attorney Merkin will testify about the circumstances of and surrounding an alleged meeting among law enforcement officers, Taseem Douglas, and/or her at Whalley Correctional Institution in July 1992.

**5.  Defendant Louis Scarcella**
**[address within the possession of the parties]**

It is anticipated that Detective Scarcella will testify about his and Detective White's involvement in the Nathaniel Cash murder investigation.

**6.  Derrick Hamilton**
**[address within the possession of the parties]**

Mr. Hamilton is the plaintiff. He will testify about his interactions with Detective White, knowledge of witness intimidation, any other alleged conduct of White, and his claimed damages.

**7.  Custodians of Records**

To the extent the parties cannot resolve any issues of authenticity or foundation, we intend to call such custodians as are necessary to introduce documentary exhibits.

ix.  **Exhibits and Objections:**
     **Plaintiff's Exhibits:**

*Plaintiff does not waive objections to any exhibits on this list and reserves the right to offer any exhibit listed on defendants' exhibit list.*

*Plaintiff reserves the right to introduce any deposition, hearing or trial testimony from the underlying prosecution, post-conviction proceedings and parallel civil litigation against any defendant in his case in chief, and to use any prior sworn testimony of any witness for purposes of impeachment. Plaintiff reserves the right to utilize any and all designated deposition testimony listed by the defendants as well as any and all testimony from plaintiff's criminal trial, subject to witness availability, the Federal Rules of Evidence, Rule 26 of the Federal Rules of Civil Procedure and rulings on in limine motions and objections.*

***Plaintiff requests that defendants make all original exhibits and physical evidence from the underlying criminal trial, and police documents, available for use at trial, including the original crime scene photos at KCDA 30-40.***

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 1 | DeLouisa Spiral Notebook (unredacted) [DEF 11238-11267] | | FRE 802 (hearsay). | | |
| 2 | DD5 of Jewel Smith's Statement at 79th Precinct [KCDA 2] | | FRE 802 (hearsay). | | |
| 3 | Sprint Report [Exhibit C to City Defendants' MSJ, DEF 10330] | | FRE 802 (hearsay). | | |
| 4 | Scarcella Spiral Notebook [DEF 11268-11291] | | FRE 802 (hearsay). | | |
| 5 | Crime Scene File [KCDA 21-40] | | FRE 802 (hearsay). | | |
| 6 | Medical Examiner File [KCDA 41-60] | | FRE 802 (hearsay). | | |
| 7 | Certificate of Disposition [DEF 275, 355, 10024] | | FRE 802 (hearsay). | | |
| 8 | Certificate of Incarceration [DEF 277, 471] | | FRE 402 (relevance), 403 (confusion, waste of time). | | |
| 9 | Certificate of Release to Parole [DEF 2746-47] | | FRE 402 (relevance), 403 (confusion, waste of time). | | |
| 10 | Felicia Shuler Letter to Court dated December 8, 1992 | | FRCP 26(a) (not disclosed); FRE 402 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
|  |  |  | (relevance), 403 (confusion, waste of time), 404 (bad acts), 802 (hearsay). |  |  |
| 11 | Testimony of Felicia Shuler [DEF 661-712] |  | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). |  |  |
| 12 | Audio Recording of CRU Interview of Felicia Shuler |  | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). |  |  |
| 13 | Transcript of CRU Interview of Felicia Shuler |  | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). |  |  |
| 14 | Felicia Shuler Diary Entries [DEF 11771-76] |  | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). |  |  |
| 15 | Secret Service Report on Shuler Diary Ink Analysis dated May 28, 1993 [KCDA 65-67] |  | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). |  |  |
| 16 | Hamilton CRU Report [KCDA 1084-1118] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 17 | Alphonso Dixon Quality Inn Receipts [DEF 10496-98] |  | FRE 402 (relevance), 802 (hearsay), 901 (authenticity). |  |  |
| 18 | Statements of ADA Mark Hale January 9, 2015 [DEF 1, 4-5] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 19 | KCDA Investigative Reports [KCDA 1036-1083] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 20 | Taseem Douglas affidavit dated September 10, 1993 [DEF 11236-37] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 21 | Taseem Douglas Testimony [DEF |  | FRE 402 (relevance), |  |  |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
|  | 1956-2013] |  | 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 22 | Colloquy following Taseem Douglas Testimony [DEF 2013-2017] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 23 | Scarcella *Wade* Hearing Testimony and Decision on the Record [July 1, 1992, pp. 1-14] |  | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). |  |  |
| 24 | Scarcella Trial Testimony |  | FRE 402 (relevance), 802 (hearsay). |  |  |
| 25 | Affidavit of Louis Scarcella, April 7, 1994 [DEF 1826-27] |  | FRE 402 (relevance), 802 (hearsay). |  |  |
| 26 | Scarcella 330 Hearing Testimony |  | FRE 402 (relevance), 802 (hearsay). |  |  |
| 27 | Scarcella 440 Hearing Testimony [DEF 477-91, 494-538] |  | FRE 402 (relevance), 802 (hearsay). |  |  |
| 28 | Scarcella Sundhe Moses Testimony 5/18/17 & 5/26/17 [Plaintiff's MSJO Exhibit 10] |  | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). |  |  |
| 29 | Scarcella DD5s [KCDA 9, 15, 17, 18] |  | FRE 802 (hearsay). |  |  |
| 30 | Letter re DOE investigation of Scarcella [DEF 288-354] |  | FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). |  |  |
| 31 | Decision dated January 11, 2018 in *People v. Moses* |  | FRCP 26(a) (not disclosed; FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 |  |  |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (character), 802 (hearsay). | | |
| 32 | Robles, Frances, *Review of 50 Brooklyn Murder Cases Ordered*, *The New York Times*, May 11, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 33 | Robles, Frances, *In Confession Detective Took, Shared Phrases*, *The New York Times*, June 13, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 34 | Robles, Frances, *Murder Witness Says Police Coached Lie in 1995*, *The New York Times*, October 3, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 35 | Scarcella Personnel and Disciplinary Records [DEF 8746-8922, 10645-11041] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 36 | Videotaped interview of Scarcella on Dr. Phil show | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|-----|-------------|------------|---------------------|-----|-------|
| | | | (character), 802 (hearsay) | | |
| 37 | Audio of David Ranta Line-up | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 38 | Selected Scarcella Articles | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 39 | Decision and Order of Hon. ShawnDya L. Simpson vacating conviction of John Bunn dated November 22, 2016 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 40 | [INTENTIONALLY BLANK] | | | | |
| 41 | McAlary, Mike, N.Y. DAILY NEWS, *Token Booth Cop Growing Up Fast*, Nov. 20, 1996 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 42 | Flynn, Sean, GQ, *Brooklyn's Baddest*, August 4, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 43 | Barry C. Scheck, *Conviction Integrity Units Revisited*, 50 Ohio St. J.C.L. 705, 720-22 (2017) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 44 | Hamm, Theodore, THE DAILY BEAST, *The Crack-Era Cop Who Locked Up the Innocent in NYC*, Sept. 3, 2017 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 45 | Fanelli, James and Marcius, Chelsia Rose, N.Y. DAILY NEWS, *Dirty Detective Louis Scarcella insists, 'I've done nothing wrong,' despite sending 13 wrongfully convicted people to jail*, May 20, 2018 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 46 | Powell, Michael and Otterman, Sharon, N.Y. TIMES, *Jailed Unjustly in the Death of a Rabbi, Man Nears Freedom,* March 20, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 47 | *People v. Hargrove*, No. 10150/91, 2018 WL 1833080 (N.Y. App. Div. Apr. 18, 2018) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 48 | Robles, Frances, N.Y. TIMES, *Several Murder Confessions Taken by Brooklyn Detective Have Similar Language*, June 12, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 49 | Clifford, Stephanie, N.Y. TIMES, *Conviction to Be Cleared in 1991 Brooklyn Murder Case*, Jan. 5, 2015 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 50 | Surico, John and Clifford, Stephanie, N.Y. TIMES, *Judge Orders Shabaka Shakur Freed From Prison After 27 Years*, June 4, 2015 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 51 | Robles, Frances and Clifford, Stephanie, N.Y. Times, *3 Are Exonerated of Murder in Cases Tied to a Discredited Detective*, May 5, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 52 | Press Release: *Brooklyn D.A. Moves to Vacate the Wrongful Conviction of Vanessa Gathers Tried for Murder –* | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | *Convicted of Manslaughter – Spent 10 Years in Prison; First Woman Exonerated by Conviction Review Unit*, February 23, 2018 | | (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 53 | [INTENTIONALLY BLANK] | | | | |
| 54 | Brooklyn DA Chart of Conviction Review Unit Exonerations | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 55 | Feuer, Alan, N.Y. TIMES, *Citing Ex-Detective's 'Malfeasance,' Judge Overturns Conviction in '91 Brooklyn Murder*, Nov. 29, 2016 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 56 | Santora, Marc and Schweber, Nate, N.Y. TIMES, *Man Convicted in Murder Investigated by Scarcella is Ordered Freed*, Apr. 14, 2015 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 57 | Eustachewich, Lia and Saul, Emily, N.Y. POST, *Another victim of disgraced cop will have all charges dismissed*, May 14, 2018 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 58 | Clifford, Stephanie, N.Y. TIMES, | | FRCP 26(a) (not | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | *Court and Brooklyn District Attorney's Office Revisit 2 Contested Convictions*, Sept. 16, 2014 | | disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 59 | Powell, Michael, N.Y. TIMES, *With Lives and Careers Destroyed, Asking: Who Watches the Investigators?*, Mar. 25, 2013 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 60 | Barshad, Amos, NEW YORK MAGAZINE, *Infamous Cop Louis Scarcella Gets a Hero's Reception*, Oct. 12, 2017 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 61 | Feuer, Alan, N.Y. TIMES, *Despite 7 Scrapped Convictions, Prosecutors Say Ex-Detective Broke No Laws*, May 25, 2017 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 62 | *People v. Hargrove*, ___ N.Y.3d ____, 2018 WL 1833080, *31 (2d Dep't 2018) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 63 | *People v. Moses*, Ind. 13565/95, 58 Misc. 3d 1226(A) (N.Y. Sup. Ct. 2018) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 64 | *Shakur v. State*, 54 Misc. 3d 674, 678, 47 N.Y.S.3d 214, 218–19 (N.Y. Ct. Cl. 2016) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 65 | *Hughes Hubbard & Reed LLP v. Civilian Complaint Review Bd.*, 53 Misc. 3d 947, 949, 41 N.Y.S.3d 369, 372 n. 2 (N.Y. Sup. Ct. 2016) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 66 | *Ranta v. City of New York*, 14 CV 3794 (SLT), 2015 WL 5821658, *2 (E.D.N.Y. Sept. 30, 2015) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 67 | Clifford, Stephanie, N.Y. Times, *Judge Voids Murder Convictions for 3 Half Brothers Linked to Brooklyn Detective*, May 6, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 802 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (hearsay). | | |
| 68 | Clifford, Stephanie, N.Y. TIMES, *Another Man Freed as Brooklyn District Attorney's Office Reviews Cases*, June 3, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 69 | Scarcella Nelson Cruz 440 Testimony | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 70 | Charles Hynes Letter to New York Times regarding Scarcella | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 71 | Sundhe Moses 440 Hearing Testimony of Louis Scarcella | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 72 | Decision and Order of the Honorable Shawndya L. Simpson in *People v Bunn,* November 22, 2016 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (character), 802 (hearsay). | | |
| 73 | Vanessa Gathers CRU Report [DEF 11042-67] | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 74 | Robert Hill CRU Report [DEF 11084-99] | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 75 | Scarcella Testimony James Jenkins, March 2, 1988 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, delay, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 76 | James Jenkins 440 Brief and exhibits | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 77 | Jeanette CRU Report [DEF 11068-83] | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (character), 608 (character), 802 (hearsay). | | |
| 78 | David Ranta Verified 8-b Claim | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 79 | Shabaka Shakur 440 Motion and Exhibits | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 80 | Jabbar Washington Scarcella Testimony, July 12, 2017 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 81 | Shawn Williams 440 Affirmation and Exhibits | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 82 | Linwood Wright 440 Motion and Exhibits | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 83 | Jabbar Collins Verified 8-b Claim | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 84 | Hargrave Appellants' Appendices Vol. I-II | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 85 | Robert Hill Verified 8-b Claim | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 86 | Proceedings in Alvena Jenette and Darryl Austin, May 6, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 87 | Decision and Order vacating conviction of Alvena Jennette dated May 6, 2014 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 88 | Trial Testimony of Theresa Gomez in *PSNY v. Darryl Austin and Alvena Jennette*, July 18 and 21, 1988 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 89 | Roger Logan 440 Materials | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 90 | John Bunn 440 Materials | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 91 | Arrest Report [DEF 8345-47] | | FRE 402 (relevance); 802 (hearsay). | | |
| 92 | DeLouisa 330 Hearing Testimony [DEF 739-61, 10333-48] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 93 | DeLouisa 440 Hearing Testimony | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 94 | Edwin Fuentes DD5 1/4/91 [KCDA 1] | | FRE 802 (hearsay). | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 95 | Hearing Testimony of Michael Ross [DEF 605-28] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 96 | Derrick Hamilton DOCCS Facility Transfer Report [DEF 278-282] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 97 | Derrick Hamilton Sentence and Commitment Order [DEF 186-87] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| 98 | Daily News Article "Inmate: I'll go free if witnesses testify" [DEF356] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 99 | Jewel Smith RIP Book DD5 [KCDA 8] | | FRE 802 (hearsay). | | |
| 100 | Canvassing DD5s [KCDA 4-7] | | FRE 402 (relevance), 802 (hearsay). | | |
| 101 | DD5s prepared by DeLouisa [KCDA 12-13, 19-20] | | FRE 802 (hearsay). | | |
| 102 | DeLouisa Personnel & Disciplinary Records [DEF 8683-8745] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 802 (hearsay). | | |
| 103 | Affidavit of Kelly Turner dated June 16, 1995 [DEF 164-67] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 104 | Affidavit of Davette Mahan dated June 14, 1995 [DEF 168] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 105 | Audio Recording of CRU Interview of Davette Mahan | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 106 | Transcript of CRU Interview of Mahan | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 107 | Hearing Testimony of Anne Gutman [DEF 594-604, 718-25] | | FRE 802 (hearsay). | | |
| 108 | Affidavit of Anne Gutmann dated April 8, 1994 | | FRE 802 (hearsay). | | |
| 109 | Affirmation of Anne Gutmann dated December 14, 1998 | | FRE 802 (hearsay). | | |
| 110 | Notice of Alibi Rebuttal regarding Linda Holmes signed by Anne Gutmann (undated) | | FRE 802 (hearsay). | | |
| 111 | Affirmation of Anne Gutmann dated July 1, 1992 | | FRE 802 (hearsay). | | |
| 112 | C.P.L. 640.10 Material Witness Order Certification, Rappaport, J., July 1, 1992 | | FRE 802 (hearsay). | | |
| 113 | Affirmation of Anne Gutmann dated May 14, 1992 | | FRE 802 (hearsay). | | |
| 114 | Affirmation of Anne Gutmann dated June 11, 1997 | | FRE 802 (hearsay). | | |
| 115 | Affirmation of Joseph Ponzi dated December 11, 1998 | | FRE 802 (hearsay). | | |
| 116 | Hearing Testimony of Anne Gutmann | | FRE 802 (hearsay). | | |
| 117 | Ponzi Personnel File [DEF 8348-8682] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 118 | Affidavit of Kim Freeman dated June 29, 1992 [DEF 173] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 119 | Alibi notes regarding Kim Freeman | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 120 | Hearing Testimony of Kim Freeman | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 121 | Alibi Notice, October 21, 1991 [DEF 2157] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | time), 802 (hearsay). | | |
| 122 | Steven Chmil Spiral Notebook, *if it exists* | | FRCP 26(a) (not disclosed); 802 (hearsay). | | |
| 123 | Letter from George Sheinberg to Derrick Hamilton dated December 17, 1993 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 124 | Letter from George Sheinberg to Derrick Hamilton dated April 18, 1994 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 125 | All motion papers filed by Derrick Hamilton during his incarceration, including affidavits and exhibits | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 126 | Hearing Testimony of George Sheinberg | | FRE 802 (hearsay). | | |
| 127 | Orders and decisions issued by Judge Rappaport and other Supreme Court Justices pre- and post-conviction in *PSNY v. Derrick Hamilton* | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 128 | Affidavit of Sharon Goodwin dated July 25, 1995 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 129 | Trial Testimony of Edwin Fuentes | | FRE 802 (hearsay). | | |
| 130 | Bill White Records [HAMILTON 1-518] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 131 | Bass, Paul, New Haven Independent, *The Estupido Caper*, March 13, 2007 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time) 404 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 132 | Bailey, Melissa, New Haven Independent, *Judge Gives Billy White Three Years*, April 28, 2008 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 802 (hearsay). | | |
| 133 | Mangino, Andrew, Yale Daily News, *FBI Raids NHPD Headquarters, Arrests Top Narcotics Cop*, March 14, 2007 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time) 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 134 | Mirkinson, Jack, Yale Daily News, *NHPD Narcotics Team to Partner with State*, April 4, 2007 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 135 | Torbati, June, Yale Daily News, *City Seeks NHPD Review*, April 6, 2007 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time) 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| 136 | Bass, Paul and Stewart, Christine, New Haven Independent, *FBI: Narcotics Cops Stole Money, Took Bribes, Gambled; Billy White Considered Suicidal*, March 13, 2007 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 137 | Billy White Plea Agreement dated October 26, 2007, 3: 07 CV 00089 (JBA) (D.E. #16) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 138 | Bill White Indictments filed April 25, 2007 in cases 3:07 CR 00089 (JBA) and 3:07 CR 00090 (JBA) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 139 | Billy White Criminal Complaint 3:07 CR 00090 (D.E. #1 and attachments) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 140 | Billy White Government Sentencing Memorandum filed April 20, 2008 in case 3:07 CR 00090 (JBA) (D.E. #137) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time) 404 (bad acts), 405 (character), 608 (character), 609 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (conviction), 802 (hearsay). | | |
| 141 | Billy White Criminal Judgment filed April 29, 2018 in 3:07 CR 00089 (JBA) (D.E. #34) | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (conviction), 802 (hearsay). | | |
| 142 | Billy White Hearing Testimony [KCDA 304-27] | | FRE 802 (hearsay) | | |
| 143 | Travel Requisition Documents related to Jewel Smith [KCDA 995-1001] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 144 | Jewel Smith Audio Statement January 4, 1991 | X | | | |
| 145 | Audio Recording of Tashameaka Watson CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 146 | Transcript of Tashameaka Watson CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 147 | Audio Recording of Jewel Smith CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 148 | Transcript of Jewel Smith CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella;*] | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | *Defendant White takes no position.*] | | |
| 149 | Audio Recording of Mattie Dixon CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 150 | Transcript of Mattie Dixon CRU Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 151 | Affidavit of Darren Breeden dated August 10, 1996 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 152 | Kings County District Attorney/Darren Breed Cooperation Letter dated April 28, 1992 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 153 | Hearing Testimony of Darren Breeden | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 154 | Robert Ledee notes regarding Michael Ross, August 11, 1992 [DEF 550] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 155 | Affidavit of Gregory Wright dated August 8, 1992 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 156 | 330 Hearing Testimony of Jewel Smith [DEF 33-58] | X | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 157 | Grand Jury Testimony of Jewel Smith, January 9, 1991 [DEF 541-49] | X | | | |
| 158 | Recantation affidavit of Jewel Smith, April 21, 1993 [DEF 178-79] | X | FRE 402 (relevance), 403 (prejudice, confusion, waste of | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 159 | Trial Testimony of Jewel Smith | X | | | |
| 160 | Jewel Smith statement dated March 25, 1991 [DEF 177] | X | | | |
| 161 | Recantation Letter to Elliot Spitzer by Jewel Smith, September 7, 2007 [DEF 180-83] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 162 | Recantation Letter to Parole Board, September 7, 2007 [DEF 184-85] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 163 | Letter by Jewel Smith, March 30, 2000 to Judges [DEF 10424-25] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 164 | Jewel Smith 440 Hearing Testimony | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes* | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | *no position.*] | | |
| 165 | J. Smith letters (7 multi-page letters) [DEF 11745-11770] | X | | | |
| 166 | July 8, 1992 Colloquy regarding J. Smith Material Witness Warrant [KCDA 1034-35] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 167 | J. Smith's interview by DA's office on 1/4/91 [KCDA 1050-1054] | X | | | |
| 168 | Hamilton Trial Jury Notes | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 169 | Affidavit of Tashameaka Watson, February 18, 2010 [DEF 1954-55] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 170 | Order settling transcript about statement by Anne Gutmann dated June 11, 1997 [DEF 1931] | | FRE 402 (relevance), 802 (hearsay). | | |
| 171 | Transcript of *In Camera* Proceedings during pre-trial and trial in *PSNY v. Hamilton* | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 172 | Receipts from Jewel Smith's deposits to Derrick Hamilton's Commissary, May 2 and June 15, 1991 | X | | | |
| 173 | Transcript of Material witness hearing July 7, 1992, County of Lincoln, North Carolina | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 174 | Amir Johnson Homicide File [DEF 11158-235] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | time), 802 (hearsay). | | |
| 175 | Willie Dawson Homicide File [DEF 11100-11157] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 176 | North Carolina Witness Arrest Warrant dated July 7, 1992 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 177 | Jewel Smith RAP Sheet | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 178 | Affidavit of Mattie Dixon, October 31, 2009 [DEF 171-72] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 179 | Affidavit of Alphonso Dixon, June 24, 1992 | X [*Defendant White Only*] | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella;*] | | |
| 180 | Letter from Dr. Marc Moreau dated June 25, 1992 regarding Alphonso Dixon | X [*Defendant White Only*] | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella;*] | | |
| 181 | Quality Inn receipts [DEF 10495-98] | | FRE 402 (relevance), 403 (prejudice, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | confusion, waste of time). | | |
| 182 | Tawana Smith Affidavit, March 25, 2008 [DEF 11777-11785] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 183 | Affidavit of Beth Merkin, Esq. | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 184 | Hearing Testimony of Beth Merkin, Esq. | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 185 | Hearing Testimony of Robert Holt | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 186 | Hearing Testimony of James Hamilton, Jr. | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 187 | Selected damages photographs and correspondence | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 188 | Selected letters in support of Derrick Hamilton's innocence and application for parole | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 189 | Selected commendations and certificates [DEF 9030-9443] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 190 | Medical Records of Derrick Hamilton, including DEF7435-8297 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 191 | DOCCS Medical & Mental Health Records [DEF 1124-1198] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 192 | Tier 3 Hearing File & Transcript [DEF 118, 1199-1315] | | FRE 402 (relevance), 403 (prejudice, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | confusion, waste of time), 802 (hearsay). | | |
| 193 | Inmate Grievance Records (IGRC) of Derrick Hamilton [DEF 1317-1485] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 194 | DOCCS Psychiatric Records of Derrick Hamilton [DEF 1535-1709] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 195 | Parole Board Hearing Transcript, July 26, 2011 [DEF 1835-46] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 196 | Parole File of Derrick Hamilton | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 197 | Report of Orly Calderon, Psy.D. [DEF 8298-8344] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 198 | Olry Calderon, Psy.D. CV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 199 | Report of Joseph A. Pollini, Police Practices Expert dated May 5, 2017 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 200 | Joseph A. Pollini CV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 201 | Report of Dr. Sanford Drob dated March 29, 2017 and addenda | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 202 | Dr. Sanford Drob CV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 203 | Report of Kristin K. Kucsma and Stephen B. Levinson *An Appraisal of* | | FRE 402 (relevance), 403 (prejudice, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | *Economic Loss to Derrick Hamilton*, dated May 26, 2017, including appendices/schedules and opinion on post-judgment interest dated June 2, 2017 | | confusion, waste of time), 802 (hearsay). | | |
| 204 | Kristin K. Kucsma CV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 205 | Stephen B. Levinson CV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 206 | NYPD Memorandum to Chief of Patrol, dated January 4, 1991 [KCDA 68-70] | | FRE 402 (relevance), 802 (hearsay). | | |
| 207 | *People v. Hamilton*, 115 A.D.3d 12, 979 N.Y.S.2d 97 (2014) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 208 | Trial Exhibit Crime Scene Photos (People's #1-4, 8) | X | | | |
| 209 | Other exhibits from criminal trial and post-trial hearings (*see* DEF 2641) | X | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). [*by New York City Defendants and Defendant Scarcella; Defendant White takes no position.*] | | |
| 210 | Demonstrative: 215 Monroe Vestibule, steps and curb | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 211 | Demonstrative: Cadaver model of Nathaniel Cash bullet wounds | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 212 | Gonnerman, Jennifer, The New Yorker, *Home Free,* May 28, 2018 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (propensity), 405 (character), 608 (character), 802 (hearsay). | | |
| 213 | Homicide Bureau Information Sheet, January 15, 1991 | | FRE 802 (hearsay). | | |
| 214 | Autopsy Report of Dr. Virani [KCDA 44-53] | | 802 (hearsay). | | |
| 215 | People's Exhibit 7, photographs of ballistic evidence recovered, marked H-1 through H-15 [DEF 2520-22] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time). | | |
| 216 | Elnora Douglas Hearing Testimony | | RE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 217 | Mollen Commission Report, July 1994 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 218 | Annual Reports of the Mayor's Commission to Combat Police Corruption | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 219 | Defendants' Initial and Supplemental Disclosures and Discovery Responses | | FRE 402 (relevance), 403 (confusion, waste of time). | | |
| 220 | All 330, 440, appeal and *habeas* petitions submitted by Derrick Hamilton, with supporting exhibits and affidavits, in connection with Kings County Supreme Court indictment 142/91, *PSNY v. Derrick Hamilton*, and all opposing papers | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 221 | All minutes of pre-trial, trial and post-trial proceedings under Kings County Supreme Court indictment 142/91, *PSNY v. Derrick Hamilton* | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 222 | CRU Investigation Notes and | | FRE 402 (relevance), | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | Interoffice Correspondence [KCDA 953-1001] | | 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 223 | Prison Notifications to Derrick Hamilton regarding the death of James Hamilton, Jr. and Denial of his Funeral Attendance Request [DEF 3652, 3655] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 224 | Selected prison correspondence and grievances | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 225 | Demonstrative: Map and street view photographs of the vicinity of 215 Monroe | | FRE 402 (relevance), 403 (confusion). | | |
| 226 | Pleadings in the instant matter, 15 CV 4574 (CBA) (SJB) | | FRE 402 (relevance), 403 (confusion, waste of time), 802 (hearsay). | | |
| 227 | Derrick Hamilton's certifications | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 228 | Complete set of NYPD and KCDA Reports, Witness Statements, Notes and Diagrams from the Investigation of the Murder of Nathaniel Cash produced in discovery | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 229 | Knapp Commission Report | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 230 | Selected evidence of Mr. Hamilton's education, advocacy and community service | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |
| 231 | Statement by Brooklyn District Attorney Ken Thompson Regarding | | FRCP 26(a) (not disclosed); FRE 402 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | the Exoneration of Derrick Hamilton dated January 9, 2015 | | (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay). | | |

New York City Defendants' Exhibits:

City defendants do not waive objections to any exhibits on this list and reserve the right to offer any exhibit listed on plaintiff's and co-defendants' exhibit lists.

City defendants reserve the right to introduce any deposition, hearing or trial testimony from the underlying prosecution, post-conviction proceedings and parallel civil litigation against plaintiff in his case in chief, and to use any prior sworn testimony of any witness for purposes of impeachment. City defendants reserve the right to utilize any and all designated deposition testimony listed by plaintiff and co-defendants as well as any and all testimony from plaintiff's criminal trial, subject to witness availability, the Federal Rules of Evidence, Rule 26 of the Federal Rules of Civil Procedure and rulings on in limine motions and objections.

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|---|---|---|---|---|---|
| FD-A | Plaintiff's Verified Claim for Damages/8-b Claim against NY State (DEF33-283) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-B | Plaintiff's Notice of Claim (DEF1828-34) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-C | Plaintiff's Notice of Alibi (DEF2157) | X | | | |
| FD-D | Plaintiff's DOCCS File (DEF2743-8297) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-E | Letter from plaintiff to Sharon Goodwin (DEF5114-19) | | FRE 501 (spousal privilege), 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts, 405 (character), 802 (hearsay) | | |
| FD-F | Plaintiff's Rap Sheet (DEF10621-10644) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of | | |

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | time), 404 (bad acts), 609 (conviction), 802 (hearsay) | | |
| FD-G | Audio Recording of Jerry Douglas Interview | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 609 (conviction), 802 (hearsay) | | |
| FD-H | Jewel Smith's Correspondence with Plaintiff (DEF11745-11770) | X | | | |
| FD-I | Hamilton's CPL §§ 440 and 330 Motions and transcripts (including affidavits in support of motions, reply affidavits and associated documents) | X | | | |
| FD-J | Plaintiff's 50-h Transcript (DEF 810-1110) | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| FD-K | Plaintiff's verified bill of particulars (DEF112-17) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-L | DD5 relating to Jerry Douglas and identification of Hamilton, including photo array (KCDA12-14) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-M | DD5 with anonymous caller – "Bush shot Nathaniel" (KCDA10) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-N | Selected Entries from the Diary of Felicia Shuler (DEF 11771-76) | X | | | |
| FD- | Testimony of Felicia Shuler at CPL | X | | | |

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|---|---|---|---|---|---|
| O | 440 proceeding | | | | |
| FD-P | Testimony of Taseem Douglas at CPL 440 proceeding (KCDA 158-241) | X | | | |
| FD-Q | Affidavit of Taseem Douglas (DEF 11236-37) | X | | | |
| FD-R | Affidavit of Kelly Turner (DEF 165-167) | X | | | |
| FD-S | Unsigned affidavit of Kelly Turner (Turner Dep. Exh. 6) | X | | | |
| FD-T | Audio recording of Kelly Turner interview with CRU | X | | | |
| FD-U | Affidavit of Davette Mahan (DEF 168) | X | | | |
| FD-V | Audio recording of Davette Mahan interview with CRU | X | | | |
| FD-W | Affidavit of Kim Freeman (DEF 173) | X | | | |
| FD-X | Testimony of Kim Freeman at CPL 440 proceeding (KCDA 643-695) | X | | | |
| FD-Y | Handwritten statement by Jewel Smith to George Sheinberg (DEF 177) | X | | | |
| FD-Z | Testimony of Jewel Smith at CPL 330 proceeding | X | | | |
| FD-AA | Testimony of Jewel Smith at plaintiff's trial | X | | | |
| FD-BB | Jewel Smith's victim impact statement (DEF 184-185) | X | | | |
| FD-CC | Letter from Jewel Smith to Elliot Spitzer (DEF 180-183) | X | | | |
| FD-DD | Audio recording of Jewel Smith interview with ADA Thomas Luzio | X | | | |
| FD-EE | Audio recording of Jewel Smith interview with Rogelio Torres | X | | | |
| FD-FF | Jewel Smith Affidavit of Recantation to Robert Holt | X | | | |
| FD-GG | Various letters from Jewel Smith to Derrick Hamilton (DEF11745-70) | X | | | |
| FD-HH | Testimony of George Sheinberg at 330 proceeding | X | | | |
| FD-II | Spreadsheet provided by plaintiff on October 12, 2017 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of | | |

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | time), 802 (hearsay) | | |
| FD-JJ | Affidavit of Alphonso Dixon | X | | | |
| FD-KK | Affidavit of Mattie Dixon | X | | | |
| FD-LL | Affidavit of Tashameaka Watson | X | | | |
| FD-MM | Letter from Mattie Dixon to DA Charles Hynes | X | Plaintiff objects only on the grounds that this exhibit is not identified by Bates number. To the extent it refers to evidence exchanged in discovery, plaintiff stipulates to admission. | | |
| FD-NN | Comfort Inn hotel receipts dated January 3, 1991 to January 5, 1991 | X | | | |
| FD-OO | Transcript of Audio Statement of Mattie Dixon to the KCDA Conviction Review Unit | X | | | |
| FD-PP | Affidavit of Tawana Smith (DEF 11777-85) | X | | | |
| FD-QQ | Testimony of Sharon Goodwin at CPL 440 proceeding | X | | | |
| FD-RR | April 3, 2001 Affidavit of Derrick Hamilton re: Indictments 5010/82 and 2681/81 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-SS | Deposition testimony of Derrick Hamilton in 8-b proceeding | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|---|---|---|---|---|---|
| FD-TT | October 10, 2000 Affidavit of Derrick Hamilton in Connecticut Docket # FAA 00 04416275 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-UU | Testimony of Michael Ross in CPL 330 proceeding | X | | | |
| FD-VV | Testimony of Beth Merkin in CPL 440 proceeding | X | | | |
| FD-WW | Testimony of Darren Breeden in CPL 440 proceeding | X | | | |
| FD-XX | Don't Get Your Elevator Stuck on Stupid by Iselyn Lundie | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 802 (hearsay) | | |
| FD-YY | Video recording of Derrick Hamilton interview with Dr. Mary Tramontin | | In assenting to a videotaped interview, plaintiff relied on Dr. Tramontin's representation that the footage would be shared only with his legal team for "transparency."<br><br>FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-ZZ | 2014 1099-MISC for Derrick Hamilton from the Novo Law Firm | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-AAA | 2015 1099-MISC for Derrick Hamilton from the Novo Law Firm | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD- | 2016 1099-MISC for Derrick | | FRE 402 (relevance), | | |

| Ex# | Description | Stipulated | Plaintiff Objection | ID | Evid. |
|------|-------------|------------|---------------------|----|-------|
| BBB | Hamilton from the Novo Law Firm | | 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-CCC | 2014 1099-MISC for Derrick Hamilton from Edelstein & Grossman | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| FD-DDD | Parole Hearing Transcript [Oct. 18, 2011] (DEF448-69) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | | |

Defendant Scarcella's Exhibits:

*Det. Scarcella does not waive objections to any exhibits on this list and reserves the right to offer any exhibit listed on plaintiff's and co-defendants' exhibit lists. Det. Scarcella reserves the right to offer any exhibit not listed herein based on any in limine motion.*

*Det. Scarcella reserves the right to introduce any deposition, hearing or trial testimony from the underlying prosecution, post-conviction proceedings and parallel civil litigation against plaintiff in his case in chief, and to use any prior sworn testimony of any witness for purposes of impeachment. Det. Scarcella reserves the right to utilize any and all designated deposition testimony listed by plaintiff and co-defendants as well as any and all testimony from plaintiff's criminal trial, subject to witness availability, the Federal Rules of Evidence, Rule 26 of the Federal Rules of Civil Procedure and rulings on in limine motions and objections.*

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|------|-------------|------------|---------------------|----|-------|
| LS-A | DD5-Smith's statement to Det. DeLouisa at precinct on 1/4/91 [KCDA 2] | X | | | |
| LS-B | Det. DeLouisa's handwritten notes of Smith's statement to him at precinct on 1/4/91 [KCDA 3] | X | | | |
| LS-C | Det. Scarcella's memo book entries for the Cash homicide investigation [DEF 11268-11291] | X | | | |
| LS-D | Det. DeLouisa's memo book entries for the Cash homicide investigation [DEF 11238-11267] | X | | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| LS-E | Det. Scarcella's testimony at *Wade* hearing and decision made on the record on 7/1/92 | X | | | |
| LS-F | Det. Scarcella's testimony at Hamilton's criminal trial on 7/14/92 | X | | | |
| LS-G | Det. Scarcella's affidavit sworn to on 4/7/94 | X | | | |
| LS-H | Det. Scarcella's testimony at 330 hearing on 6/4/93 | X | | | |
| LS-I | Det. Scarcella's testimony at 440 hearing on 7/18/95 | X | | | |
| LS-J | DD5-interview of unidentified witness on 1/5/91 [KCDA 9] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-K | DD5-statement of anonymous caller on 1/11/91 [KCDA 10] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-L | DD5-Jerry Douglas interview at precinct on 1/14/91 [KCDA 12] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-M | DD5-Jerry Douglas photo ID at precinct on 1/14/91 [KCDA 13-14] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-N | Det. Scarcella's NYPD personnel files | | FRE 402 (relevance), 403 (prejudice, waste of time, confusion), 608 (bolstering), 802 (hearsay) | | |
| LS-O | Det. Scarcella's IAB Officer Resume | | FRE 402 (relevance), 403 (prejudice, waste of time, confusion), 608 (bolstering), 802 (hearsay) | | |
| LS-P | Det. Scarcella's CRB Officer History | | FRE 402 (relevance), 403 (prejudice, waste of time, confusion), 608 (bolstering), 802 (hearsay) | | |
| LS-Q | Det. Scarcella's CPI Round Robin Report | | FRE 402 (relevance), 403 (prejudice, waste | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | of time, confusion), 608 (bolstering), 802 (hearsay) | | |
| LS-R | Det. DeLouisa's testimony at 440 hearing on 8/1/95 | X | | | |
| LS-S | DD5-Smith photobook identification at precinct on 1/4/91 [KCDA 8] | X | | | |
| LS-T | Audio recording of Smith interview at the precinct on 1/4/91 | X | | | |
| LS-U | Transcript of Smith interview at the precinct on 1/4/91 | X | | | |
| LS-V | Transcript of Jerry Douglas interview at the precinct on 1/14/91 | X | | | |
| LS-W | KCDA CRU Report | X | Subject to *in limine* rulings and appropriate redactions. | | |
| LS-X | Audio recording of Smith CRU interview | X | | | |
| LS-Y | Smith's testimony at 330 hearing on 6/3/93[DEF 33-58] | X | | | |
| LS-Z | Smith's grand jury testimony on 1/9/91 [DEF 541-49] | X | | | |
| LS-AA | Excerpt from the book "Don't Let Your Elevator Get Stuck On Stupid" | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 802 (hearsay) | | |
| LS-BB | Smith recantation affidavit sworn to on 4/21/93 [DEF 178-79] | X | | | |
| LS-CC | Smith's testimony at Hamilton's criminal trial on 7/9/92 | X | | | |
| LS-DD | Smith's testimony at Hamilton's criminal trial on on 7/13/92 | X | | | |
| LS-EE | Smith's statement signed at George Sheinberg's office dated 3/25/91 [DEF 177] | X | | | |
| LS-FF | Smith's letter to Eliot Spitzer dated 9/7/07 [DEF 180-83] | X | | | |
| LS- | Smith's letter to Parole | X | | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| GG | Commissioners dated  9/7/07 [ [DEF 184-85] | | | | |
| LS-HH | Smith's testimony at the 330 hearing | X | | | |
| LS-II | Smith's letters to Hamilton admitted at Hamilton's criminal trial [DEF 11745-11770] | X | | | |
| LS-JJ | Colloquy to adjudicate Smith a material witness [KCDA 1034-35] | X | | | |
| LS-KK | Receipts from Jewel Smith's deposits to Hamilton's Commissary on 5/2/91 and 6/15/91 May 2 and June 15, 1991 | X | | | |
| LS-LL | Transcript of material witness hearing on 7/7/92 in County of Lincoln, North Carolina | X | | | |
| LS-MM | North Carolina witness arrest warrant dated 7/7/92 | X | | | |
| LS-NN | Smith's rap sheet | X | | | |
| LS-OO | Beth Merkin's testimony at 440 hearing on 9/13/95 | X | | | |
| LS-PP | Joseph Ponzi's testimony at 330 hearing on or about 6/4/93 | X | | | |
| LS-QQ | Ann Gutmann's testimony at 330 hearing on or about 6/4/93 | X | | | |
| LS-RR | New Haven police records re: 5/11/89 shooting | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |
| LS-SS | Statement of Mattie Wright dated May 11, 1989 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |
| LS-TT | Statement of Barbara Wright dated May 11, 1989 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |
| LS-UU | Transcript of Hamilton's 50-H hearing testimony | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| LS-VV | Transcript of Hamilton's deposition testimony in 8-b case against the State of New York | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| LS-W W | Transcript of Hamilton's deposition testimony in this action | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| LS-XX | Transcript of Hamilton's testimony in deposition taken on or about 9/26/07 and exhibits thereof | | FRCP 26(a) (not disclosed); The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | redactions and the limitations of FRCP 32. | | |
| LS-YY | Picture of Hamilton and others | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| LS-ZZ | Letter from Hamilton to Ms. Wyatt dated 4/20/97 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| LS-AAA | Letter from Hamilton to "Wemo" dated 4/20/97 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| LS-BBB | Letter from Hamilton to Sharon Hamilton dated 4/2/00 | | FRE 501 (spousal privilege), 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts, 405 (character), 802 (hearsay) | | |
| LS-CCC | Hamilton statement from CT divorce action dated 10/10/00 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (character), 802 (hearsay), 901 (authentication) | | |
| LS-DDD | Hamilton tax returns and supporting documentation | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-EEE | New Haven Police Department records of Hamilton's March 1991 arrest | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-FFF | Hamilton's rap sheet | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | | |
| LS-GGG | Hamilton's Response to Defendant Scarcella's Request for Admissions | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-HHH | Taseem Douglas affidavit dated 9/10/93 | X | | | |
| LS-III | Taseem Douglas testimony at 440 hearing | X | | | |
| LS-JJJ | Colloquy following Taseem Douglas testimony at 440 hearing | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay); Usurps role of jury. | | |
| LS-KKK | Taseem Douglas's rap sheet | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | | |
| LS-LLL | Taseem Douglas conviction, NNH - CR96-0440880-T | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | | |
| LS-MMM | Transcript of Smith's deposition testimony in this action | | FRCP 32 (not an adverse party) | | |
| LS-NNN | Transcript of Joseph Ponzi's deposition testimony in this action | | FRCP 32 (not an adverse party) | | |
| LS-OOO | Transcript of Det. DeLouisa's deposition testimony in this action | | FRCP 32 (not an adverse party) | | |
| LS-PPP | Transcript of Det. Scarcella's deposition testimony in this action | | FRCP 32 (not an adverse party); FRE 608 (bolstering) | | |
| LS-QQQ | Transcript of Taseem Douglas's deposition testimony in this action | | FRCP 32 (not an adverse party) | | |
| LS-RRR | Transcript of George Sheinberg's deposition testimony in this action | | FRCP 32 (not an adverse party) | | |
| LS-SSS | Complaint filed in CV-01-5579 dated 8/12/01 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| LS-TTT | Amended Complaint filed in 06-CV-0805 dated 11/30/06 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, | | |

| Ex# | Description | Stipulated | Defendant Objection | ID | Evid. |
|---|---|---|---|---|---|
| | | | waste of time), 802 (hearsay) | | |

New Haven Defendants' Exhibits:

*The New Haven defendants do not waive objections to any exhibits on this list and reserve the right to offer any exhibit listed on co-defendants and plaintiff's exhibit lists.*

*The New Haven defendants reserve the right to introduce any deposition, hearing or trial testimony from the underlying prosecution, post-conviction proceedings and parallel civil litigation against any party opponent in their cases in chief, and to use any prior sworn testimony of any witness for purposes of impeachment. The New Haven defendants also reserve the right to utilize any and all designated deposition testimony listed by co-defendants and plaintiff, as well as any and all testimony from plaintiff's criminal trial, subject to witness availability, the Federal Rules of Evidence, Rule 26 of the Federal Rules of Civil Procedure and rulings on in limine motions and objections.*

| Ex # | Description | Stipulated | Objection | ID | Evid. |
|---|---|---|---|---|---|
| BW-A | Audio Recording of Mattie Dixon CRU Interview | X | | | |
| BW-B | Transcript of Mattie Dixon CRU Interview | X | | | |
| BW-C | Affidavit of Mattie Dixon, October 31, 2009 | X | | | |
| BW-D | Affidavit of Alphonso Dixon, June 24, 1992 | X | | | |
| BW-E | Letter from Dr. Marc Moreau dated June 25, 1992 regarding Alphonso Dixon | X | | | |
| BW-F | New Haven Police Records re: 5/11/89 Shooting | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |
| BW-G | Statement of Mattie Wright dated May 11, 1989 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |

| | | | | | |
|---|---|---|---|---|---|
| BW-H | Statement of Barbara Wright dated May 11, 1989 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay) | | |
| BW-I | Alphonso Dixon Quality Inn Receipts | X | | | |
| BW-J | Book Excerpts Written by Derrick Hamilton of "Don't Let Your Elevator Get Stuck on Stupid," Iselyn Hamilton Lundy | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 802 (hearsay) | | |
| BW-K | Notice of Alibi dated October 21, 1991, Indictment No. 142-91 | X | | | |
| BW-L | Transcript of Derrick Hamilton 50-H Hearing | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| BW-M | Taseem Douglas affidavit dated September 10, 1993 (DEF 11236-37) | X | | | |
| BW-N | Taseem Douglas Testimony 440.10 Hearing Testimony | X | | | |
| BW-O | Colloquy following Taseem Douglas 440.10 Hearing Testimony | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay); Usurps role of jury. | | |
| BW-P | Complaint, CV-01-5579 dated August 12, 2001 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| BW-Q | Picture of Derrick Hamilton and others | | FRCP 26(a) (not disclosed), FRE 402 | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| BW-R | Letter from Derrick Hamilton to Ms. Wyatt dated April 20, 1997 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| BW-S | Letter from Derrick Hamilton to "Wemo" dated April 20, 1997 | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | | |
| BW-T | Letter from Derrick Hamilton to Sharon Goodwin dated April 24, 2000 | | FRE 501 (spousal privilege), 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts, 405 (character), 802 (hearsay) | | |
| BW-U | Transcript of Derrick Hamilton Deposition dated September 26, 2007 and Exhibits Thereof | | The witness will testify in person. To the extent any portion of this testimony is admitted, it should be subject to appropriate line-by-line objections and redactions and the limitations of FRCP 32. | | |
| BW-V | Amended Complaint dated November 30, 2006, 06-CV-0805 | | FRCP 26(a) (not disclosed); FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| BW-W | Derrick Hamilton Statement dated October 10, 2000 from Conn. | | FRCP 26(a) (not disclosed), FRE 402 | | |

| | | | | |
|---|---|---|---|---|
| | Divorce Action | | (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 802 (hearsay), 901 (authentication) | |
| BW-X | Taseem Douglas Conviction, NNH-CR96-0440880-T | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | |
| BW-Y | Derrick Hamilton Tax Returns and Supporting Documentation | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | |
| BW-Z | Derrick Hamilton New Haven Police Department Records of March 19919 Arrest | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | |
| BW-AA | Derrick Hamilton Rap Sheet (DEF10621-10644) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 609 (conviction), 802 (hearsay) | |
| BW-BB | Taseem Douglas Rap Sheet | | FRCP 26(a) (not disclosed), FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts), 405 (character), 608 (character), 609 (convictions), 802 (hearsay) | |
| BW-CC | Plaintiff's Verified Claim for Damages/8-b Claim against NY State (DEF33-283) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | |

| BW-DD | Plaintiff's Notice of Claim (DEF1828-34) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
|---|---|---|---|---|---|
| BW-EE | Plaintiff's Notice of Alibi (DEF2157) | X | | | |
| BW-FF | Plaintiff's DOCCS File | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| BW-GG | Letter from plaintiff to Sharon Goodwin (DEF5114-19) | | FRE 501 (spousal privilege), 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (bad acts, 405 (character), 802 (hearsay) | | |
| BW-HH | Plaintiff's verified bill of particulars (DEF112-17) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) | | |
| BW-II | All Sworn Deposition Transcripts, 15 CV 4574  (CBA) | | FRCP 32 (limitations on use of deposition testimony) | | |

Dated:          June 6, 2019
                New York, New York

                                    Respectfully submitted,


                                        /s/
                                    Raymond Panek
                                    Gabriel P. Harvis
                                    Baree N. Fett
                                    Elefterakis, Elefterakis & Panek
                                    80 Pine Street, 38th Floor
                                    New York, New York 10005
                                    ray@eeplaw.com
                                    gharvis@eeplaw.com
                                    bfett@eeplaw.com
                                        (o) (212) 532-1116
                                        (f) (212) 532-1176

                                    *Attorneys for plaintiff Derrick Hamilton*



                                        /s/
                                    Dennis M. Durao
                                    Federal Bar No.: ct29271
                                    James N. Tallberg
                                    Federal Bar No.: ct17849
                                    Karsten & Tallberg, LLC
                                    500 Enterprise Drive, Ste. 4B
                                    Rocky Hill, CT 06067
                                    T: (860)233-5600
                                    F: (860)233-5800
                                    ddurao@kt-lawfirm.com
                                    jtallberg@kt-lawfirm.com

                                    *Attorney for City of New Haven and
                                    William White*

                                        /s/
                                    Philip R. DePaul
                                    Kiran Rosenkilde
                                    New York City Law Department
                                    100 Church Street
                                    New York, NY 10007

pdepaul@law.nyc.gov
krosenki@law.nyc.gov
(212) 356-2413 / 2334
(212) 356-3509 (fax)

*Attorneys for City of New York and Frank
DeLouisa*

　　/s/
Bryan Ha
Richard E. Signorelli
LAW OFFICE OF
RICHARD E. SIGNORELLI
52 Duane Street, 7th Floor
New York, NY 10007
Telephone:    212 254 4218
Facsimile:    212 254 1396
Cellular:    646 245 7443 (Bryan Ha)
bhanyc@gmail.com
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠

*Attorneys for defendant Det. Louis Scarcella
(Ret.)*

SO ORDERED:

_____
HON. CAROL BAGLEY AMON
U.S. DISTRICT JUDGE