

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Angharad Wilson
*Senior Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

June 24, 2019

**BY ECF**
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Derrick Hamilton v. City of New York</u>, *et al.*
               15-cv-4574 (CBA)(SJB)

Your Honor:

        I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys representing Defendants City of New York and former Detective Frank DeLouisa ("City Defendants") in this action. City Defendants write in opposition to plaintiff's letter-motion of today, June 24, 2019 (Docket Entry No. 138), which purports to move to compel attendance of an individual from the New York City Office of the Comptroller at the settlement conference in this matter that is scheduled for July 12, 2019.

        First, as plaintiff appears to acknowledge in his letter, the Comptroller's Office does not resolve the issue of settlement alone – rather the decision is made by executives at the Law Department in conjunction with the Comptroller's Office. That being said, simply having a representative of the Comptroller's Office present will not result in any more productive settlement talks as plaintiff appears to suggest. Being mindful of the collaborative settlement process, both offices will meaningfully assess this matter prior to the scheduled conference and provide defense counsel with the settlement authority City defendants believe is warranted here. In the event that additional authority is contemplated, the necessary executives of both offices will be available by phone.

        Second, plaintiff's rationale that a Comptroller representative be present in order to hear plaintiff's view of the case firsthand is misplaced. Given that this matter has been proceeding for approximately four years, plaintiff has sent several detailed demand letters to the City defendants, the parties have engaged in multiple settlement discussions, and summary

judgment motions were fully briefed and decided by the Court, both the Law Department and Comptroller's Office are thoroughly aware of the issues and/or plaintiff's position in this matter. Further, to the extent that any additional information or analysis arises at the conference, contrary to plaintiff's concerns, defense counsel is more than capable of conveying such information to the appropriate individuals via phone.

   Third, as the Court is undoubtedly aware, the Corporation Counsel's office routinely settles cases, including multi-million dollar cases, without a representative of the Comptroller's Office in attendance. Indeed, defense counsel in this case are well versed in the issues involved in alleged wrongful conviction cases and have successfully settled a number of such cases without the presence of a Comptroller's Office representative. As such, City defendants respectfully request that the Court deny plaintiff's instant motion.

   Thank you for your consideration of this matter.

              Respectfully submitted,

                 /s

              Angharad Wilson
              Senior Counsel

cc:  V<small>IA</small> ECF
   All Counsel of Record