*Receipt*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM, PART 39

THE PEOPLE OF THE STATE OF NEW YORK

-against-

SHAWN WILLIAMS,

                       Defendant.

AFFIRMATION IN OPPOSITION TO MOTION TO VACATE JUDGMENT

Kings County Indictment Number 11731/93

SETH M. LIEBERMAN, an attorney admitted to practice in the courts of the State of New York, and an assistant district attorney in the Kings County District Attorney's Office, affirms the following to be true under the penalties of perjury:

1. I submit this affirmation in opposition to defendant's amended motion, dated January 4, 2017, for an order vacating his judgment of conviction pursuant to C.P.L. § 440.10 ("440 motion").

2. I make the following statements on information and belief based on the records and files of the Kings County District Attorney's Office, and on a conversation with Assistant District Attorney Lance Ogiste.

3. On July 9, 1993, shortly after midnight, in the lobby of 1245 Eastern Parkway, in Brooklyn, defendant, acting in

46. According to counsel for defendant on his 440 motion, counsel did not interview Smith until January 14, 2014, which was approximately five years after the date when Smith first purportedly informed defendant that she had "falsely testif[ied] that [she] had seen [defendant] the night of Mason's murder" (440 Memorandum of Law at 10; Defendant's 440 Exhibit A at ¶ 19).

47. On May 29, 2014, counsel for defendant on his 440 motion first provided the District Attorney's Office with a copy of Smith's affidavit (440 Memorandum of Law at 14).

48. On May 10, 2017, A.D.A. Ogiste, who was the prosecutor at defendant's trial, informed me that he did not remember whether or not, before trial, he had informed defendant's trial attorney, Edward Friedman, about the material witness order regarding Smith. A.D.A. Ogiste also stated that he would not have had any reason to avoid disclosing the material witness order to Mr. Friedman.

49. The Conviction Review Unit of the Kings County District Attorney's Office ("C.R.U.") has completed review of forty-one other cases in which Detective Scarcella was involved in the police investigation. In thirty-four of those forty-one cases, the District Attorney's Office has concluded that it will

defend the conviction. In the other seven of those forty-one cases, the District Attorney's Office has consented to vacatur of the judgment of conviction. In each of those forty-one cases, the decision of the District Attorney's Office regarding whether to defend the conviction or to consent to vacatur was based on consideration of all of the facts and circumstances of the case. In each of the seven cases in which Detective Scarcella was involved in the police investigation and in which the District Attorney's Office has consented to vacatur of the judgment of conviction--namely, the cases of Robert Hill, Darryl Austin, Alvena Jennette, Roger Logan, Vanessa Gathers, Carlos Davis, and Derrick Hamilton--the decision to consent to vacatur was for reasons not related to any alleged misconduct by Detective Scarcella. In addition, in another case in which Detective Scarcella was involved in the police investigation-- the case of David Ranta--the District Attorney's Office, before the creation of the C.R.U. in its current form, also consented to vacatur of the judgment of conviction; but in that case, too, the decision to consent to vacatur was for reasons not related to any alleged misconduct by Detective Scarcella.

50. The People dispute the allegations of fact advanced by defendant in support of his motion: 1) that it would have been

Consequently, and for the reasons set forth in the accompanying memorandum of law, the People oppose defendant's motion to vacate his judgment of conviction, and this Court should reject, without a hearing, all of defendant's claims, except for two of his claims--namely, the claim based on Smith's recantation and the claim based on the purported unconstitutionally suggestive identification procedure--and the People consent to an evidentiary hearing solely with respect to the disputed factual issues presented by those two claims.

Dated:  Brooklyn, New York
        May 15, 2017

*Seth M. Lieberman*
Seth M. Lieberman
Assistant District Attorney
(718) 250-2516