eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

October 22, 2019

BY ECF
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Hamilton v. City of New York, et al.*, 15 CV 4574 (CBA) (SJB)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write to respectfully respond to the City of New York's letters (DE #166 and 169), as well as the letters filed by defendants White (DE #165) and Scarcella (DE #170).

### Evidence of Plaintiff's Innocence is Admissible in the Liability Phase

  At oral argument on October 8, 2019, the Court correctly articulated the key question on the admissibility of innocence evidence in the liability phase: Will defendants argue guilt? This inquiry, like the case law, acknowledges the basic unfairness that will result if defendants are permitted to argue guilt with the counterargument precluded. *See* Plaintiff's Trial Brief (DE #159) at Point III, pp. 18-22 (collecting cases).

  In their letter, defendants fail to answer this question, or to cite a single case in which such evidence has ever been excluded. Rather, defendants concede (at p. 3) the basic premise that "proof of innocence…support[s] an inference that incriminating evidence was false or fabricated" but take the position (at p. 1) that "regardless of relevance" such evidence should be excluded because defendants are not subjectively convinced of plaintiff's innocence. This argument should be rejected out of hand.

Hon. Carol Bagley Amon
Oct. 22, 2019

First, proof of Mr. Hamilton's innocence is on par with that presented in the various circuit court cases mandating the admission of innocence evidence. Indeed, the late Hon. Kenneth P. Thompson explained that his office "carefully analyzed the scene of the crime" and moved to vacate the conviction "based on the scientific and medical evidence" contradicting the State's case at trial.[1] The Second Department, moreover, found the very evidence at issue here sufficiently compelling to warrant the creation a new post-conviction remedy for the factually innocent. *People v. Hamilton*, 115 A.D.3d 12, 27, 979 N.Y.S.2d 97, 108–09 (2d Dep't 2014) ("Here, the defendant has made a prima facie showing [of innocence] based upon evidence of a credible alibi and manipulation of the witnesses, and the fact that the witness against him has recanted.").

It would be error to preclude innocence evidence in the liability phase for a second reason. As this Honorable Court explained in its decision denying summary judgment, "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." *Hamilton v. City of New York*, 15 CV 4574 (CBA) (SJB), 2019 WL 1452013, *27 (E.D.N.Y. Mar. 19, 2019) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (internal quotation marks omitted)); *see also e.g., Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (same). There is no question that defendants will argue that probable cause privileged plaintiff's prosecution – in fact, it will be the core of their defense. As such, plaintiff must be permitted to meet that argument with relevant evidence suggesting that defendants failed to conduct a reasonable investigation of available evidence, including witnesses. *See id.* ("The existence of probable cause must be determined by reference to the totality of the circumstances.") (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).

## "Similar Act" Evidence is Admissible under Fed. R. Civ. P. 404(b)

As courts in this circuit have repeatedly held: "A civil rights plaintiff is entitled to prove by extrinsic evidence that the defendant acted for the purpose of causing harm. Indeed, the exclusion of such evidence may affect the substantial rights of the plaintiff under Rule 103(a)." *Lombardo v. Stone*, 99 CV 4603 (SAS), 2002 WL 113913, *6 (S.D.N.Y. Jan. 29, 2002) (citations omitted) (collecting cases); *id.* ("Similar act evidence offered to show a defendant's intent is admissible in a section 1983 case because the defendant's intent is a relevant element of the constitutional tort.") (citing *O'Neill v. Krzeminski,* 839 F.2d 9, 11 n. 1 (2d Cir. 1988)); *see also, e.g.,*

---

[1] *See* http://www.brooklynda.org/wp-content/uploads/2015/03/Statement-by-DA-Thompson-Regarding-the-Exoneration-of-Derrick-Hamilton.pdf.

Hon. Carol Bagley Amon
Oct. 22, 2019

*Ismail v. Cohen*, 899 F.2d 183, 188–89 (2d Cir. 1990) (affirming the admission of similar act evidence in civil rights case to show "pattern, intent, absence of mistake, etc.").

The argument against admission of Scarcella's similar act evidence, improperly advanced by defendant DeLouisa,[2] does not even attempt to address the core issues of defendants' intent and malice, which plaintiff must establish at trial in order to prevail. *Hudson v. New York City*, 271 F.3d 62, 69 (2d Cir. 2001) ("all Fourth Amendment violations require intentional *actions* by officers, rather than 'the accidental effects of otherwise lawful government conduct'") (citation omitted) (emphasis in original); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997) ("To succeed on a malicious prosecution claim, the plaintiffs also must demonstrate that the proceeding was instituted with malice."). Viewed in this context, the evidence should be admitted.

DeLouisa raises several disingenuous points, none of which have merit. First, he argues that only Scarcella is alleged to have coerced Jewel Smith, when this Honorable Court's opinion makes clear that DeLouisa is also potentially liable for that misconduct. *Hamilton*, 2019 WL 1452013 at *18 ("A jury could conclude that…DeLouisa coerced Smith…"). Second, DeLouisa argues that absence of mistake is not at issue because the coercion is denied, ignoring the affirmative defenses in the JPTO that the individual defendants acted in good faith, which suggest that any resulting harm was inadvertent. Third, DeLouisa argues lack of similarity between Scarcella's prior witness tampering and the events involving Jewel Smith but, as other courts have rightfully concluded, the conduct at issue is functionally identical. *See People v. Hargrove*, 49 Misc. 3d 1208(A), 26 N.Y.S.3d 726 (N.Y. Sup. Ct. 2015), *aff'd*, 162 A.D.3d 25, 75 N.Y.S.3d 551 (N.Y. App. Div. 2018) ("In each of those cases, Detective Scarcella procured identification testimony that was false and was predominantly the basis for their conviction. All the cases the District Attorney's office [has] vacated involved unreliable or false identification testimony facilitated by Detective Scarcella.").

Lastly, DeLouisa cites Rule 403, but this too is unavailing. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) ("As the terms of [Rule 403] indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and

---

[2] "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third-parties." *Powers v. Ohio,* 499 U.S. 400, 410 (1991) (citations omitted); *accord Farrell v. Burke,* 449 F.3d 470, 494 (2d Cir. 2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties.").

Hon. Carol Bagley Amon
Oct. 22, 2019

the prejudice must be unfair."); *United States v. Cruz-Garcia,* 344 F.3d 951, 956 (9th Cir. 2003) ("That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair' – that is, based on something other than its persuasive weight."). Here, any possibility that the jury might conflate Scarcella's similar acts with DeLouisa's conduct could easily be resolved through an appropriate jury instruction. *See, e.g., United States v. Rosenwasser,* 550 F.2d 806, 808 (2d Cir. 1977) ("[W]hen similar act evidence is admitted in a multiple defendant trial, it is clear that the co-defendant claiming prejudice could not have been involved in the similar offense. In those circumstances, there is little doubt that a cautionary instruction is sufficient to preserve the co-defendant's right to a fair trial.").

### Cross-Examination of Scarcella on Judicial Credibility Findings is Appropriate

Again presenting Scarcella's arguments, DeLouisa concedes, as he must, that prior adverse judicial credibility findings of Scarcella may be the subject of cross-examination, but argues that the *Moses* and *Hargrove* decisions do not qualify and, in any event, potential prejudice to DeLouisa warrants exclusion under Rule 403. Defendant DeLouisa is incorrect and fails to mention the credibility finding of the hearing court during Mr. Hamilton's post-conviction proceedings.

Initially, the finding in *Hargrove* is unambiguous and clearly meets the Cedeño standard. *See United States v. Cedeño,* 644 F.3d 79, 83 (2d Cir. 2011) (setting forth factors and collecting cases). In *Hargrove,* the court stated: "The testimony provided at the hearing by Scarcella was false, misleading and non-cooperative." *Hargrove,* 49 Misc. 3d at *6. As explained by the Second Department on appeal:

> [T]he record in this case supports the Supreme Court's finding that Detective Scarcella was not being truthful about his role in the investigation or about his memory of the case. The Supreme Court's credibility finding should be afforded deference as it had the opportunity to see and hear Detective Scarcella testify. Since the Supreme Court's credibility determination is supported by the record, we decline to disturb it.

*People v. Hargrove,* 162 A.D.3d 25, 74, 75 N.Y.S.3d 551, 585 (N.Y. App. Div. 2018). This plainly satisfies *Cedeño.*

4

Hon. Carol Bagley Amon
Oct. 22, 2019

If it should please the Court, the *Moses* decision incorporates the adverse credibility finding in yet another Scarcella case, that of Shabaka Shakur (decision annexed hereto as Exhibit 1). In *Shakur*, the Hon. Desmond Green concluded that Scarcella has a "propensity to embellish or fabricate" and that there was "a reasonable probability that the alleged confession of defendant was indeed fabricated." *People v. Moses*, 58 Misc. 3d 1226(A), 94 N.Y.S.3d 540 (N.Y. Sup. Ct. 2018); Exhibit 1, pp. 45-46. Plaintiff respectfully submits that the underlying finding in *Shakur* is also sufficient to permit cross-examination.

DeLouisa does not address the court's statement during Scarcella's cross-examination at a post-conviction hearing that Scarcella's "credibility" had been "shot." *See* Transcript, annexed as Exhibit 2, p. 38, ln. 13. Plaintiff respectfully submits that cross-examination regarding this statement is permissible as well.

Lastly, there is no likelihood that a jury will impute to DeLouisa (or any other defendant) Scarcella's adverse credibility determinations. To the extent the Court believes this may be a concern, plaintiff respectfully submits that it will be easily remedied through an appropriate jury instruction. *See Rosenwasser*, 550 F.2d at 808.

## Defendants' Position on Bifurcation is Telling

In the spirit of good faith, efficiency and cooperation plaintiff conditionally agreed to bifurcation, so long as the core facts of the dispute are presented to the jury in the liability phase and the jury is not unduly incentivized to find in favor of defendants. *See* DE #168, p. 1.

In their opposition filed earlier today, defendants reveal their intention to capitalize on bifurcation as a mechanism for unfair advantage. Plaintiff respectfully requests that the Court decline to adopt defendants' proposal, which would render an injustice and to which plaintiff must object. Defendants propose what amounts to a prejudicial fiction in which the jury is given the impression that plaintiff was never even detained, let alone convicted and imprisoned twenty-one years. Setting aside the fundamental unfairness of doing so, it will be impossible as a practical matter to conceal plaintiff's conviction and incarceration while presenting the relevant facts. It is also profoundly unfair and prejudicial for the jury to be told that they can eliminate an entire phase of the proceedings by finding for the defendants. To the extent the Court is inclined to bifurcate, plaintiff respectfully reiterates his conditional consent.

Hon. Carol Bagley Amon
Oct. 22, 2019

Further, there is no merit to defendants' argument that plaintiff's "theory of the case" requires disclosure of his remote criminal history. While plaintiff testified at his deposition that Scarcella made an admission touching on plaintiff's prior incarceration, it does not follow that plaintiff must adopt Scarcella's statement as his theory of the case. To the contrary, plaintiff will not testify about statements such as this – which mention his criminal history – if the Court agrees with his proposal, which he respectfully submits is reasonable and appropriate.

### Plaintiff's Police Practices Expert Should be Permitted to Testify

As explained in plaintiff's opposition to defendants' *Daubert* motion, defendants concede that plaintiff's police practices expert is qualified. Plaintiff respectfully submits that the expert's report, as redacted, eliminates any arguably objectionable content.

Defendants are clearly motivated to exclude Mr. Pollini's testimony because they neglected to designate any rebuttal expert. But the danger Pollini's testimony poses to defendants' case is not an appropriate basis for preclusion of his testimony. Indeed, as plaintiff has previously described, experts including Mr. Pollini himself are regularly and routinely permitted to testify on aspects of police practices that are beyond the ken of jurors. Plaintiff respectfully submits that, in the absence of such expert testimony, the jury is likely to be confused and may reach arbitrary and misinformed conclusions. *See, e.g., Cerbelli v. City of New York,* 99 CV 6846, 2006 WL 2792755, *8 (E.D.N.Y. Sept. 27, 2006) ("Courts typically admit police expert testimony, based solely on the expert's professional experience, where it is offered to aid the jury's understanding of an area not within the experience of the average juror.") (collecting cases).

The only issue defendants raise is disagreement with a small cadre of factual assertions, which may appropriately be the subject of cross-examination. The other arguments, including that plaintiff is somehow prohibited from mentioning steps that could have been taken, is incorrect as a matter of binding law, given the claims presented here. *Hamilton*, 2019 WL 1452013 at *27 ("the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause") (quoting *Lowth*, 82 F.3d at 571) (internal quotation marks omitted). Plaintiff respectfully submits that defendants' motion to preclude the witness should be denied, and that the expert should be permitted to testify consistent with his redacted report.

6

Hon. Carol Bagley Amon
Oct. 22, 2019

### Plaintiff Respectfully Refers the Court to his Prior Briefing on White's Convictions

Finally, if it should please the Court, with respect to defendant White's submission at DE #165, plaintiff respectfully refers the Court to his argument regarding the admissibility of his stipulated conduct. *See* DE #159, pp. 41-46, 66-74. Plaintiff respectfully notes that under Rule 609(a)(2), evidence that, as here, a defendant has been convicted of a crime involving "a dishonest act or false statement" must be admitted "regardless of the severity of the punishment or any resulting prejudice." *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997); *see* Fed. R. Evid. 609(a)(2). Rule 609(a)(2) has been described as "inflexible," *Daniels*, 986 F. Supp. at 248, and evidence of the dishonest act or false statement "'must be admitted, with the trial court having no discretion.'"

### Scarcella's Arguments Remain Unpersuasive

At DE #170, defendant Scarcella largely reiterates his prior arguments. As indicated above and in plaintiff's prior briefing (DE #159, pp. 46-61), Scarcella's pattern of witness manipulation is highly probative for non-propensity purposes and is precisely in line with the alleged misconduct regarding Jewel Smith in this case. *Hargrove*, 162 A.D.3d at 64 ("[W]e conclude that evidence showing that Detective Scarcella had engaged in a pattern of falsifying evidence and facilitating false identification testimony would have had a powerful effect at the suppression hearing."). If it should please the Court, the presentation of Mr. Moses' testimony will be brief, and it is plaintiff who stands to be unduly prejudiced if the Court excludes the similar act evidence.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: All Counsel

7