UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

DERRICK HAMILTON,

                                                    Plaintiff,

                              -against-

CITY OF NEW YORK; THE NEW YORK CITY POLICE
DEPARTMENT, DET. LOUIS SCARCELLA, individually
and in his capacity as a New York City police officer; DET.
FRANK DeLOUISA, individually and his capacity as a New
York City police officer,  INV. JOSEPH PONZI, individually
and in his capacity as an Investigator for the Kings County
District Attorney's office,  JOHN/JANE DOE NOS. 1 through
10, being unknown employees of the City of New York, THE
CITY OF NEW HAVEN, POLICE OFFICER BILLY WHITE,
individually and in his capacity as a New Haven police officer
and JOHN/JANE DOE NOS. 11 through 20, being unknown
employees of the City of New Haven,

                                                    Defendants.
---------------------------------------------------------------------------X

**STIPULATION AND
ORDER OF DISMISSAL**

15 CV 4574 (CBA) (SJB)

        **WHEREAS,** all of the parties in the above-captioned action have reached a settlement

agreement and now desire to resolve all issues that were raised or that could have been raised in

this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and

between the undersigned, that

        1.        The above-referenced action is hereby dismissed in its entirety with prejudice;
and

2.     Notwithstanding the dismissal of this action in accordance with prejudice and with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between and among the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

3.     This Stipulation and Order of Settlement may be · executed in counterparts (including emailed .pdf or facsimile signatures), each of which will be deemed an original, and all of which, when taken together, will be deemed the complete agreement.

Dated: New York, New York
       11/15 , 2019

GABRIEL P. HARVIS
ELEFTERAKIS ELEFTERAKIS & PANEK
*Attorneys for Plaintiff Derrick Hamilton*
299 Broadway, Suite 200
New York, New York 10007


By: _____
        Gabriel P. Harvis, Esq.


RICHARD E. SIGNORELLI
LAW OFFICE OF RICHARD E. SIGNORELLI
*Attorneys for Defendant Det. Louis Scarcella*
52 Duane Street, 7th floor
New York, NY 10007

By: _____ 11/14/19
        Richard E. Signorelli, Esq.



JAMES E. JOHNSON
Corporation Counsel of the City Of New York
*Attorney for Defendants City Of New York,*
    *the New York City Police Department, Inv.*
    *Joseph Ponzi, and Det. Frank DeLouisa*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
        Philip R. DePaul
        *Senior Counsel*


JAMES N. TALLBERG
KARSTEN & TALLBERG, LLC
*Attorneys for Defendants City of New Haven*
*and Police Officer Billy White*
500 Enterprise Drive , Suite 4b
Rocky Hill, CT 06067

By: _____ 11/14/19
        James N. Tallberg, Esq.

SO ORDERED:


Dated: New York, New York
       _____ , 2019


_____
HON. CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

DERRICK HAMILTON,

                                Plaintiff,

              -against-

CITY OF NEW YORK; THE NEW YORK CITY POLICE
DEPARTMENT, DET. LOUIS SCARCELLA, individually
and in his capacity as a New York City police officer; DET.
FRANK DeLOUISA, individually and his capacity as a New
York City police officer, INV. JOSEPH PONZI, individually
and in his capacity as an Investigator for the Kings County
District Attorney's office, JOHN/JANE DOE NOS. 1 through
10, being unknown employees of the City of New York, THE
CITY OF NEW HAVEN, POLICE OFFICER BILLY
WHITE, individually and in his capacity as a New Haven
police officer and JOHN/JANE DOE NOS. 11 through 20,
being unknown employees of the City of New Haven,

                                Defendants.

------------------------------------------------------------------------------- x

**STIPULATION OF
SETTLEMENT**

15 CV 4574 (CBA) (SJB)

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 5, 2015, alleging claims against the defendants including but not limited to allegations that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** by answer filed on or about December 9, 2015, defendant Louis Scarcella asserted cross-claims against all of the other named defendants;

      **WHEREAS** by answer filed on or about December 29, 2015, defendant City of New Haven, Police Officer Billy White, and John/Jane Doe Nos. 11 through 20, being unknown employees of the City of New Haven (collectively the "New Haven Defendants") asserted cross-claims against defendant Louis Scarcella; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's claims and co-defendants' cross-claims; and

      **WHEREAS,** the parties now desire to resolve all of the issues raised in this litigation, or that could have been raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2" through "3" below.

2.     Defendant City of New York hereby agrees to pay plaintiff Derrick Hamilton the sum of **SIX MILLION, SIX HUNDRED AND TWENTY FIVE THOUSAND DOLLARS ($6,625,000.00)** in full satisfaction of any and all claims, including any and all claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against, and to release and discharge, defendants City of New York, Det. Frank DeLouisa, Inv. Joseph Ponzi, and Det. Louis Scarcella; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel of the City of New York, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including any and all claims for costs, expenses, and attorneys' fees.

3.     Defendant City of New Haven hereby agrees to pay plaintiff Derrick Hamilton the sum of **THREE HUNDRED AND SEVENTY FIVE THOUSAND DOLLARS ($375,000.00)** in full satisfaction of any and all claims, including any and all claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against, and to release and discharge, the New Haven Defendants including defendants City of New Haven and Billy White; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New Haven or any entity represented by the Office of the Corporation Counsel of the City of New Haven or by counsel engaged by said Corporation Counsel to represent the New Haven Defendants, from any and all liability, claims, or

rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including any and all claims for costs, expenses, and attorneys' fees.

4.      In connection with the settlement of this action and in consideration of the payments to plaintiff Derrick Hamilton by defendants City of New York and City of New Haven as specified in paragraphs "2" and "3" above, defendant Det. Louis Scarcella agrees to the dismissal with prejudice of any and all cross-claims he has asserted in this action against all defendants. .

5.      In connection with the settlement of this action and in consideration of the payment to plaintiff Derrick Hamilton by defendant City of New York as specified in paragraph "2" above, the New Haven Defendants including defendants City of New Haven and Billy White agree to the dismissal with prejudice of any and all cross-claims they have asserted  in this action against defendant Scarcella.

6.      Plaintiff shall execute and serve on the City of New York's attorney, the New Haven Defendants' attorney, and defendant Det. Louis Scarcella's attorney by legal tender (either by personal service or certified mail) at their respective addresses listed below all documents necessary to effect this settlement, including, without limitation, General Releases, based on the terms of paragraph "2" and "3" above, IRS Form W-9, and an Affidavit of Status of Liens.  Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.Defendant Scarcella shall execute and serve on the City of New York's attorney at 100 Church Street, New York, New York 10007, a Release based on the terms of paragraph "4" above as between Defendants City of New York and Louis Scarcella.

7.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the

State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

8.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof, or the City for New Haven or any agency thereof.

9.      Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter.  If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

10.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

11.     This Stipulation of Settlement may be executed in counterparts (including emailed .pdf or facsimile signatures), each of which will be deemed an original, and all of which, when taken together, will be deemed the complete agreement.

Dated: New York, New York
      11/15    , 2019

GABRIEL P. HARVIS
ELEFTERAKIS ELEFTERAKIS & PANEK
*Attorneys for Plaintiff Derrick Hamilton*
299 Broadway, Suite 200
New York, New York 10007


By: _____
    Gabriel P. Harvis, Esq.


RICHARD E. SIGNORELLI
LAW OFFICE OF RICHARD E.
SIGNORELLI
*Attorneys for Defendant Det. Louis Scarcella*
52 Duane Street, 7th floor
New York, NY 10007


By: _____ 11/14/19
    Richard E. Signorelli, Esq.


JAMES E. JOHNSON
Corporation Counsel of the City Of New York
*Attorney for Defendants City Of New York, the*
   *New York City Police Department, Inv. Joseph*
   *Ponzi,  and Det. Frank DeLouisa*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
    Philip R. DePaul
    *Senior Counsel*


JAMES N. TALLBERG
KARSTEN & TALLBERG, LLC
*Attorneys for New Haven Defendants including*
*defendants City of New Haven and Police Officer*
*Billy White*
500 Enterprise Drive , Suite 4b
Rocky Hill, CT 06067

By: _____ 11/14/19
    James N. Tallberg, Esq.