**ELEFTERAKIS ELEFTERAKIS & PANEK**

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

January 13, 2020

**BY ECF**
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Hamilton v. City of New York, et al.*, 15 CV 4574 (CBA) (SJB)

Your Honor:

I represent plaintiff in the above-referenced matter. I write pursuant to Judiciary Law § 475 and N.Y.C.R.R. § 1240.15(g) to respectfully request relief in connection with charging liens asserted by Mr. Hamilton's former attorneys.

As the Court may recall, the undersigned appeared for Mr. Hamilton in all proceedings before Your Honor, including summary judgment practice, pretrial proceedings and settlement. Now that settlement has been achieved, this firm is confronted with charging liens asserted by prior counsel.

We respectfully seek a ruling from the Court. *See Vitalone v. City of New York*, 395 F. Supp. 3d 316, 324 (S.D.N.Y. 2019) ("The determination of an appropriate sum for an attorney's charging lien is committed to the sound discretion of the trial court, and thus a court is not required to precisely spell out how it weighed the various factors making up the fee allowed.") (citations brackets and internal quotation marks omitted).

If it should please the Court, the circumstances are straightforward. A group of law firms consisting of Edelstein & Grossman, the Novo Law Firm and Scott Brettschneider, Esq. were retained by Mr. Hamilton on March 12, 2015 ("Prior Counsel"). *See* Retainer Agreement, annexed hereto as Exhibit 1. Mr. Hamilton discharged Prior Counsel and retained the undersigned on December 18, 2017. *See*

Hon. Carol Bagley Amon
Jan. 13, 2020

Retainer Agreement, annexed hereto as Exhibit 2. When this firm merged with Harvis & Fett, Mr. Hamilton executed a retainer with this firm. *See* Retainer Agreement, annexed hereto as Exhibit 3.

The plain language of this firm's retainer and that of Prior Counsel entitle this firm to a 1/3 share of the total recovery less the *quantum meruit* compensation established by Prior Counsel, if any. Further, it appears that N.Y.C.R.R. § 1240.15(g) has been triggered with respect to certain of Prior Counsel. Under that provision, this Court's approval is necessary before this firm is permitted to share fees with Prior Counsel. *See Vitalone*, 395 F. Supp. 3d at 324–25. We take this position because it is our understanding that Mr. Brettschneider was convicted of felonies in federal court in April 2019 and, by virtue of those felony convictions and New York Judiciary Law §§ 90(4)(a) and (e), he ceased being a lawyer and would be entitled to fees earned pre-conviction only upon a *quantum meruit* finding by a court. See *Matter of Ginsberg,* 1 N.Y.2d 144, 146–147 (1956) (upon conviction of federal felony, lawyer ceases being an attorney); *Matter of Bentil*, 115 A.D.3d 48, 49 (2d Dept. 2014) (lawyer is disbarred by operation of law upon conviction of federal felony). As such, Section 1240.15(g) requires Brettschneider's fee, if any, to be approved by this Honorable Court on a *quantum meruit* basis.

Lastly, the City of New York has recently demanded that plaintiff provide executed lien release forms from Prior Counsel before it will disburse any of the settlement proceeds to Mr. Hamilton. Mr. Brettschneider has declined, without reason or justification, to execute the form.

Accordingly, plaintiff respectfully requests: 1) that the Court set a briefing schedule for Prior Counsel to apply to this Honorable Court for compensation; and 2) that the City of New York be compelled to release the settlement proceeds to this firm, with the attorney fee portion of the settlement proceeds to be held in escrow pending the Court's determination of Prior Counsel's entitlement to attorney's fees, if any.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.
cc:   All Counsel