# RUBINSTEIN & COROZZO, LLP

COUNSELORS AT LAW

260 MADISON AVENUE, 22ND FLOOR
NEW YORK, N.Y. 10016
TELEPHONE (212) 545-8777; FAX (917) 722-8206
INFO@RUBCORLAW.COM

RONALD RUBINSTEIN
JOSEPH R. COROZZO

ANGELA D. LIPSMAN (NY; NJ)

Of Counsel:
MARSHALL A. MINTZ
LAURA OPPENHEIM

January 17, 2020

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Hamilton v. City of New York, et al.
    15 CV 4574 (CBA) (SJB)

Dear Judge Amon,

I write this Letter Motion to Intervene on behalf of my client, Scott Brettschneider ("Brettschneider") and I write in response to Plaintiff's Letter Motion for Attorney Fees (ECF # 177).

Mr. Brettschneider agrees with Plaintiff's current counsel that the question of Mr. Brettschneider's legal fees should be briefed and we further request that the Court hold a hearing on this matter.

I have spoken with all Plaintiff's current counsel, in person and by telephone. We met to try to reach an agreement as to what would be the appropriate amount of compensation for Mr. Brettschneider, but were unable to do so.

Nevertheless, all concerned parties agree: (i) that Mr. Brettschneider is entitled to compensation for his legal services to Plaintiff in the case at bar on a *quantum meruit* basis and (ii) that Mr. Brettschneider performed most of the work on behalf of Plaintiff.

As far as Plaintiff's application to have the City of New York release the settlement funds to Plaintiff's current attorneys, Mr. Brettschneider has no objection, provided that one third of the settlement is held in escrow pending the Court's determination of the amount of Mr. Brettschneider's charging lien.

1

Plaintiff's current counsel erroneously stated that Plaintiff discharged Mr. Brettschneider on December 18, 2017.[1] In fact, Mr. Brettschneider continued as co-counsel to Gabriel Harvis until Plaintiff discharged him in April of 2019 at the beginning of Mr. Brettschneider's trial in *United States v. Brettschneider et al.*, 18 CR 123 (CBA).

The recitation of the facts in the accompanying Petition to determine the amount of Mr. Brettschneider's attorney's lien and to enforce same is incorporated by reference.

## DISCUSSION

I. Motion to Intervene As Of Right.

Under Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 24(a)(2), a person who files a timely motion has the right to intervene when he "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The first issue is thus whether Mr. Brettschneider's motion to intervene is timely. "'[T]he timeliness requirement is flexible' …courts may consider…: '(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness' … Ultimately, 'the court's analysis must take into consideration the totality of the circumstances.'" *Peterson v. Islamic Republic of Iran,* 2018 U.S. Dist. LEXIS 101631, *46 (S.D.N.Y. June 18, 2018) (quoting *Floyd v. City of New York,* 770 F.3d 1051, 1053 [2d Cir. 2014] [per curiam] and *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 [2d Cir. 2000]).

We turn first to the length of time Mr. Brettschneider knew or should have known of his interest in bringing the motion to intervene. In *Peterson,* a motion to intervene was denied as untimely where the movant had waited years before filing the motion. "Cook had 'sat on [his] alleged rights to intervene for years' without justification. (ECF No. 647 at 3). The Second Circuit agreed with that determination, holding that 'Cook should have known of the need to intervene by October 3, 2011… but he waited more than four years to file his motion,'" Id. at *49 (quoting *Peterson v. Islamic Republic of Iran,* 690 F.App'x 744, 746 [2d Cir. 2017]).

Unlike in *Peterson*, Mr. Brettschneider did not sit on his rights for years. Although Mr. Brettschneider was arrested in 2018, he had no reason to think he would need to intervene after his arrest. Hamilton did not terminate Mr. Brettschneider until earlier this year—a year after the arrest.

Far from giving Mr. Brettschneider any indication that there would be an issue with the agreed upon fee arrangement, Hamilton's other attorneys continued to work closely with Mr. Brettschneider on Hamilton's case until Mr. Brettschneider's trial began. Havis expressed his

---

[1] See Notice of Consent to Change Attorney dated December 22, 2017 (ECF # 76), stating that "Mr. Brettschneider will continue his representation of Mr. Hamilton."

RUBINSTEIN & COROZZO, LLP

support to Mr. Brettschneider, even visiting him during the trial. Havis also expressed to Mr. Brettschneider his hope that the instant litigation would settle soon so that Mr. Brettschneider could apply his share of the attorney's fees to his defense.

Nor could he have been expected to file a motion to intervene at the time that Mr. Brettschneider was terminated. The attorney-client relationship was severed in April of 2019, when Mr. Brettschneider was in the middle of the criminal trial against him, ***United States v. Brettschneider***, 18 CR 123 (CBA). Even after the trial ended, Mr. Brettschneider remained occupied with preparing for his sentencing, post-trial motions—including motions to stay the execution of his sentence and to modify the conditions of his release, with his appeal and so forth.

There is no prejudice to the existing parties from Mr. Brettschneider filing his motion to intervene now rather than when he was discharged in April. The amount that Mr. Brettschneider is entitled to for his services in the case at bar is as ascertainable now as it was when Hamilton terminated their attorney-client relationship. Prior to Mr. Brettschneider's intervention, the parties were able to continue negotiating until November 2019, entering into a Stipulation of Settlement on November 15, 2019. (Nor would a delay in moving for intervention have affected the terms of the settlement. Since all parties were fully aware that Mr. Brettschneider had been representing Hamilton in the case at bar from its inception through April of 2019, they knew or should have known that Mr. Brettschneider was entitled to an attorneys' charging lien under Judiciary Law § 475, and thus had the opportunity to take his lien into consideration when negotiating the settlement.)

Wherefore, the instant motion to intervene is timely. (The fact that the case has already been settled does not change the fact that the motion to intervene is timely. See ***Eastern Potato Dealers, Inc. v. TNC***, 2011 U.S. Dist. LEXIS 73025 [W.D.N.Y. July 2011].)

The next issue is whether Mr. Brettschneider asserts an interest relating to the property or transaction that is the subject of the action. Fed. R. Civ. Pro. 24(a)(2). Here, Mr. Brettschneider is asserting his attorney's lien, pursuant to New York Judiciary Law § 475, on the settlement in the case at bar between Hamilton and the defendants—a Settlement which expressly includes "any and all claims for costs, expenses, and attorneys' fees", Stipulation of Settlement, Paragraphs 2 – 3. Thus, Mr. Brettschneider is asserting an interest relating to the property that is the subject of the action.

We turn next to whether Mr. Brettschneider is so situated that without intervention, disposition of the action may as a practical matter, impair or impede his ability to protect his interest. On January 13, 2020, Hamilton's remaining attorneys advised the Court that their position is that pursuant to N.Y.C.R.R. § 1240.15(g), given Mr. Brettschneider's conviction, their firm would require a Court order before distributing attorney's fees to him. ECF # 177, p. 2.

Thus, if the Court denies Mr. Brettschneider intervention, it would impair or impede Mr. Brettschneider's ability to be compensated on a *quantum meruit* basis.

RUBINSTEIN & COROZZO, LLP

Finally, intervention as of right is unavailable if the existing parties adequately represent the movant's interest. Here, the existing parties do not adequately represent Mr. Brettschneider's interest. "In the case of a former attorney seeking intervention in order to secure rights under a contingent fee agreement, 'neither of the existing parties is concerned with protecting the [attorney's] interest,' *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970) (holding that under such circumstances, former attorney may intervene as of right)," *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989).

Wherefore, Mr. Brettschneider moves to intervene under Fed. R. Civ. Pro. 24(a)(2) as of right. See *Inmates of the R.I. Training Sch. v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006) (granting motion to intervene as of right to resolve fee-sharing dispute based on holistic interpretation of Fed. R. Civ. Pro. 24(a)(2)). In the alternative, Mr. Brettschneider moves to intervene pursuant to Rule 24(b)(1)(B), as discussed next.

II. Permissive Intervention.

Under Fed. R. Civ. Pro. 24(b)(1)(B), a Court may grant a timely motion to intervene where the movant "has a claim or defense that shares with the main action a common question of law or fact." In deciding whether to use judicial discretion to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

The instant motion is timely, as discussed *supra*.

It is possible for courts to exercise discretion to grant a former attorney permissive intervention to resolve attorney's fees. *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) (district court erred in denying attorney permissive intervention as common question of law and fact existed where district court had ruled that attorney's fees were not limited to award under Section 1988); *Thomas v. Schroer*, 2019 U.S. App. LEXIS 21068, *2 (6th Cir. July 16, 2019) (permissive intervention appropriate where movants "assert that they will raise some of the same legal issues").

Here, Hamilton sued, *inter alia*, for Attorneys' Fees pursuant to 42 U.S.C. § 1988, "in an amount to be determined by this Court," Complaint Paragraph 148. The Stipulation of Settlement and Dismissal resolved the question of Hamilton's entitlement to attorneys' fees under § 1988 by explicitly stating that the amount to be paid by defendants includes any and all attorneys' fees.

Wherefore, Mr. Brettschneider's claim shares a common question of law or fact with the main action.

Here, granting permissive intervention would not unduly delay or prejudice the adjudication of the original parties' rights. See *Venegas*, 867 F.2d at 530 (original parties did not allege intervention would cause delay or prejudice). The original parties' rights in the case at bar have already been resolved by the Stipulation of Settlement. There are no proceedings that would be delayed by allowing Mr. Brettschneider to intervene.

RUBINSTEIN & COROZZO, LLP

 Nor would Hamilton or the defendants be prejudiced by granting intervention. Intervention will not unduly delay the defendants' payments to Hamilton—particularly if the Court grants Plaintiff's request, ECF # 177, for an order that the City of New York release the settlement proceeds to Elefterakis, Elefterakis & Panek, with all attorneys' fees held in escrow pending determination of Mr. Brettschneider's attorney's fees.

 Other factors that may also be taken into consideration in deciding whether to grant permissive intervention include whether to the existing parties adequately represent the movant's interests and judicial economy.

 As discussed *supra*, the existing parties do not adequately represent Mr. Brettschneider's interest in his portion of the attorney's fees. *Venegas*, 867 F.2d at 530. Indeed, given that the Stipulation specifies that the sum of Six Million, Six Hundred and Twenty Five Thousand Dollars ($6,625,000.00) and the sum of Three Hundred and Seventy Five Thousand Dollars ($375,000.00) includes any and all attorneys' fees, Stipulation Paragraphs 2 – 3, if anything, Hamilton and his remaining attorneys' interests would conflict with Mr. Brettschneider's, as Mr. Brettschneider's fees would reduce their shares of the recovery in the case at bar.

 Judicial economy would also weigh in favor of granting permissive intervention. As in *Venegas*, "[t]he district court in this case is in the best position to decide these issues. No novel or difficult issues of state law appear to be at issue here, and the district court is well acquainted with the underlying litigation and the parties," 867 F.2d at 531.

 Wherefore, should Mr. Brettschneider not be granted intervention as of right, we move for permissive intervention.

## CONCLUSION

 WHEREFORE, Mr. Brettschneider respectfully requests that the Court grant his Motion to Intervene, and hold a hearing on his accompanying Petition for the Determination and Enforcement of his Attorney's Lien.

Respectfully submitted,

*Joseph R. Corozzo*
Joseph R. Corozzo

cc: All counsel via ECF

5