LAW OFFICES OF
# MICHAEL S. ROSS
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

July 16, 2020

**By ECF**

Honorable Sanket J. Bulsara
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    <u>Hamilton v. City of New York, et al., 15-CV-4574 (CBA) (SJB).</u>

Dear Magistrate Judge Bulsara:

      We are professional responsibility counsel to Elefterakis, Elefterakis & Panek, counsel to Plaintiff Derrick Hamilton in the above-captioned case, and are writing in response to the July 15, 2020 letter motion of Joseph R. Corozzo, Esq., counsel to Scott Brettschneider:  1) to "Amend/Correct/Supplement" his prior January 17, 2020 Motion to Intervene and Response to Plaintiff's Motion for Attorney Fees; and 2) for Leave to File an Affidavit which has been recently procured from Plaintiff Derrick Hamilton by a Florida lawyer unconnected to this case. (ECF Doc No. 196)  Mr. Corozzo's motions are procedurally improper and represent Mr. Corozzo's *second* improper attempt to supplement his original briefing.

      As Your Honor will recall, Mr. Corozzo originally attempted to supplement the record by way of an eight-page, single-spaced letter purporting to seek an extension of time.  That letter was stricken by Your Honor as "a clear attempt to ignore the Court's previously entered briefing schedule." (March 26, 2020 Order)  In the March 26th Order striking Mr. Corozzo's letter, Your Honor made it very clear that, "should the Court require additional evidence, other submissions, or an evidentiary hearing, the Court will issue such orders in due course."  (<u>Id.</u>)  Mr. Corozzo did not move for reconsideration of the Court's Order and did not appeal.  Instead, he once again unilaterally and without Court authorization chose to supplement his prior letter.  We are not aware of any rule or statute which authorizes a party to "supplement" a letter to the Court in disregard of the Court's clear orders prohibiting further submissions.  Accordingly, for these reasons, Mr. Corozzo's July 15th submission (ECF Doc. No. 196) should be stricken in its entirety.[1]

---

[1] Mr. Corozzo advised your undersigned counsel that he was in possession of the Affidavit which is attached to his letter motion on June 29, 2020, and that "[o]ut of an abundance

(…continued)

LAW OFFICES OF
MICHAEL S. ROSS

Honorable Sanket J. Bulsara
July 16, 2020
Page 2

   Separately, even if this Court were to consider Mr. Corozzo's request to file Mr. Hamilton's Affidavit on the merits, that request should be denied. *First*, the Affidavit has apparently been prepared for Mr. Hamilton by a Florida attorney with no connection to this case under highly questionable circumstances, which raises issues under Rule 4-4.2 of the Florida Bar Rules of Professional Conduct (which prohibits contact with represented parties). *Second*, the notion that the Affidavit is somehow newly discovered evidence is completely without merit. The fact that Mr. Brettschneider only recently obtained the Affidavit from Mr. Hamilton does not somehow make the contents of the Affidavit newly discovered. See, e.g., United States v. Behiry, 2020 U.S. Dist. LEXIS 116980, at *9 (S.D.N.Y. Jun. 30, 2020) (information in affidavit was not 'newly discovered' within meaning of Fed. R. Civ. P. 33 where the same information was previously available); Hobeau Enters., Inc. v. Printsiples Fabric Corp., 77 F.R.D. 1, 1 (S.D.N.Y. 1977) (in the context of Fed. R. Civ. P. 60, evidence is "newly discovered" if it previously "could not by due diligence have been uncovered…."). Here, even if the information in the Affidavit was entirely accurate, then the Affidavit would be reciting facts previously known to Mr. Brettschneider. As the Second Circuit has explained, "[o]ne does not 'discover' evidence … that one was *aware of*…." United States v. Owen, 500 F.3d 83, 89-90 (2d Cir. 2007) (emphasis in original). *Finally*, the fact that Mr. Corozzo has *already* filed the Affidavit which he seeks leave to file belies his request.

   Should the Court grant Mr. Corozzo's motion for leave to file the Affidavit of Mr. Hamilton, we will at that point address the contents of the Affidavit. Until this Court has received the Affidavit, we do not believe that we can or should, under the New York Rules of Professional Conduct, address its contents.

                Respectfully submitted,

                /s/Michael S. Ross
                Michael S. Ross
                Eugene Gormakh

cc:  All Counsel
    (By ECF)

---

(continued…)
of caution, we are turning it over to you *in the event* that we end up using it in this litigation." (Emphasis added.) However, Mr. Corozzo then filed the Affidavit yesterday, on July 15th, claiming it was newly discovered evidence which must immediately be considered by the Court. The timing of the submission is telling. On July 9th, the Court issued an Order requiring Plaintiff's counsel to provide the Court with certain retainer agreements. Mr. Corozzo's submission, made several days later, represents a last ditch improper effort to sway the Court.