UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SCOTT BRETTSCHNEIDER; NOVO LAW
FIRM, P.C.; ELEFTERAKIS, ELEFTERAKIS
& PANEK; EDELSTEIN & GROSSMAN,


                       Movants,

DERRICK HAMILTON,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK; THE NEW
YORK CITY POLICE DEPARTMENT;
DET. LOUIS SCARCELLA, individually
and in his capacity as a New York City
police officer; DET. FRANK DeLOUISA,
individually and in his capacity as a New
York City police officer; INV. JOSEPH
PONZI, individually and in his capacity as
an Investigator for the Kings County District
Attorney's office; JOHN/JANE DOE NOS. 1
through 10, being unknown employees of the
City of New York; THE CITY OF NEW
HAVEN; POLICE OFFICER BILLY
WHITE, individually and in his capacity as a
New Haven police officer; and JOHN/JANE
DOE NOS. 11 through 20, being unknown
employees of the City of New Haven,

                       Defendants.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-4574 (CBA) (SJB)

**AMON, United States District Judge:**

       The plaintiff and the defendants in the underlying suit settled and stipulated to dismiss this civil rights action in November 2019. The case was closed by the Clerk of Court that same month.

1

The attorneys that represented Plaintiff Derrick Hamilton ("Hamilton") now seek resolution of their entitlement to fees from the settlement proceeds to be paid by Defendants. Hamilton's current counsel—the firm of Elefterakis, Elefterakis & Panek ("EEP")—contends that Hamilton's prior counsel—attorneys Ilya Novofastovsky (of the Novo Law Firm, P.C. ("Novo")) and Scott Brettschneider—are not entitled to any fees after both being discharged for cause.

On January 13, 2020, EEP moved pursuant to N.Y.J.L. Sections 90(4)(a) and (e) and 475 and N.Y.C.R.R. Section 1240.15(g) for an order (1) resolving the dispute between EEP and Brettschneider regarding attorneys' fees from the settled civil rights action; and (2) compelling the City to release the settlement funds. (ECF Docket Entry ("D.E.") # 177). On January 15, 2020, I referred the matter to the Honorable Sanket J. Bulsara, United States Magistrate Judge, for report and recommendation ("R&R"). On January 17, 2020, Brettschneider filed a motion to intervene, pursuant to Federal Rule of Civil Procedure 24, and a petition, pursuant to New York Judiciary Law Section 475, to assert and enforce an attorney's lien he claimed over the settlement proceeds. (D.E. # 179.) On February 7, 2020, Novo filed a brief requesting a fee award based either on a one-third contingency or its work in the case, and reimbursement of expert witness disbursements, arguing it was never terminated as counsel. (D.E. # 188 at 5.) The movants also filed several other motions for various relief related to the fee dispute. (D.E. ## 196, 199, and 200.)

On August 6, 2020, Magistrate Judge Bulsara ordered the movants to explain why the Court had subject-matter jurisdiction to resolve the several motions regarding the fee dispute. The movants provided briefing on the issue.

On August 25, 2020, Magistrate Judge Bulsara issued a thorough and well-reasoned R&R, (D.E. # 207), recommending that: (1) EEP's motion for an order resolving the fee dispute pursuant to the New York Judiciary Law be denied without prejudice for lack of subject-matter jurisdiction

2

and in the alternative, be denied for failure to intervene or intervene timely, (D.E. # 177); (2) Brettschneider's petition pursuant to the New York Judiciary Law be denied without prejudice for lack of subject-matter jurisdiction, and in the alternative, the motion to intervene be denied, (D.E. # 179); (3) Novo's letter request for a determination of its fees included in its response brief be denied without prejudice for lack of subject-matter jurisdiction and in the alternative, be denied for failure to intervene or intervene timely, (D.E. # 188 at 5); and (4) EEP's motion to compel the City to release the settlement funds be denied without prejudice, (D.E. # 177).

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

I have reviewed the record and, finding no error, I adopt the R&R as the opinion of the Court.

SO ORDERED.

Dated: October 8, 2020
      Brooklyn, New York                       __/s/ *Carol Bagley Amon*__
                                                           Carol Bagley Amon
                                                           United States District Judge